PENELOPE A. PREOVOLOS (BAR NO. 87607)
PPreovolos@mofo.com
ANDREW D. MUHLBACH (BAR NO. 175694)
AMuhlbach@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:     415.268.7000
Facsimile:      415.268.7522

J. MICHAEL STUSIAK (BAR NO. 142952)
MStusiak@mofo.com
MORRISON & FOERSTER LLP
400 Capitol Mall
Sacramento, California  95814-4428
Telephone:     916.448.3200
Facsimile:      916.448.3222

*Attorneys for Defendant*
TOSHIBA AMERICA INFORMATION SYSTEMS, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD HERRON, individually, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BEST BUY CO. INC., a Minnesota corporation; TOSHIBA AMERICA INFORMATION SYSTEMS, INC., a California corporation; and DOES 1-100, INCLUSIVE,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION**<br><br>**DEFENDANT TOSHIBA AMERICA INFORMATION SYSTEMS, INC.'S NOTICE OF REMOVAL** |

### DEFENDANT TOSHIBA AMERICA INFORMATION SYSTEMS, INC.'S

### NOTICE OF REMOVAL

Defendant Toshiba America Information Systems, Inc. ("TAIS"), pursuant to

28 U.S.C. § 1441, removes to this Court the state action described below, which is within the

original jurisdiction of this Court and properly removed under 28 U.S.C. §§ 1332, 1441, 1446,

and 1453.  Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are being served upon counsel for Plaintiff Chad Herron ("Plaintiff") and Best Buy Co. Inc. ("Best Buy") and filed with the Clerk of the California Superior Court for the County of Sacramento, as an exhibit to a Notice to State Court of Removal to Federal Court.  A copy of the Notice being filed in state court is attached hereto (without exhibits) as **Exhibit A**.

## PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1.    On June 28, 2012, Plaintiff Herron filed a purported class action captioned *Herron v. Best Buy Co. Inc.*, *et al.*, Case No. 34-2012-00126518, against TAIS and co-defendant Best Buy in the California Superior Court for the County of Sacramento ("State Court Action").[1]

2.    TAIS first received the State Court Action Summons and Complaint when served on July 13, 2012, through its agent for service of process, CT Corporation.  This notice is therefore timely pursuant to 28 U.S.C. § 1446(b).  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon TAIS in the State Court Action are attached to this Notice as **Exhibit B**.  A true and correct copy of the Proof of Service of Summons is attached to this Notice as **Exhibit C**.

3.    The California Superior Court for the County of Sacramento is located within the Eastern District of California.  28 U.S.C. § 84(b).  This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

## NO JOINDER NECESSARY

4.    Pursuant to 28 U.S.C. § 1453(b), this action may be removed by any defendant without the consent of all defendants.  Therefore, no consent to removal is necessary.

## ALLEGATIONS OF THE COMPLAINT

5.    This action is a putative class action against TAIS and Best Buy on behalf of all individuals who, in the state of California, purchased a Toshiba-branded laptop or notebook computer from Best Buy at any time during the period from four (4) years preceding the filing of

---

[1]  It appears from the Superior Court docket for the State Court Action that Plaintiff earlier filed an initial complaint on June 14, 2012.  TAIS was never served with that complaint.

1    the complaint through the present.  (*See, e.g.,* Compl. ¶ 54)  Plaintiff alleges that defendants

2    misrepresented the battery life of Toshiba-branded laptop or notebook computers through

3    affirmative representation or omissions and that Plaintiff has failed to achieve the represented

4    battery life while using his computer.  (*Id.* ¶¶ 1-4, 8-15)

5          6.    Plaintiff seeks to represent the following class of individuals, including:

6                All individuals who, in the state of California, purchased a Laptop
                from Best Buy at any time during the four (4) year period preceding
7                the filing of this Complaint through the present, and who were
                exposed to any representation that the Laptop would have a battery
8                life of "up to" a specified number of hours.  Excluded from the
                class are defendants, their officers, directors and employees, and
9                any entity in which either Toshiba or Best Buy has a controlling
                interest, the agents, affiliates, legal representatives, heirs, attorneys
10               at law, attorneys in fact or assignees thereof.

11    (*Id.* ¶ 54)

12         7.    The complaint seeks, *inter alia*, full restitution and/or disgorgement of TAIS's and

13    Best Buy's revenues and profits resulting from the sale of its laptop or notebook computers (*Id.* ¶¶

14    72, 84, 91, 96) as well as damages in an amount according to proof, injunctive relief, attorney's

15    fees, interest, and costs (*Id.*, Prayer For Relief).

16         8.    TAIS disputes Plaintiff's allegations, believes the complaint lacks merit, and denies

17    that Plaintiff or the putative class members have been harmed in any way.

