# EXHIBIT B

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Richard D. Lambert (SBN: 251148)
STONEBARGER LAW, APC
75 Iron Point Circle, Suite 145
Folsom, CA 95630
TELEPHONE NO.: (916) 235-7140      FAX NO.: (916)-235-7141
ATTORNEY FOR *(Name):* Plaintiff Chad Herron

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SACRAMENTO**
STREET ADDRESS: 720 Ninth Street, Room 102
MAILING ADDRESS:
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME:

CASE NAME: Chad Herron v. Best Buy Co. Inc., et al.

FOR COURT USE ONLY

**FILED**
**Superior Court Of California,**
**Sacramento**

**06/14/2012**

**bsingh**

**By_____, Deputy**

**Case Number:**
**34-2012-00126518**

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☒ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 1811) | JUDGE:  DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☒ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800-1812)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☒ is ☐ is not complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. ☐ Large number of separately represented parties
  b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
  c. ☐ Substantial amount of documentary evidence
  d. ☐ Large number of witnesses
  e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  f. ☐ Substantial postjudgment judicial supervision

3. Type of remedies sought *(check all that apply):*
  a. ☒ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive

4. Number of causes of action *(specify):* 4

5. This case ☒ is ☐ is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 12, 2012

Richard D. Lambert
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2006]

**CIVIL CASE COVER SHEET**

American Legal Net, Inc.
www.USCourtForms.com

Cal. Rules of Court, rules 201.8, 1800-1812;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BEST BUY CO. INC., a Minnesota corporation;
TOSHIBA AMERICA INFORMATION SYSTEMS, INC., a California corporation;
and Does 1-100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CHAD HERRON, individually, on behalf of himself and
all others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER:<br>*(Número del Caso):*<br>34-2012-00126918 |

Sacramento County Superior Court
Civil Division
720 Ninth Street, Room 102
Sacramento, CA 95814

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Richard D. Lambert, Esq. STONEBARGER LAW, APC
75 Iron Point Circle, Suite 145, Folsom, CA 95630
Tel: (916) 235-7140 Fax: (916) 235-7141

| DATE:<br>*(Fecha)* JUN 1 4 2012 | Clerk, by<br>*(Secretario)* B. SINGH | , Deputy<br>*(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served |
|---|---|

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* TOSHIBA AMERICA INFORMATION SYSTEMS, INC., A CALIFORNIA CORPORATION
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 7/13/12

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | American LegalNet, Inc.<br>www.FormsWorkflow.com | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|---|

Gene J. Stonebarger, State Bar No. 209461
Richard D. Lambert, State Bar No. 251148
Elaine W. Yan, State Bar No. 277961
STONEBARGER LAW
A Professional Corporation
75 Iron Point Circle, Ste. 145
Folsom, CA 95630
Telephone: (916) 235-7140
Facsimile: (916) 235-7141

*Attorneys for Plaintiff and the Class*

FILED/ENDORSED

JUN 2 8 2012

By _____
L. Gutierrez
Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SACRAMENTO**

CHAD HERRON, individually, on behalf of
himself and all others similarly situated,

                            Plaintiffs,

            vs.

BEST BUY CO. INC., a Minnesota corporation;
TOSHIBA AMERICA INFORMATION
SYSTEMS, INC., a California corporation; and
DOES 1-100, inclusive

                            Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO.: 34-2012-00126518

**FIRST AMENDED CLASS ACTION
COMPLAINT FOR:**

1. **VIOLATIONS OF
   CALIFORNIA'S CONSUMER
   LEGAL REMEDIES ACT; AND**

2. **VIOLATIONS OF
   CALIFORNIA'S UNFAIR
   COMPETITION LAW.**

**DEMAND FOR A JURY TRIAL**

STONEBARGER LAW
A Professional Corporation

**FIRST AMENDED CLASS ACTION COMPLAINT**

1     Plaintiff Chad Herron ("Plaintiff"), on behalf of himself and all others similarly situated,
2  and demanding a jury trial, complains and alleges of Defendants Best Buy Co. Inc. ("Best Buy"),
3  Toshiba America Information Systems, Inc. ("Toshiba"), and DOES 1 through 100, inclusive
4  (collectively "Defendants") as follows:

5                                              **I.**

6                                    **INTRODUCTION**

7     1.     This is a consumer class action against Defendants on behalf of Plaintiff and all
8  similarly situated individuals who have purchased a Toshiba brand laptop computer or notebook
9  from Best Buy (either in a retail store or on its website), and who were exposed to the
10 representation that the Toshiba brand laptop or notebook would have a battery life of "up to" a
11 specified number of hours (the "Laptops").

12     2.     Specifically, the present case arises from Defendants' failure to disclose to
13 Plaintiff and the Class that the represented "up to" battery life is a number without any realistic
14 correlation to the battery life that a consumer can reasonably expect to experience; but rather,
15 reflects the potential battery life when the Laptop is tested with: (i) its screen set to 60 nits; (ii)
16 its Wi-Fi, Bluetooth, and other wireless functions disabled; and (iii) its main processor chip set to
17 5% to 7.5% of its normal capacity.

18     3.     Accordingly, while Defendants represent that that battery life in the Laptops are
19 "up to" a specified maximum number of hours, Defendants entirely omit and fail to inform
20 consumers how this battery life duration was determined, that the represented battery life was
21 based upon testing which bore no relation to how a consumer would actually use the Laptop, and
22 under standard or default settings and configurations, the actual battery life was substantially less
23 than that which was represented by Defendants.

24     4.     As a result of Defendants' conduct as alleged herein, Defendants have reaped
25 significant profits, and Plaintiff and the Class have suffered actual damages in that they were
26 induced to purchase the Laptops and pay more for the Laptops then they would have had
27 Defendants' not falsely represented that the Laptops had a battery life that was substantially more
28 than the Class member could reasonably expect to experience.

STONEBARGER LAW
A Professional Corporation

1

**FIRST AMENDED CLASS ACTION COMPLAINT**

**II.**

**JURISDICTION AND VENUE**

5.     Best Buy is a Minnesota corporation with its principal place of business in Minnesota. Best Buy has conducted business throughout California, including the County of Sacramento, which has caused both obligations and liabilities of Best Buy to arise in the County of Sacramento.

6.     Toshiba is a California corporation with its principal place of business in Irvine, California. Toshiba has conducted business throughout California, including the County of Sacramento, which has caused both obligations and liabilities of Toshiba to arise in the County of Sacramento.

7.     The amount in controversy exceeds the jurisdictional minimum of this Court.

**III.**

**PARTIES**

**A.     Plaintiff Chad Herron**

8.     Plaintiff Chad Herron is an individual over the age of eighteen (18) years old and who is and was, at all times mentioned herein, a resident of the state of Sacramento County in the State of California.

9.     In or about January 2010, Plaintiff went to Best Buy's retail store in Folsom, California to select and purchase a new laptop computer for his personal, household or family use. While determining which brand and model of laptop to purchase, Plaintiff looked at the different laptops on display in Best Buy's retail store. Various brands of laptops were being sold, including but not limited to Dell, Hewlett-Packard, Toshiba, Sony, and Samsung.

10.     Each laptop computer contained a Best Buy product tag which represented, among other features, the battery life for each laptop on display as being "Up To" a specific number of hours (or fraction thereof).

11.     Plaintiff looked at each product tag and decided to purchase the Toshiba Satellite L505 based substantially on his reliance on the representation that the battery life for that model was "up to 3.32 hours."

2

**FIRST AMENDED CLASS ACTION COMPLAINT**

STONEBARGER LAW
A Professional Corporation

1      12.     Plaintiff reasonably believed that the represented battery life of "up to 3.32 hours"

2    was reflective of how long Plaintiff could expect his Laptop to operate when being powered

3    solely by its battery.

4      13.     Plaintiff's belief was based largely on the fact that there was no disclaimer,

5    qualifier, or any other language on the product tag indicating that the represented battery life was

6    determined while the Laptop was tested with: (i) its screen set to 60 nits; (ii) its Wi-Fi,

7    Bluetooth, and other wireless functions disabled; and (iii) its main processor chip set to 5% to

8    7.5% of its normal capacity.

9      14.     In the years since Plaintiff purchased his Laptop, he has never once achieved even

10   close to the represented 3.32 hours of battery life.