18                            **BASIS FOR REMOVAL**

19         9.    This action is within the original jurisdiction of this Court, and removal is therefore

20    proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), which grants

21    district courts original jurisdiction over class actions in which the amount in controversy exceeds

22    $5,000,000 and any member of the class of plaintiffs is a citizen of a State different from any

23    defendant.  As set forth below, this action satisfies each of the requirements of Section 1332(d)(2)

24    for original jurisdiction under CAFA.  *See Lowdermilk v. U.S. Bank, N.A.*, 479 F.3d 994, 997 (9th

25    Cir. 2007).

26         10.   <u>Covered Class Action</u>.  This action meets the CAFA definition of a class action,

27    which is "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar

28

State statute or rule of judicial procedure." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a) & (b).  (Compl. ¶ 54)

11. <u>Class Action Consisting of More than 100 Members</u>.  The complaint seeks recovery on behalf of all individuals who, in the state of California, purchased a Toshiba-branded laptop or notebook computer from Best Buy at any time during the four (4) year period preceding the filing of the complaint through the present.  (*See, e.g.,* Compl. ¶ 54)  TAIS has sold in excess of 215,000 Toshiba-branded laptop or notebook computers to Best Buy in the state of California during calendar year 2012 alone.  (Declaration of Kurt Skillman ¶ 2, attached to this notice as **Exhibit D**)  It has sold far in excess of this number of computers during the four-year period preceding the filing of the State Court Action.  (*Id.*)  Accordingly, the aggregate number of class members is far greater than 100 persons for purposes of 28 U.S.C. § 1332(d)(5)(B).

12. <u>Diversity</u>.  The required diversity of citizenship under CAFA is satisfied because "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).  Plaintiff is a citizen of California.  (Compl. ¶ 8)  Plaintiff also purports to represent a class of individuals in the state of California.  (*Id.* ¶ 54)  Best Buy is "a Minnesota corporation with its principal place of business in Minnesota" (*Id.* ¶¶ 5, 16)  Thus, according to the allegations of the complaint, the diversity requirements of CAFA are satisfied. 28 U.S.C. § 1332(d)(2)(A).

13. <u>Amount in Controversy</u>.  Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. §§ 1332(d)(2), (d)(6).  Plaintiff seeks restitution, disgorgement, damages and injunctive relief.  (*See, e.g.,* Compl., ¶¶ 72, 84, 91, 96, Prayer for Relief)  Without conceding any merit to the complaint's damages allegations or causes of action, the amount in controversy here satisfies CAFA's jurisdictional threshold.

14. <u>Amount in Controversy</u>.  The amount in controversy with respect to restitution, disgorgement and damages alone exceeds $5,000,000.  Plaintiff asserts that, as a result of defendants' alleged conduct, he and the putative class members "were induced to purchase the

Laptops and pay more for the Laptops then [sic] they would have" (*Id.* ¶¶ 71, 82) and that they "suffered injury in fact" and "lost money through [the] purchase of the Laptop which [they] would not have done" absent defendants' alleged conduct (*Id.* ¶¶ 88, 93).  The complaint claims "Plaintiff and the Class are entitled to *full restitution and/or disgorgement of Toshiba's revenues and profits* resulting from the sale of its Laptops." (*Id.* ¶ 91 (emphasis added))  Likewise, the complaint claims "Plaintiff and the Class are entitled to *full restitution and/or disgorgement of Best Buy's revenues and profits* resulting from the sale of the Laptops." (*Id.* ¶ 96 (emphasis added))  During just calendar year 2012, TAIS has sold in excess of 215,000 Toshiba-branded laptop and notebook computers to Best Buy in California, the revenues for which exceed $100,000,000.  (Declaration of Kurt Skillman ¶ 2)  From the allegations quoted above, it is clear that the complaint is seeking restitution and disgorgement of the full amount of those revenues plus TAIS's revenue for the remainder of the alleged class period (June 28, 2008, through the present) plus actual damages.  In addition, the complaint seeks all revenues and profits from Best Buy for the class period.  Accordingly, the amount in controversy alleged in the complaint easily meets the $5,000,000 amount-in-controversy requirement.  While TAIS disputes that it is liable to plaintiff or any putative class member, or that plaintiff or the putative class members suffered injury or incurred damages in any amount whatsoever, for purposes of satisfying the jurisdictional prerequisites of CAFA, the matter in controversy exceeds $5,000,000.

15.   <u>Amount in Controversy – Attorneys' Fees</u>.  Plaintiff also seeks an award of attorneys' fees.  (Compl., Prayer for Relief)  This amount is included in the amount in controversy calculation.  *See Mo. State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *amended by* 2006 U.S. App. LEXIS 3376 (9th Cir. Feb. 13, 2006); *see also, e.g.*, *Sanchez*, 2007 U.S. Dist. LEXIS 33746, at *6 (including attorneys' fees in calculation).

16.   <u>No CAFA Exclusions</u>.  The action does not fall within any exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d).

1

## CONCLUSION

2          17.    For all of the reasons stated above, this action is within the original jurisdiction of

3    this Court pursuant to 28 U.S.C. § 1332(d).  Accordingly, this action is removable pursuant to

4    28 U.S.C. § 1441(a) and § 1453.

5

6          WHEREFORE, Defendant TAIS gives notice that the above-described action pending

7    against it in the Superior Court for the County of Sacramento is removed to this Court.

8

9    Dated: August 10, 2012                    PENELOPE A. PREOVOLOS
                                                J. MICHAEL STUSIAK
10                                              ANDREW D. MUHLBACH
                                                MORRISON & FOERSTER LLP
11

12
                                    By:    /s/ Andrew D. Muhlbach
13                                         ANDREW D. MUHLBACH
                                           Email: AMuhlbach@mofo.com
14
                                           *Attorneys for Defendant*
15                                         TOSHIBA AMERICA
                                           INFORMATION SYSTEMS, INC.
16

17

18

19

20

21

22

23

24

25

26

27

28