11      15.     Plaintiff paid more for his Laptop than he would have paid had the material fact

12   not been concealed or omitted that the battery life for his Laptop was calculated with: (i) its

13   screen set to 60 nits; (ii) its Wi-Fi, Bluetooth, and other wireless functions disabled; and (iii) its

14   main processor chip set to 5% to 7.5% of its normal capacity.

15   **B.**     **Defendant Best Buy Co. Inc.**

16      16.     Plaintiff is informed and believes, and on that basis alleges, that Defendant Best

17   Buy is a corporation organized under the laws of the State of Minnesota with its principal place

18   of business in Minnesota.  At all times mentioned herein, Best Buy operates retail stores under

19   the name Best Buy throughout the state of California, including Sacramento County.

20   **C.**     **Defendant Toshiba America Information Systems, Inc.**

21      17.     Plaintiff is informed and believes, and on that basis alleges, that Defendant

22   Toshiba America Information Systems, Inc. is a corporation organized under the laws of the

23   State of California with its principal place of business in Irvine, California.  At all times

24   mentioned herein, Toshiba sells various consumer products both through its website and to third

25   party retailers such as Best Buy throughout the State of California, including Sacramento

26   County.

27   / / /

28   / / /

3

**D.    Doe Defendants**

18.    Plaintiff is unaware of the true names, capacities, or basis for liability of Defendants Does 1 through 100, inclusive, and therefore sues said Defendants by their fictitious names. Plaintiff will amend his complaint to allege their true names, capacities, or basis for liability when the same have been ascertained. Plaintiffs are informed and believe, and on that basis allege, that Defendants Does 1 through 100, inclusive, and each of them, are in the some manner liable to Plaintiff and/or are proper and necessary parties to this action in light of the relief requested.

**E.    Aiding and Abetting**

19.    Plaintiff is informed and believes, and on that basis alleges, that all Defendants, including fictitious Doe Defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, partner and/or joint venturers and employees of all other Defendants, and on that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permissions, knowledge, consent, authorization and ratification of their Co-Defendants; however, each of these allegations are deemed "alternative" theories whenever doing so would result in a contradiction with the other allegations.

**V.**

**FACTUAL ALLEGATIONS**

20.    Each year, consumers purchase hundreds of thousands of laptop computers and notebooks in the United States, including the State of California.

21.    Portability is one of the key features for consumers purchasing a laptop or notebook computer, as consumers often take their laptops and notebooks to locations without electrical outlets, such as coffee shops, college classes, airplanes, commuter trains, and public parks.

22.    When a consumer uses a laptop computer or notebook without an electrical outlet power source, the computer uses the electrical power from the laptop's built-in computer battery. Accordingly, the battery life of laptops and notebooks is one of the primary factors consumers

4

STONEBARGER LAW
A Professional Corporation

1    consider when determining which laptop to purchase.

2          23.    As aptly stated by Ketan Pandya, head of AMD-based products at Dell,

3    "Customers expect the advertised battery life to reflect the way they really use the product."[1]

4    **A.    MobileMark 2007**

5          24.    MobileMark 2007 ("MM07") is a benchmark test created in 2008 by Business

6    Application Performance Corp. ("BAPCo") to measure battery life in laptop computers and

7    notebooks.

8          25.    BAPCo is a non-profit consortium of leading computer manufacturers,

9    semiconductor manufacturers and software publishers.  Its members include AMD, Apple,

10   ARCintuition, Atheros Communications, CNET, Compaq, Dell, Hewlett-Packard, Intel, Lenovo,

11   Microsoft, NVIDIA, Toshiba, VIA Technologies, VNU Business Publications Limited (UK),

12   ZDNet, and Ziff Davis Media.

13         26.    When measuring a laptop computer or notebook's battery life using MM07,

14   standard protocol requires the computer screen to be set to "60 nits." A "nit" is a unit of

15   luminance.  A standard Liquid Crystal Display ("LCD") computer monitor has a brightness of

16   approximately 240 to 300 nits.  Setting the computer monitor brightness to 60 nits is akin to

17   setting the brightness to 20% to 30% of its normal level.  In some lighting conditions, setting the

18   screen to 60 nits makes the screen barely readable.

19         27.    Furthermore, MM07 does not specify whether Wi-Fi, Bluetooth, and other

20   wireless devices must be turned on during testing.  As a result, MM07 testing is performed when

21   the computer's Wi-Fi, Bluetooth, and other wireless functions are disabled so that the computer

22   is not drawing power from the battery to perform these functions.

23         28.    MM07 testing is also performed when the main processor chip is set to 5% to

24   7.5% of its normal capacity.  When a computer's processor is at 5% to 7.5% of its capacity the

25   computer is essentially running in an idle state.

26         29.    With each of the foregoing "adjustments" in place, MM07 then tests the

27   computer's battery life under three separate performance measures:

28
     _____
     [1] http://www.thedailybeast.com/newsweek/2009/06/18/hurry-up-and-type.html.

**FIRST AMENDED CLASS ACTION COMPLAINT**

STONEBARGER LAW
A Professional Corporation

1          a.          "DVD Test" - a DVD movie is played until the battery dies (significant battery

2   usage);

3          b.          "Productivity Test" - the software directs the computer to perform common office

4   activities, including document management, data processing, file management and rich content

5   creation (the middle-of-the-road scenario); and

6          c.          "Reading Test" - an automated script pretends to read a PDF document pausing

7   two minutes on each page (minimal battery usage).

8          30.          MM07 does not provide an "overall" rating; rather, the computer is given three

9   scores, one for each category (DVD, Productivity, and Reader).  The laptop manufacturer or

10  retailer may choose which score to report to consumers.

11  **B.          Criticism of the Use of MobileMark 2007**

12         31.          In March 2009, AMD, a leading computer chip manufacturer which supplies

13  processing chips, conveyed that MM07 was flawed in that the benchmark bore no resemblance

14  to the real-life and everyday uses of laptop computers and notebooks and contained several

15  loopholes which allowed laptop computer manufacturers to game the system and make

16  exaggerated battery life claims.[2]

17         32.          Patrick Moorhead, Senior Vice President and Chief Marketing Officer for AMD,

18  which was a member of BAPCo until 2011, stated in a Newsweek Magazine article on March 12,

19  2009, "The issue is we are not being entirely honest with users about what PC battery life they

20  can expect to actually experience. There's only three endings to this story.  Either the industry

21  regulates itself, or the FTC steps in and regulates us, or we get hit with a class action."[3]

22         33.          AMD has made several different proposals to BAPCo to eliminate the current

23  fraudulent and misleading reporting of battery life.  One proposal was to use the 3DMark06, a

24  still-flawed but more realistic battery life standard.  Neither the 3DMark06 proposal, or any other

25  alternative proposal, has ever been approved or adopted by BAPCo due to objections by its

26  members.  Citing confidentiality, BAPCo has refused to publish the AMD proposals and the

27

28  [2] http://www.thedailybeast.com/newsweek/2009/06/18/hurry-up-and-type.html.
    [3] Id.

FIRST AMENDED CLASS ACTION COMPLAINT

STONEBARGER LAW
A Professional Corporation

1    minutes of its meetings.

2        34.    BAPCo has also refused to publish the results of all three tests (DVD,

3    Productivity, and Reading) for the laptops that have been tested under the MM07 benchmark.

4    **C.    Toshiba's Fraudulent and Deceptive Practices**

5        35.    Toshiba is an international manufacturer of laptop computers and notebooks.

6    Toshiba tests its laptops and notebook's battery life using MM07.

7        36.    When reporting the battery life of each laptop to third party retailers, such as Best

8    Buy, Toshiba specifically conveys to the retailer the results of each Laptop's battery life based

9    upon the Laptop's MM07 results.  Toshiba conveys the results of the Laptop's MM07 test with

10   the intention and desire that these third party retailers will, in turn, represent to consumers these

11   results.

12       37.    Toshiba's use of the results from MM07 is misleading and deceptive as the results

13   fail to disclose that the potential battery life was derived when: (i) the Laptops' screens are set to

14   60 nits; (ii) the Laptops' Wi-Fi, Bluetooth, and other wireless functions are disabled; and (iii) the

15   Laptops' main processor chip is set to 5% to 7.5% of its normal capacity, and thus, do not

16   accurately or fairly represent the battery life that a consumer can expect to actually experience.

17       38.    Toshiba knows and understands the misleading nature of the results it provides to

18   third party retailers and otherwise publicizes to consumers but continues to make false and

19   deceptive claims of battery life based upon this standard.  The clear intent of Toshiba in choosing

20   to represent its Laptops' battery lives in this manner is to mislead consumers into believing that

21   the Laptops have a far longer battery life than the consumer can expect to actually experience.

22       39.    Toshiba, at no time and by no means, disclosed to Plaintiff and the Class that the

23   representations of its Laptops' battery lives were based on a false and deceptive standard and that

24   the Laptops' actual battery lives were substantially less than that represented by Toshiba.  This

25   omission was material because a reasonable consumer would deem the representation of a

26   laptop's battery life important in determining whether to purchase a laptop, especially

27   considering that battery life is a primary factor consumers consider in making their purchase.

28   ///

STONEBARGER LAW
A Professional Corporation

7

**FIRST AMENDED CLASS ACTION COMPLAINT**

1  40. As a result of Toshiba's failure to convey these material facts, Toshiba

2 fraudulently, unfairly, and unlawfully caused Plaintiff and the Class to believe that they would

3 experience a much greater battery life in the Laptops they purchased than they could realistically

4 expect.

5  41. Toshiba was under a duty to Plaintiff and the Class to disclose the aforementioned

6 facts because: (a) Toshiba has exclusive knowledge of those material facts not known or

7 reasonably accessible to Plaintiff and the Class; (b) Toshiba actively concealed material facts

8 from Plaintiff and the Class; and (c) Toshiba made partial representations to Plaintiff and the

9 Class that were misleading because the material facts set forth in paragraph 37 were not

10 disclosed.

11  42. Toshiba engaged in a successful and illegal fraud on California consumers in

12 which it deliberately, intentionally, and fraudulently caused California consumers to believe that

13 that they would experience a much greater battery life in the Laptops than they could realistically

14 expect by failing to disclose that the potential battery life was derived while: (i) the Laptops'

15 screens are set to 60 nits; (ii) the Laptops' Wi-Fi, Bluetooth, and other wireless functions are

16 disabled; and (iii) the Laptops' main processor chip is set to 5% to 7.5% of its normal capacity.

17 **D.** **Best Buy's Fraudulent and Deceptive Practice**

18  43. In Best Buy's retail stores, each laptop computer and notebook has a Best Buy

19 "product tag" which contains the price and a brief description of the features of the laptop or

20 notebook. One prominent feature is "Battery."

21  44. After the word "Battery," the product tag lists the laptop's battery life as being "up

22 to" a specified number of hours. Best Buy represented Plaintiff's Laptop battery life to be "up to

23 3.32 hours."

24  45. There is not any explanation as to how the "up to" hours was calculated or

25 determined on the product tag or elsewhere.

26  46. Likewise on Best Buy's website, each laptop computer is described by its

27 "specifications" which includes, among others, processor speed, screen size, and system memory

28 (RAM). Also included with each laptop's "specifications" is each laptop's battery life which is

STONEBARGER LAW
A Professional Corporation

1   represented as being "up to" a specified number of hours (or fraction thereof).

2       47.     The represented battery life information is a hyperlink that when clicked upon

3   displays the following information in a pop-up box:

4       Battery Life

5       Battery life tested using MobileMark 2007. Battery life will vary depending on
        the product configuration, product model, applications loaded on the product,

6       power management setting of the product, and the product features used by the
        customer. As with all batteries, the maximum capacity of this battery will

7       decrease with time and usage.

8       48.     Other than the statement that the Laptop's battery life was tested using

9   MobileMark 2007 (for which no information is provided), there is not any explanation as to how

10  the "up to" hours was calculated or any other information.

11      49.     Best Buy's use of the results from MM07 is misleading and deceptive as the

12  results fail to disclose the potential battery life was derived when: (i) the Laptops' screens

13  are set to 60 nits; (ii) the Laptops' Wi-Fi, Bluetooth, and other wireless functions are disabled;

14  and (iii) the Laptops' main processor chip is set to 5% to 7.5% of its normal capacity, and thus,

15  do not accurately or fairly represent the battery life that a consumer can expect to actually

16  experience.

17      50.     Best Buy, at no time and by no means, disclosed to Plaintiff and the Class that the

18  representations of its Laptops' battery lives were based on a false and deceptive standard and that

19  the Laptops' actual battery lives were substantially less than that represented by Best Buy.  This

20  omission was material because a reasonable consumer would deem the representation of a

21  laptop's battery life important in determining whether to purchase a laptop, especially

22  considering that battery life is a primary factor consumers consider in making their purchase.

23      51.     As a result of Best Buy's failure to convey these material facts, Best Buy

24  fraudulently, unfairly, and unlawfully caused Plaintiff and the Class to believe that they would

25  experience a much greater battery life in the Laptops they purchased than they could realistically

26  expect.

27      52.     Best Buy was under a duty to Plaintiff and the Class to disclose the material facts

28  because: (a) Best Buy has exclusive knowledge of those material facts not known or reasonably

STONEBARGER LAW
A Professional Corporation

9

1  accessible to Plaintiff and the Class; (b) Best Buy actively concealed material facts from Plaintiff

2  and the Class; and (c) Best Buy made partial representations to Plaintiff and the Class that were

3  misleading because the material facts set forth in paragraph 49 were not disclosed.

4       53.     Best Buy engaged in a successful and illegal fraud on California consumers in

5  which it deliberately, intentionally, and fraudulently caused California consumers to believe that

6  that they would experience a much greater battery life in the Laptops than they could realistically

7  expect by failing to disclose that the potential battery life was derived while: (i) the Laptops'

8  screens are set to 60 nits; (ii) the Laptops' Wi-Fi, Bluetooth, and other wireless functions are

9  disabled; and (iii) the Laptops' main processor chip is set to 5% to 7.5% of its normal capacity

10 <div align="center">**VI.**</div>

11 <div align="center">**CLASS ALLEGATIONS**</div>

12      54.     Plaintiff brings this class action against Defendant, pursuant to California Code of

13 Civil Procedure section 382, on behalf of the following ascertainable statewide Classes:

14     Class: All individuals who, in the State of California, purchased a Laptop from

15 Best Buy at any time during the four (4) year period preceding the filing of this
Complaint through the present, and who were exposed to any representation that

16 the Laptop would have a battery life of "up to" a specified number of hours (the
"Class").

17     CLRA Subclass: All individuals who, in the State of California, purchased for
personal, family, or household purposes, a Laptop from Best Buy at any time

18 during the three (3) year period preceding the filing of this Complaint through the
present, and were exposed to any representation that the Laptop would have a

19 battery life of "up to" a specified number of hours (the "CLRA Subclass").[4]

20

21 Excluded from the Class are: Defendants, their officers, directors and employees, and any entity

22 in which either Toshiba or Best Buy has a controlling interest, the agents, affiliates, legal

23 representatives, heirs, attorneys at law, attorneys in fact or assignees thereof.

24      55.     Throughout discovery in this litigation, Plaintiff may find it appropriate and/or

25 necessary to amend the definition of the Class. Plaintiff will formally define and designate a

26 class definition when they seek to certify the Class alleged herein.

27 / / /

28 ---
[4] Plaintiff is a representative and member of both the Class and the CLRA Subclass. Because all members of the
CLRA Subclass are also members of the Class, both will be referred to as the "Class" unless otherwise noted.

<div align="center">10</div>

<div align="center">**FIRST AMENDED CLASS ACTION COMPLAINT**</div>

STONEBARGER LAW
A Professional Corporation

1   56.   The members of the Class are so numerous that joinder of all members is
2   impracticable.  While the exact number of Class members is unknown to Plaintiff at this time,
3   such information can be ascertained through appropriate discovery and from records maintained
4   by Defendant and its agents.

5   57.   There is a well-defined community of interest among the Class because common
6   questions of law and fact predominate, Plaintiff's claims are typical of the members of the Class,
7   and Plaintiff can fairly and adequately represent the interests of the Class.

8   58.   Common questions of law and fact exist as to all members of the Class and
9   predominate over any questions affecting solely individual members of the Class.  Among the
10   questions of law and fact common to the class are, but not limited to, the following:

11       a.   Whether Toshiba conducted testing of its Laptops' battery lives using
12   MM07;

13       b.   Whether Toshiba represented the Laptops' battery lives using the results
14   from its MM07 testing to consumers and third party retailers;

15       c.   Whether Toshiba fraudulently concealed from and/or failed to disclose to
16   Plaintiff and the Class that the represented battery life was calculated when: (i) the Laptops'
17   screens are set to 60 nits; (ii) the Laptops' Wi-Fi, Bluetooth, and other wireless functions are
18   disabled; and (iii) the Laptops' main processor chip is set to 5% to 7.5% of its normal capacity;

19       d.   Whether Toshiba fraudulently concealed from and/or failed to disclose to
20   Plaintiff and the Class that the test results under MM07 does not accurately measure the battery
21   life that a consumer could reasonably expect to experience;

22       e.   Whether Toshiba had a duty to Plaintiff and the Class to disclose that
23   when arriving at the represented battery life the: (i) the Laptops' screens are set to 60 nits; (ii) the
24   Laptops' Wi-Fi, Bluetooth, and other wireless functions are disabled; and (iii) the Laptops' main
25   processor chip is set to 5% to 7.5% of its normal capacity;

26       f.   Whether the facts relating to the Laptops that were concealed and/or
27   otherwise not disclosed to Plaintiff and the Class by Toshiba were material facts;

28   ///

STONEBARGER LAW
A Professional Corporation

STONEBARGER LAW
A Professional Corporation

1          g.    Whether as a result of Toshiba's concealment and/or failure to disclose

2    those material facts, Plaintiff and the Class acted to their detriment by purchasing the Laptops;

3          h.    Whether Toshiba engaged in unfair competition and/or unfair deceptive

4    acts and/or practices in violation of California's Consumer Legal Remedies Act;

5          i.    Whether Toshiba's acts or practices were illegal, unfair, or fraudulent

6    within the meaning of California Business and Professions Code section 17200 *et. seq.*;

7          j.    Whether Plaintiff and the Class are entitled to compensatory damages,

8    restitution, and the amounts thereof respectively against Toshiba;

9          k.    Whether Toshiba should be ordered to disgorge, for the benefit of Plaintiff

10    and the Class, all or part of its ill-gotten profits received from the sale of the Laptops, and/or to

11    make full restitution to Plaintiff and the Class members;

12          l.    Whether Best Buy represented to Plaintiffs and the Class that the Laptops

13    had a battery life of "up to" a specific number of hours (or fraction thereof);

14          m.    Whether Best Buy's representation as to the Laptop's battery life to

15    Plaintiff and the Class was based on the results of the Laptop's MM07 results;

16          n.    Whether Best Buy fraudulently concealed from and/or failed to disclose to

17    Plaintiff and the Class that the represented battery life was calculated when: (i) the Laptops'

18    screens are set to 60 nits; (ii) the Laptops' Wi-Fi, Bluetooth, and other wireless functions are

19    disabled; and (iii) the Laptops' main processor chip is set to 5% to 7.5% of its normal capacity;

20          o.    Whether Best Buy fraudulently concealed from and/or failed to disclose to

21    Plaintiff and the Class that the test results under MM07 does not accurately measure the battery

22    life that a consumer could reasonably expect to experience;

23          p.    Whether Best Buy had a duty to Plaintiff and the Class to disclose that

24    when arriving at the represented battery life the: (i) the Laptops' screens are set to 60 nits; (ii) the

25    Laptops' Wi-Fi, Bluetooth, and other wireless functions are disabled; and (iii) the Laptops' main

26    processor chip is set to 5% to 7.5% of its normal capacity;

27          q.    Whether the facts relating to the Laptops that were concealed and/or

28    otherwise not disclosed to Plaintiff and the Class by Best Buy were material facts;

1         r.     Whether as a result of Best Buy's concealment and/or failure to disclose

2 those material facts, Plaintiff and the Class acted to their detriment by purchasing the Laptops;

3         s.     Whether Best Buy engaged in unfair competition and/or unfair deceptive

4 acts and/or practices in violation of California's Consumer Legal Remedies Act;

5         t.     Whether Best Buy's acts or practices were illegal, unfair, or fraudulent

6 within the meaning of California Business and Professions Code section 17200 *et. seq.*;

7         u.     Whether Plaintiff and the Class are entitled to compensatory damages,

8 restitution, and the amounts thereof respectively against Best Buy; and

9         v.     Whether Best Buy should be ordered to disgorge, for the benefit of

10 Plaintiff and the Class, all or part of its ill-gotten profits received from the sale of the Laptops,

11 and/or to make full restitution to Plaintiff and the Class members.

12     59.     Plaintiff's claims are typical of those of the other Class members because Plaintiff,

13 like every other Class member, was exposed to virtually identical conduct.

14     60.     Plaintiff will fairly and adequately represent and protect the interests of the Class

15 in that they have no disabling conflicts of interest that would be antagonistic to those of the other

16 members of the Class. Plaintiff seeks no relief that is antagonistic or adverse to the members of

17 the Class and the infringement of the rights and the damages they have suffered are typical of all

18 other Class members. Plaintiff has retained competent counsel, experienced in class action

19 litigation and consumer protection law.

20     61.     The nature of this action and the nature of laws available to Plaintiff and the Class

21 make the use of the class action device a particularly efficient and appropriate procedure to

22 afford relief to Plaintiff and the Class for the wrongs alleged because:

23         a.     The individual amounts of damages involved, while not insubstantial, are

24 such that individual actions or other individual remedies are impracticable and litigating

25 individual actions would be too costly;

26         b.     If each Class member was required to file an individual lawsuit, the

27 Defendants would necessarily gain an unconscionable advantage since they would be able to

28 exploit and overwhelm the limited resources of each individual Class member with vastly

STONEBARGER LAW
A Professional Corporation

13

**FIRST AMENDED CLASS ACTION COMPLAINT**

STONEBARGER LAW
A Professional Corporation

1  superior financial and legal resources;

2          c.    The costs of individual suits could unreasonably consume the amounts that

3  would be recovered;

4          d.    Proof of a common factual pattern which Plaintiff experienced is

5  representative of that experienced by the Class and will establish the right of each member of the

6  Class to recover on the cause of action alleged; and

7          e.    Individual actions would create a risk of inconsistent results and would be

8  unnecessary and duplicative of this litigation.

9      62.    Plaintiff and Class members have all similarly suffered irreparable harm and

10  damages as a result of Defendant's unlawful and wrongful conduct.  This action will provide

11  substantial benefits to Plaintiff, the Class and the public because, absent this action, Plaintiff and

12  Class members will continue to suffer losses, thereby allowing Defendant's violations of law to

13  proceed without remedy, and allowing Defendant to retain proceeds of its ill-gotten gains.

14

15                              **VII.**

16              **FIRST CAUSE OF ACTION**
         **Violations of Consumer Legal Remedies Act**
              **California Civil Code Section 1750 *et seq.***
17      **(On Behalf of the CLRA Subclass Against Defendant Toshiba)**

18      63.    Plaintiff and the CLRA Subclass incorporate by reference each and every

19  preceding paragraph of this Complaint as if fully set forth herein.

20      64.    California Civil Code section 1770(a) provides that it is unlawful to use unfair

21  methods of competition and unfair or deceptive acts or practices in a transaction intended to

22  result or which results in the sale or lease of goods or services to any consumer.

23      65.    California Civil Code section 1770(a) prohibits, among other things, one to

24  "[r]epresent[] that goods or services have sponsorship, approval, characteristics, ingredients,

25  uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval,

26  status, affiliation, or connection which he or she does not have," to "[r]epresent[] that goods or

27  services are of a particular standard, quality, or grade, or that goods are of a particular style or

28  model, if they are of another," and to "advertis[e] goods with intent not to sell them as

14

**FIRST AMENDED CLASS ACTION COMPLAINT**

1 | advertised." *See* Cal. Civ. Code section 1770(a)(5); (7); (9).

2 |      66.    Toshiba violated California Civil Code sections 1770(a)(5), (7) and (9) by

3 | reporting the Laptops' battery life to third party retailers using the results from the Laptops'

4 | MM07 testing with the intention and desire that these third party retailers will convey to

5 | consumers the Laptop's alleged battery life, while failing to disclose that the represented battery

6 | life was derived under the following circumstances: (i) the Laptops' screens are set to 60 nits; (ii)

7 | the Laptops' Wi-Fi, Bluetooth, and other wireless functions are disabled; and (iii) the Laptops'

8 | main processor chip is set to 5% to 7.5% of its normal capacity; and (iv) the Laptop reads a PDF

9 | document pausing two minutes on each page, and thus, do not accurately or fairly represent the

10 | battery life that a consumer can expect to actually experience.

11 |      67.    The foregoing facts were not disclosed and entirely omitted from any information

12 | made available to Plaintiff and the CLRA Subclass and are material as a reasonable consumer

13 | would deem the length of a laptop's battery life important in determining whether to purchase the

14 | laptop.

15 |      68.    Toshiba's deceptive practices, as alleged above, were specifically designed to, and

16 | did, induce Plaintiff and the CLRA Subclass to purchase the Laptops. Toshiba engaged in

17 | common scheme to deliberately omit from all publicly available information provided to Plaintiff

18 | and the CLRA Subclass the material facts alleged herein regarding the Laptops' maximum

19 | battery life.

20 |      69.    Toshiba was under a duty to Plaintiff and the CLRA Subclass to disclose the

21 | aforementioned facts because: (a) Toshiba has exclusive knowledge of those material facts not

22 | known or reasonably accessible to Plaintiff and the CLRA Subclass; (b) Toshiba actively

23 | concealed material facts from Plaintiff and the CLRA Subclass; and (c) Toshiba made partial

24 | representations to Plaintiff and the CLRA Subclass that were misleading because the material

25 | facts set forth in paragraph 69 were not disclosed.

26 |      70.    Plaintiff and the CLRA Subclass reasonably and justifiably relied on Toshiba's

27 | representations, and were ignorant to those omissions of the aforementioned material facts.

28 | Plaintiff and the CLRA Subclass were induced to purchase the Laptops and pay more for the

STONEBARGER LAW
A Professional Corporation

15

1  Laptops then they would have had Toshiba not falsely represented that the Laptops had a battery

2  life that was substantially more than the CLRA Subclass member could reasonably expect to

3  experience.

4       71.     As a direct and proximate result of Toshiba's violations of the CLRA as alleged

5  herein, Plaintiff and the Subclass have been injured by, including but not limited to, the

6  following:

7       a.      The infringement of their legal rights as a result of being subjected to the common

8  course of conduct alleged herein;

9       b.      Plaintiff and the CLRA Subclass were induced to purchase the Laptops and pay

10  more for the Laptops then they would have had they been fully informed of Toshiba's acts,

11  omissions, misrepresentations, practices and nondisclosures as alleged in this Class Action

12  Complaint, in violation of *inter alia*, the CLRA.

13      72.     Plaintiff seeks an order awarding restitution or disgorgement of Toshiba's

14  revenues and profits from the sale of the Laptops.

15      73.     Prior to filing this Class Action Complaint, Plaintiff timely served Toshiba with

16  notice of its violation of the CLRA by certified mail, return receipt requested.  Toshiba failed to

17  provide appropriate relief for its violations of the CLRA.  As such, Plaintiff has therefore

18  complied with the 30-day notice period required by California Civil Code section 1782(a). *See*

19  Exhibit 'A'.

20      74.     As of the date of filing this Class Action Complaint, Plaintiff has not received

21  responses from Defendant that agreed to provide for the relief requested in his letter.  As a result,

22  Defendant has failed to provide appropriate relief for its violations of the CLRA, and Plaintiff

23  and the CLRA Subclass are entitled to recover actual damages, punitive damages, attorneys' fees

24  and costs, and any other relief the Court deems proper.

25      WHEREFORE, Plaintiff and the CLRA Subclass pray for relief as set forth below.

26  ///

27  ///

28  ///

STONEBARGER LAW
A Professional Corporation

16

FIRST AMENDED CLASS ACTION COMPLAINT

STONEBARGER LAW
A Professional Corporation

# VII.

## SECOND CAUSE OF ACTION
### Violations of Consumer Legal Remedies Act
### California Civil Code Section 1750 *et seq.*
### (On Behalf of the CLRA Subclass Against Defendant Best Buy)

75.     Plaintiff and the CLRA Subclass incorporate by reference each and every preceding paragraph of this Complaint as if fully set forth herein.

76.     California Civil Code section 1770(a) provides that it is unlawful to use unfair methods of competition and unfair or deceptive acts or practices in a transaction intended to result or which results in the sale or lease of goods or services to any consumer.

77.     California Civil Code section 1770(a) prohibits, among other things, one to "[r]epresent[] that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have," to "[r]epresent[] that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another," and to "advertis[e] goods with intent not to sell them as advertised." *See* Cal. Civ. Code section 1770(a)(5); (7); (9).

78.     Best Buy violated California Civil Code sections 1770(a)(5), (7) and (9) when it represented the battery life of the Laptops on its product tags and on its website while failing to disclose that the represented battery life was derived under the following circumstances: (i) the Laptops' screens are set to 60 nits; (ii) the Laptops' Wi-Fi, Bluetooth, and other wireless functions are disabled; and (iii) the Laptops' main processor chip is set to 5% to 7.5% of its normal capacity; and (iv) the Laptop reads a PDF document pausing two minutes on each page, and thus, do not accurately or fairly represent the battery life that a consumer can expect to actually experience.

79.     The foregoing facts were not disclosed and entirely omitted from any materials made available to Plaintiffs and the CLRA Subclass by Best Buy and are material as a reasonable consumer would deem the length of a laptop's battery life important in determining whether to purchase the laptop.

17

1    80.    Best Buy's deceptive practices, as alleged above, were specifically designed to,

2  and did, induce Plaintiff and the CLRA Subclass to purchase the Laptops.  Best Buy engaged in

3  common scheme to deliberately omit from the information provided to Plaintiff and the CLRA

4  Subclass the material facts alleged herein regarding the Laptops' maximum battery life.

5    81.    Best Buy was under a duty to Plaintiff and the CLRA Subclass to disclose the

6  material facts because: (a) Best Buy has exclusive knowledge of those material facts not known

7  or reasonably accessible to Plaintiff and the CLRA Subclass; (b) Best Buy actively concealed

8  material facts from Plaintiff and the CLRA Subclass; and (c) Best Buy made partial

9  representations to Plaintiff and the CLRA Subclass that were misleading because the material

10  facts set forth in paragraph 81 were not disclosed.

11    82.    Plaintiff and the CLRA Subclass reasonably and justifiably relied on Best Buy's

12  representations, and were ignorant to those omissions of the aforementioned material facts.

13  Plaintiff and the CLRA Subclass were induced to purchase the Laptops and pay more for the

14  Laptops then they would have had Best Buy not falsely represented that the Laptops had a

15  battery life that was substantially more than the CLRA Subclass member could reasonably

16  expect to experience.

17    83.    As a direct and proximate result of Best Buy's violations of the CLRA as alleged

18  herein, Plaintiff and the CLRA Subclass have been injured by, including but not limited to, the

19  following:

20    a.    The infringement of their legal rights as a result of being subjected to the

21  common course of conduct alleged herein;

22    b.    Plaintiff and the CLRA Subclass were induced to purchase the Laptops

23  and pay more for the Laptops then they would have had they been fully informed of Best Buy's

24  acts, omissions, misrepresentations, practices and nondisclosures as alleged in this Class Action

25  Complaint, in violation of *inter alia*, the CLRA.

26    84.    Plaintiff seeks an order awarding restitution or disgorgement of Best Buy's

27  revenues and profits from the sale of the Laptops.

28  / / /

STONEBARGER LAW
A Professional Corporation

18

**FIRST AMENDED CLASS ACTION COMPLAINT**

1    85.    Prior to filing this Class Action Complaint, Plaintiff timely served Best Buy with

2  notice of its violation of the CLRA by certified mail, return receipt requested.  Best Buy failed to

3  provide appropriate relief for its violations of the CLRA.  As such, Plaintiff has therefore

4  complied with the 30-day notice period required by California Civil Code section 1782(a).  *See*

5  Exhibit 'B'.[5]

6    86.    As of the date of filing this Class Action Complaint, Plaintiff has not received

7  responses from Best Buy that agreed to provide for the relief requested in his letter.  As a result,

8  Best Buy has failed to provide appropriate relief for its violations of the CLRA, and Plaintiff and

9  the CLRA Subclass are entitled to recover actual damages, punitive damages, attorneys' fees and

10  costs, and any other relief the Court deems proper.

11    WHEREFORE, Plaintiff and the CLRA Subclass pray for relief as set forth below.

12  <center>**VIII.**</center>

13  <center>**THIRD CAUSE OF ACTION**
**Violations of Unfair Competition Law**

14  **California Business and Professions Code section 17200** *et seq.*
**(On Behalf of the Class Against Defendant Toshiba)**</center>

15

16    87.    Plaintiff and the Class incorporate by reference each and every preceding

17  paragraph of this Complaint as if fully set forth herein.

18    88.    Plaintiff has standing to bring this action under the UCL because he has suffered

19  injury in fact as a result of Toshiba's conduct and has lost money through his purchase of the

20  Laptop which he would not have done were it not for the material omissions by Toshiba.

21    89.    Toshiba's representations made to third party retailers, which Toshiba intends to,

22  and do, be communicated to consumers regarding the Laptops' battery life constitute unfair

23  competition in violation of the UCL.  Toshiba has engaged in conduct that is unlawful, unfair, or

24  fraudulent through a pattern of concealment of material facts that misleads and deceives the

25  public with respect to its Laptops' battery life.

26    90.    The omissions and nondisclosures of Toshiba, as alleged herein, constitute unfair,

27  unlawful, and/or fraudulent business practices within the meaning of California Business and

28

STONEBARGER LAW
A Professional Corporation

[5] Attached hereto as Exhibit 'C' is a venue declaration by Plaintiff Herron pursuant to Civil Code § 1780(d).

19

1 | Professions Code section 17200 *et seq.*, including, but in no way limited to, violations of

2 | California Civil Code section 1750 *et seq.*

3 |      91.    Plaintiff and the Class are entitled to full restitution and/or disgorgement of

4 | Toshiba's revenues and profits resulting from the sales of its Laptops.

5 |     WHEREFORE, Plaintiffs and the Class pray for relief as set forth below.

6 | <div align="center">**VIII.**</div>

7 | <div align="center">**FOURTH CAUSE OF ACTION**</div>

8 | <div align="center">**Violations of Unfair Competition Law**<br>**California Business and Professions Code section 17200 *et seq.***<br>**(On Behalf of the Class Against Defendant Best Buy)**</div>

9 |

10 |     92.    Plaintiff and the Class incorporate by reference each and every preceding

11 | paragraph of this Complaint as if fully set forth herein.

12 |     93.    Plaintiff has standing to bring this action under the UCL because he has suffered

13 | injury in fact as a result of Best Buy's conduct and has lost money through his purchase of the

14 | Laptop which he would not have done were it not for the material omissions by Best Buy.

15 |     94.    Best Buy's marketing, advertising, and sales of the Laptops constitute unfair

16 | competition in violation of the UCL.  Best Buy has engaged in conduct that is unlawful, unfair,

17 | or fraudulent through a pattern of concealment of material facts that misleads and deceives the

18 | public with respect to the Laptops' maximum battery life.

19 |     95.    The omissions and nondisclosures of Best Buy, as alleged herein, constitute

20 | unfair, unlawful, and/or fraudulent business practices within the meaning of California Business

21 | and Professions Code section 17200 *et seq.*, including, but in no way limited to, violations of

22 | California Civil Code section 1750 *et seq.*

23 |     96.    Plaintiff and the Class are entitled to full restitution and/or disgorgement of Best

24 | Buy's revenues and profits resulting from the sales of the Laptops.

25 |     WHEREFORE, Plaintiffs and the Class pray for relief as set forth below.

26 | / / /

27 | / / /

28 | / / /

<div align="center">20</div>

<div align="center">**FIRST AMENDED CLASS ACTION COMPLAINT**</div>

STONEBARGER LAW
A Professional Corporation

**IX.**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all other similarly situated Class members, and on behalf of the general public, requests the following relief:

    A.    That an order certifying the Class and the CLRA Subclass defined herein be entered designating Plaintiff as representative of said Class and CLRA Subclass and appointing Plaintiff's attorneys as Class Counsel;

    B.    For actual damages in an amount according to proof;

    C.    For compensatory damages in an amount according to proof;

    D.    For restitution in an amount according to proof;

    E.    For injunctive relief against Defendants under each cause of action;

    F.    For other equitable relief;

    G.    For attorneys' fees as provided by law;

    H.    For prejudgment interest as provided by law;

    I.    For costs of suit; and

    J.    For such other and further relief as this Court deems just and equitable.

Dated: June 26, 2012           STONEBARGER LAW, APC

By: _____
                    Gene J. Stonebarger
                    Richard D. Lambert
                    Attorneys for the Plaintiff and the Class

STONEBARGER LAW
A Professional Corporation

FIRST AMENDED CLASS ACTION COMPLAINT

# EXHIBIT "A"

75 Iron Point Circle, Suite 145
Folsom, California 95630
Telephone: (916) 235-7140
Facsimile: (916) 235-7141
www.stonebargerlaw.com

# Stonebarger Law

A Professional Corporation

Elaine W. Yan
*Attorney at Law*
eyan@stonebargerlaw.com

### NOTICE OF VIOLATION OF
### CONSUMER LEGAL REMEDIES ACT ("CLRA")

**VIA CERTIFIED MAIL**

**Return Receipt Requested**

**Toshiba America Information Systems, Inc.**
*Attn: Office of General Counsel*
9740 Irvine Boulevard
Irvine, CA 92618

March 29, 2012

**RE: Violation of the Consumer Legal Remedies Act**

Dear Sir or Madam:

     **PLEASE TAKE NOTICE** that this letter constitutes notice under the California Consumer Legal Remedies Act ("CLRA"), California Civil Code Section 1750, *et seq.*, (the "Act") - pursuant specifically to Civil Code Section 1782 - notifying Toshiba America Information Systems, Inc. ("Toshiba") of violations of the Act and of our demand that you remedy such violation within 30 days from your receipt of this letter.

     On or about December 2009, Mr. Chad Herron purchased the Toshiba Satellite L505 (the "Laptop") from the Best Buy retail store in Folsom, California. Prior to his purchase, Mr. Herron looked at Best Buy's product tags displayed with each laptop model, which listed the price and features of each laptop model. Mr. Herron looked at each product tag and decided to purchase the Toshiba Satellite Laptop based on its product tag, which reads "Battery: up to 3.32 hours." After Mr. Herron returned home and turned on the fully charged brand new Laptop, the Power Options page stated that the battery life of the computer with the "eco" setting would last approximately two (2) hours.

     Mr. Herron is informed and believes that Toshiba provided the specifications and features of the Laptop, including the length of battery life, to Best Buy for use in offering Toshiba's products to Best Buy's customers. *See* Exhibit 'A'.[1] Toshiba misrepresented the number of hours on the life of Mr. Herron's Laptop battery, inducing him to purchase the Laptop. Please be advised that the alleged unfair methods of competition or unfair or

---

[1] Attached hereto as Exhibit 'A' is a true and correct copy of a letter from Janet Lambert, the General Counsel of Best Buy Co., Inc., dated March 23, 2012.

deceptive acts or practices in violation of the Act include, but are not necessarily limited to, "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have" and/or "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." *See* Cal. Civ. Code § 1770(a)(5); (7).

Based on Toshiba's unlawful conduct, Mr. Herron, on behalf of himself and all other similarly situated California consumers, demands that Toshiba refund the purchase price paid by Mr. Herron and every other similarly situated California consumer. In the event Toshiba refuses to comply with this demand, Mr. Herron will file a class action against Toshiba alleging, among others, violations of the Act based on Toshiba's use of unfair methods of competition and/or unfair or deceptive acts or practices. Your failure to comply with this request within thirty (30) days may subject you to the following remedies, which are available for a violation of the Act:

(1) The actual damages suffered;
(2) An order enjoining you for such methods, act or practices;
(3) For restitution;
(4) Punitive Damages;
(5) Any other relief which the court deems proper; and
(6) Court costs and attorneys' fees.

This letter will constitute FURTHER NOTICE that the actions set forth above also constitute a violation of California's Business and Professions Code Sections 17200 as unfair business acts and practices.

Thank you for your attention to this matter and anticipated cooperation. If you have questions or wish to discuss the matter further, please do not hesitate to contact our office.

Very truly yours,

STONEBARGER LAW, APC

Elaine W. Yan

# EXHIBIT 'A'



# BEST BUY.

Via Email to eyan@stonbargerlaw.com

March 23, 2012

Elaine W. Yan
Stonebarger Law, A Professional Corporation
75 Iron Point Circle, Suite 145
Folsom, CA 95630

      Re:  Chad Herron

Dear Ms. Yan:

Your letter dated February 21, 2012 regarding Mr. Chad Herron was forwarded to my attention.

We have confirmed that on December 15, 2009, Mr. Herron purchased a Toshiba Satellite laptop, Model # L505-S5990 (our SKU 9549045), from Best Buy in Folsom, California. According to your letter, after he purchased the product, Mr. Herron turned on the fully charged new laptop at home and the Power Options page stated that its battery life with the "eco" setting would last approximately two hours.

As you may be aware, Toshiba America Information Systems, Inc. ("TAIS") employed MobileMark 2007 to test the battery life of specific laptops, including the subject Model, and provided the results to Best Buy for use in offering their product to our customers. You may confirm the TAIS battery life representation by referring to the toshibadirect.com website where the battery life for Model L505-S5990 is stated as "up to 3.32 hours". MobileMark 2007 does note, however, with the test results that battery life will vary due to product configuration, applications loaded on the product, the power management setting of the product and product features used by the customer.

Due to the lapse of time since Mr. Herron's purchase, I do not have access to the product tag you indicate he viewed prior to purchase representing a battery life of up to 3.3 hours. Nevertheless, the specifications Best Buy displayed for this particular unit were based on information provided by TAIS. Furthermore, while Mr. Herron indicates that the new computer, fully charged, only had an approximate life of two hours, you have not provided anything to support this statement. Nor have you indicated how the computer was configured or what additional programs your client loaded onto his computer after purchase.

As such, Best Buy denies your allegations that it misrepresented the number of hours of the life of this product's battery and that it violated California Civil Code, specifically CLRA or California's Business and Professions Code. Although Mr. Herron elected not to return the product for a refund and had the use and enjoyment of his laptop for over two years, we

PART #AS-P0041144

nonetheless appreciate his negative customer experience and therefore, will accommodate his request for a full refund of the purchase price of the product, namely: $559.74.  This offer shall remain open until April 30, 2012.

We look forward to Mr. Herron's reply to our proposed resolution.

Very truly yours,

*Janet Lambert*

Janet Lambert
Corporate Counsel
612.291.7455 *direct*
*Janet.lambert@bestbuy.com*

# EXHIBIT "B"

75 Iron Point Circle, Suite 145
Folsom, California 95630
Telephone: (916) 235-7140
Facsimile: (916) 235-7141
www.stonebargerlaw.com

## Stonebarger Law

A Professional Corporation

Elaine W. Yan
*Attorney at Law*
eyan@stonebargerlaw.com

### NOTICE OF VIOLATION OF
### CONSUMER LEGAL REMEDIES ACT ("CLRA")

**VIA CERTIFIED MAIL**

**Return Receipt Requested**

**Best Buy Co., Inc.**
*Attn: Office of General Counsel*
7601 Penn Avenue South
Richfield, MN 55423

February 21, 2012

**RE: Violation of the Consumer Legal Remedies Act**

Dear Sir or Madam:

**PLEASE TAKE NOTICE** that this letter constitutes notice under the California Consumer Legal Remedies Act ("CLRA"), California Civil Code Section 1750, et seq., (the "Act") - pursuant specifically to Civil Code Section 1782 - notifying Best Buy Co., Inc. ("Best Buy") of violations of the Act and of our demand that you remedy such violation within 30 days from your receipt of this letter.

On or about January 2010, Mr. Chad Herron purchased the Toshiba Satellite L505 (the "Laptop") from the Best Buy retail store in Folsom, California. Prior to his purchase, Mr. Herron looked at the different laptops on display in the Laptop Computer section of the Best Buy retail store. Each computer contained a product tag from Best Buy listing the price and features of each laptop model. Mr. Herron looked at each product tag and decided to purchase the Toshiba Satellite Laptop based on its product tag, which reads "Battery: up to 3.3 hours." After Mr. Herron returned home and turned on the fully charged brand new Laptop, the Power Options page stated that the battery life of the computer with the "eco" setting would last approximately two (2) hours.

Best Buy misrepresented the number of hours on the life of Mr. Herron's Laptop battery, inducing him to purchase the Laptop. Please be advised that the alleged unfair methods of competition or unfair or deceptive acts or practices in violation of the Act include, but are not necessarily limited to, "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have" and/or "[r]epresenting that goods or services are of a

particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." *See* Cal. Civ. Code § 1770(a)(5); (7).

Based on Best Buy's unlawful conduct, Mr. Herron, on behalf of himself and all other similarly situated California consumers, demands that Best Buy refund the purchase price paid by Mr. Herron and every other similarly situated California consumer. In the event Best Buy refuses to comply with this demand, Mr. Herron will file a class action against Best Buy alleging, among others, violations of the Act based on Best Buy's use of unfair methods of competition and/or unfair or deceptive acts or practices. Your failure to comply with this request within thirty (30) days may subject you to the following remedies, which are available for a violation of the Act:

(1) The actual damages suffered;
(2) An order enjoining you for such methods, act or practices;
(3) For restitution;
(4) Punitive Damages;
(5) Any other relief which the court deems proper; and
(6) Court costs and attorneys' fees.

This letter will constitute FURTHER NOTICE that the actions set forth above also constitute a violation of California's Business and Professions Code Sections 17200 as unfair business acts and practices.

Thank you for your attention to this matter and anticipated cooperation. If you have questions or wish to discuss the matter further, please do not hesitate to contact our office.

Very truly yours,

STONEBARGER LAW, APC

Elaine W. Yan

EXHIBIT "C"

1    Gene J. Stonebarger, State Bar No. 209461
     Richard D. Lambert, State Bar No. 251148
2    Elaine W. Yan, State Bar No. 277961
     STONEBARGER LAW
3    A Professional Corporation
     75 Iron Point Circle, Ste. 145
4    Folsom, CA 95630
     Telephone: (916) 235-7140
5    Facsimile: (916) 235-7141

6    *Attorneys for Plaintiff and the Class*

7

8                    **SUPERIOR COURT OF CALIFORNIA**

9                       **COUNTY OF SACRAMENTO**

10

11   CHAD HERRON, individually, on behalf of      )   CASE NO.
     himself and all others similarly situated,    )
12                                                  )   **CLASS ACTION**
                              Plaintiffs,           )
13                                                  )   **DECLARATION OF CHAD HERRON
                    vs.                             )   IN SUPPORT OF VENUE PURSUANT
14                                                  )   TO CALIFORNIA CIVIL CODE
     BEST BUY CO. INC., a Minnesota corporation;)   SECTION 1780(d)**
15   TOSHIBA AMERICA INFORMATION             )
     SYSTEMS, INC., a California corporation; and )
16   DOES 1-100, inclusive                         )
                                                    )
17                            Defendants.           )
                                                    )
18   _____ )

19          I, CHAD HERRON, state and declare as follows:

20          1.      I am the Plaintiff in the above-entitled action. I am a competent adult over

21   eighteen years of age and I have personal knowledge of the following facts for which I could and

22   would competently testify to under oath and in open court if called to do so.

23          2.      I am a resident of the County of Sacramento, in the State of California. The facts,

24   transactions, and occurrences set forth in the Class Action Complaint took place in the County of

25   Sacramento, in the State of California. I am also informed and believe, and on that basis allege,

26   that both Defendant Best Buy Company, Inc. and Defendant Toshiba America Information

27   Systems, inc., operate, transact, and conduct business in the State of California and in the County

28   of Sacramento. I bring this action on behalf of myself and all others similarly situated. I am

                                              -1-
     DECLARATION OF CHAD HERRON IN SUPPORT OF VENUE PURSUANT TO
                 CALIFORNIA CIVIL CODE SECTION 1780(d)

1  informed and believe that the appropriate venue of this matter is the Superior Court in and for the

2  County of Sacramento in the State of California.

3       I declare under penalty of perjury under the laws of the State of California and the laws

4  of the United States of America that the foregoing is true and correct and that this Declaration

5  was executed on this _12_ day of May of 2017 in _FoLSom_, California.

6

7

8                              Chad Herron

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STONEBARGER LAW
A Professional Corporation

-2-

DECLARATION OF CHAD HERRON IN SUPPORT OF VENUE PURSUANT TO
CALIFORNIA CIVIL CODE SECTION 1780(d)



**SUPERIOR COURT OF CALIFORNIA**
**County of Sacramento**
**720 9ᵗʰ Street**
**Sacramento, CA 95814**
**(916) 874-5522—Website www.saccourt.ca.gov**

# ALTERNATIVE DISPUTE RESOLUTION
# INFORMATION SHEET

Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the Superior Court of California, County of Sacramento (Sacramento County Superior Court), strongly encourages parties in civil cases to explore and pursue the use of Alternative Dispute Resolution.

**What is Alternative Dispute Resolution?**

Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Types of ADR processes include:

- Arbitration
- Mediation
- Settlement Conferences
- Private judging
- Neutral evaluation
- Mini-trials
- Negotiation and *hybrids* of these processes

All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes. At the present time, the Sacramento County Superior Court offers Mediation and Arbitration.

**What are the advantages of using ADR?**

ADR can have a number of advantages over traditional court litigation.

- **ADR can save time.** Even in a complex case, a dispute can be resolved through ADR in a matter of months or weeks, while a lawsuit can take years.

- **ADR can save money.** By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorneys fees and court expenses.)

- **ADR provides more participation.** Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses exclusively on the parties' legal rights and responsibilities.

- **ADR provides more control and flexibility.** Parties can choose the ADR process most appropriate for their particular situation and that will best serve their particular needs.

- **ADR can reduce stress and provide greater satisfaction.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation. Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

**Arbitration and Mediation**

Although there are many different types of ADR processes, the forms most commonly used to resolve disputes in California state courts are Arbitration and Mediation. The Sacramento County Superior Court currently offers pre-screened panelists with experience and training in each of the following areas.

**Arbitration.** An Arbitrator hears evidence presented by the parties, makes legal rulings, determines facts and makes an Arbitration award. Arbitration awards may be entered as judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with California statutes. Arbitration can be binding if the parties so agree in writing. If there is no such agreement, either party can reject the Arbitration award and request a trial



<u>Superior Court of California, County of Sacramento</u>
Case Management

**Mediation.** Mediation is a voluntary, informal, confidential process in which the Mediator, a neutral third party, facilitates settlement negotiations. The Mediator improves communication by and among the parties, helps parties clarify facts, identify legal issues, explore options and arrive at a mutually acceptable resolution of the dispute.

Litigants are encouraged to use an ADR process as early in the case as circumstances permit. All appropriate cases will be reviewed for referral to ADR at the Case Management Conference.

**Note: A *Mediation Statement* must be filed with the *Case Management Statement*.**

**ADR Procedures for the Sacramento County Superior Court**

Upon filing a complaint or cross-complaint, the plaintiff/cross-complainant must acquire this information sheet from the the Court Website, www.saccourt.ca.gov, or the Superior Court Clerk. **Plaintiff is required to include the ADR Information Sheet when he or she serves the Complaint on the Defendant.**

**Mediation.**
All parties to the dispute may voluntarily agree to submit the case to a neutral Mediator, either through a court-appointment or through a private arrangement. **A *Stipulation and Order to Mediation* may be filed with the court at any time up to 15 calendar days prior to the Case Management Conference (CMC).** The parties may choose either of the following Mediation choices:

> **Private Mediation.** Parties to a civil action agree to mediate their dispute with a Mediator of their choice without court assistance. The cost of Mediation must be borne by the parties equally unless the parties agree otherwise. Parties will be charged an amount as set by the Mediator (refer to the ADR Panel List for current rates).

> **Court Mediation.** Upon stipulation of the parties, a Mediator and alternate Mediator will be selected from the court-approved list of neutrals (ADR Panel List) and compensated pursuant to Local Rule 12.23. The court will confirm the selected Mediator and notice parties by mail.

> The Mediator is then responsible for contacting the parties to confirm a date, time, and place for Mediation. Mediators on the court's approved ADR Panel List have agreed to the court's payment schedule of $200 for up to 3 hours of Mediation. In the event the Mediation extends beyond 3 hours and parties determine it would be beneficial to continue the Mediation process; the parties will independently be responsible for compensating the Mediator in an amount as set by the Mediator.

The court's ADR Panel List is available on-line at http://www.saccourt.ca.gov or may be obtained at the Civil Filing Counter at the Gordon D. Schaber Sacramento County Courthouse, 720 Ninth Street, Room 101, Sacramento, CA 95814.

If the parties do not stipulate to Mediation prior to their CMC, they may indicate their willingness to stipulate to Mediation at the CMC. **In that event, parties must submit a *Stipulation and Order to Mediation (see attached)* within 14 calendar days after their CMC.**

**Arbitration**
If the parties do not stipulate to Mediation - plaintiff may elect, the parties may stipulate, or the judge may Order the case to Arbitration. Parties will be asked to select an Arbitrator and an alternate Arbitrator from the court's ADR Panel List. The court will send a Notice of Appointment and an appropriate Order to Arbitration to all parties.

Arbitrations are conducted pursuant to California Rules of Court, rules 3.810 through 3.830, and Local Rules Chapter 12, Part 2. Unless otherwise stipulated, an Award of Arbitrator is not binding upon the parties provided that they file a timely Request for Trial De Novo pursuant to California Rules of Court, rule 3.826. Upon the filing of a timely Request for Trial De Novo, the case will proceed to a Trial-Setting Conference. If no timely Request for Trial De Novo is filed, judgment based upon the Award of Arbitrator will be entered pursuant to California Rules of Court, rule 3.827.

**Additional Information**

For more information on the specific ADR programs of the Sacramento Superior Court, please review the Local Rules of the Sacramento Superior Court, available at all court locations and on-line at

Alternative Dispute Resolution

CT Corporation

**Service of Process
Transmittal**
07/13/2012
CT Log Number 520859005

**TO:**    David J Harshman, General Counsel
Toshiba America Information Systems, Inc
9740 Irvine Blvd.
Irvine, CA 92618-1697

**RE:    Process Served in California**

**FOR:**    Toshiba America Information Systems, Inc. (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Chad Herron, individually, on behalf of himself and all others similarly situated, Pltfs. vs. Best Buy Co. Inc., etc., et al. including Toshiba America Information Systems, Inc., etc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, First Amended Complaint, Exhibit(s), Cover Sheet, ADR Information Sheet |
| **COURT/AGENCY:** | Sacramento County - Superior Court - Sacramento, CA<br>Case # 34201200126518 |
| **NATURE OF ACTION:** | Product Liability Litigation - Class Action - Misrepresentation of battery life on Toshiba laptops - Seeking injunctive relief |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/13/2012 at 14:45 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Richard D. Lambert<br>Stonebarger Law, APC<br>75 Iron Point Circle<br>Suite 145<br>Folsom, CA 95630<br>916-235-7140 |
| **REMARKS:** | Please note that Page 2 of the Cover Sheet was not received with the documents at the time of service. |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex Standard Overnight , 798620425630<br>Image SOP<br>Email Notification, Thomas Gallatin TGALLATIN@TAI.TOSHIBA.COM<br>Email Notification, David J Harshman david.harshman@tais.toshiba.com<br>Email Notification, Diana Vilkaitis diana.vilkaitis@tais.toshiba.com<br>Email Notification, Gary Sedlik gary.sedlik@tais.toshiba.com<br>Email Notification, Timothy Fraser tfraser@tai.toshiba.com<br>Email Notification, Claudia Velandia-Onofre conofre@tai.toshiba.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / JL

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.