Gene J. Stonebarger, State Bar No. 209461
gstonebarger@stonebargerlaw.com
Richard D. Lambert, State Bar No. 251148
rlambert@stonebargerlaw.com
Elaine W. Yan, State Bar No. 277961
eyan@stonebargerlaw.com
STONEBARGER LAW
A Professional Corporation
75 Iron Point Circle, Ste. 145
Folsom, CA 95630
Telephone: (916) 235-7140
Facsimile: (916) 235-7141

*Attorneys for Plaintiff and the Class*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD HERRON, individually, on behalf of himself and all others similarly situated,<br><br>                    Plaintiffs,<br><br>    vs.<br><br>BEST BUY STORES, LP, a Virginia limited partnership; BESTBUY.COM, LLC, a Virginia limited liability company; TOSHIBA AMERICA INFORMATION SYSTEMS, INC., a California corporation; and DOES 3-100, inclusive<br><br>                    Defendants. | CASE NO.: 12-CV-02103-GEB-JFM<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>**1. VIOLATIONS OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT; AND**<br><br>**2. VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW.**<br><br><br>**DEMAND FOR A JURY TRIAL** |

STONEBARGER LAW
A Professional Corporation

---

**SECOND AMENDED CLASS ACTION COMPLAINT**

Plaintiff Chad Herron ("Plaintiff"), on behalf of himself and all others similarly situated, and demanding a jury trial, complains and alleges of Defendants Best Buy Stores, LP and BestBuy.com, LLC (collectively "Best Buy"), Toshiba America Information Systems, Inc. ("Toshiba"), and DOES 1 through 100, inclusive (collectively "Defendants") as follows:

**I.**

**<u>INTRODUCTION</u>**

1.      This is a consumer class action against Best Buy and Toshiba on behalf of Plaintiff and all similarly situated individuals who have purchased a laptop computer or notebook, including Toshiba-brand laptop computers or notebooks, from Best Buy (either in a retail store or on its website) in the State of California, and who were exposed to the representation that the purchased laptop or notebook would have a battery life of "up to" a specified duration when the represented duration was based on the results of testing the laptop or notebook pursuant to MobileMark 2007 (the "Laptops").

2.      The present case arises from Defendants' direct misrepresentations and material omissions with respect to the represented battery life of the Laptops made to consumers in the State of California.  Specifically, each Laptop's represented battery life is based on the results of the Laptop's testing under MobileMark 2007 ("MM07").  Pursuant to MM07's testing protocol and procedure each Laptop is tested with: (i) its screen set to 60 nits; (ii) its Wi-Fi, Bluetooth, and other wireless functions disabled; and (iii) its main processor chip set to 5% to 7.5% of its normal capacity.

3.      Using the result of MM07 testing to represent to consumers the maximum battery life is misleading, deceiving, and fraudulent as the represented "up to" maximum battery life is a number without any realistic correlation to the battery life that a consumer can reasonably expect to experience as, pursuant to MM07, the Laptops are tested under unrealistic, skewed, and unreasonable testing parameters that bear no rational relationship to a reasonable consumer's anticipated or actual use of the Laptop.

4.      A consumer can never achieve the maximum battery life represented by Defendants unless the Laptop was used under the exact circumstances under which it was tested

**SECOND AMENDED CLASS ACTION COMPLAINT**

STONEBARGER LAW
A Professional Corporation

1  pursuant to MM07's testing protocol and procedure.  However, such circumstances are not

2  remotely practical for a consumer to duplicate given that the computer is largely unusable and

3  non-functional, and thus, simply *using* the Laptops prevents consumers from ever achieving the

4  represented maximum battery life.

5      5.      In sum, the maximum battery life represented by Defendants bears no rational or

6  reasonable relationship to how an average consumer could be expected to use, or actually uses,

7  the Laptops, and consumers can never achieve the represented maximum battery life but only

8  significantly less when using the Laptops under any circumstances beyond the testing parameters

9  of MM07.

10     6.      As a result of Defendants' conduct as alleged herein, Defendants have reaped

11 significant profits, and Plaintiff and the Class have suffered actual damages in that they were

12 induced to purchase the Laptops and pay more for the Laptops than they would have had

13 Defendants not falsely represented that the Laptops had a battery life that was substantially more

14 than the Class member could reasonably expect to experience, and would actually experience,

15 when using the Laptops.

## II.

## JURISDICTION AND VENUE

18     7.      This action is within the original jurisdiction of this Court by virtue of 28 U.S.C.

19 section 1332(d)(2).  Plaintiffs and Defendants are citizens of different states and the amount in

20 controversy of this class action exceeds the sum of $5,000,000, exclusive of interest and costs.

21     8.      Venue is proper in the Eastern District of California under 28 U.S.C. section 1391

22 (b) and (c).  A substantial part of the events and conduct giving rise to the violations of law

23 complained of herein occurred in or emanated from the Eastern District of California.  Plaintiff is

24 domiciled in the Eastern District of California, the wrongs complained of herein originated or

25 emanated from the Eastern District of California, and Defendants conduct business with

26 consumers in the Eastern District of California.

27 / / /

28 / / /

STONEBARGER LAW
A Professional Corporation

**SECOND AMENDED CLASS ACTION COMPLAINT**

STONEBARGER LAW
A Professional Corporation

### III.

### PARTIES

**A.     Plaintiff Chad Herron**

9.     Plaintiff Chad Herron is an individual over the age of eighteen (18) years old and who is and was, at all times mentioned herein, a resident of Sacramento County in the State of California.

10.     In or about January 2010, Plaintiff went to a Best Buy retail store in Folsom, California to select and purchase a new laptop computer for his personal, household or family use.  While determining which brand and model of laptop to purchase, Plaintiff looked at the different laptops on display in Best Buy's retail store.  Various brands of laptops were being sold, including but not limited to Dell, Hewlett-Packard, Toshiba, Sony, and Samsung.

11.     Each laptop computer contained a Best Buy product tag which represented, among other features, the battery life for each laptop on display as being "Up To" a specific number of hours (or fraction thereof).

12.     Plaintiff looked at each product tag and decided to purchase the Toshiba Satellite L505 based substantially on his reliance on the representation that the battery life for that model was "up to 3.32 hours."

13.     Plaintiff reasonably believed that the represented battery life of "up to 3.32 hours" was reflective of how long Plaintiff could expect his laptop to operate when being powered solely by its battery.

14.     Plaintiff's belief was based largely on the fact that there was no disclaimer, qualifier, or any other language on the product tag indicating that the represented battery life was determined by testing the laptop with: (i) its screen set to 60 nits; (ii) its Wi-Fi, Bluetooth, and other wireless functions disabled; and (iii) its main processor chip set to 5% to 7.5% of its normal capacity.

15.     In the years since Plaintiff purchased his laptop, he has never once achieved even close to the represented 3.32 hours of battery life.

/ / /

**SECOND AMENDED CLASS ACTION COMPLAINT**

16.     Plaintiff paid more for his laptop than he would have paid had Defendants not misrepresented the maximum battery life or had the material fact not been concealed or omitted that the battery life for his laptop was determined by testing the machine pursuant to MM07 which meant that the laptop was tested with: (i) its screen set to 60 nits; (ii) its Wi-Fi, Bluetooth, and other wireless functions disabled; and (iii) its main processor chip set to 5% to 7.5% of its normal capacity.

**B.     Defendant Best Buy Stores, LP[1]**

17.     Defendant Best Buy Stores, LP is a limited partnership organized under the laws of Virginia. At all times mentioned herein, Defendant Best Buy Stores, LP sold, and continues to sell, various consumer products through its brick-and-mortar big box stores to consumers throughout the State of California, including Eastern District of California.

**C.     Defendant BestBuy.com, LLC**

18.     Defendant BestBuy.com, LLC is a limited liability company organized under the laws of Virginia. At all times mentioned herein, Defendant BestBuy.com, LLC sold, and continues to sell, various consumer products through its website to consumer throughout the State of California, including Eastern District of California.

**D.     Defendant Toshiba America Information Systems, Inc.**

19.     Defendant Toshiba America Information Systems, Inc. is a corporation organized under the laws of the State of California with its principal place of business in Irvine, California. At all times mentioned herein, Toshiba sells various consumer products both through its website and to third party retailers such as Best Buy throughout the State of California, including Eastern District of California.

**E.     Doe Defendants**

20.     Plaintiff is unaware of the true names, capacities, or basis for liability of Defendants Does 1 through 100, inclusive, and therefore sues said Defendants by their fictitious names.  Plaintiff will amend his complaint to allege their true names, capacities, or basis for liability when the same have been ascertained.  Plaintiffs are informed and believe, and on that

---

[1] Defendant Best Buy Co., Inc. was dismissed without prejudice by stipulation of the parties on March 1, 2013.

**SECOND AMENDED CLASS ACTION COMPLAINT**

STONEBARGER LAW
A Professional Corporation

STONEBARGER LAW
A Professional Corporation

1   basis allege, that Defendants Does 1 through 100, inclusive, and each of them, are in the same

2   manner liable to Plaintiff and/or are proper and necessary parties to this action in light of the

3   relief requested.

4   **F.     Aiding and Abetting**

5           21.     Plaintiff is informed and believes, and on that basis alleges, that all Defendants,

6   including fictitious Doe Defendants, were at all relevant times acting as actual agents,

7   conspirators, ostensible agents, partner and/or joint venturers and employees of all other

8   Defendants, and on that all acts alleged herein occurred within the course and scope of said

9   agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the

10  express and/or implied permissions, knowledge, consent, authorization and ratification of their

11  Co-Defendants; however, each of these allegations are deemed "alternative" theories whenever

12  doing so would result in a contradiction with the other allegations.

13                                          **IV.**

14                              **FACTUAL ALLEGATIONS**

15          22.     Each year, consumers purchase hundreds of thousands of laptop computers and

16  notebooks in the United States, including the State of California.

17          23.     Portability is one of the key features for consumers purchasing a laptop or

18  notebook computer, as consumers often take their laptops and notebooks to locations without

19  electrical outlets, such as coffee shops, college classes, airplanes, commuter trains, and public

20  parks.

21          24.     When a consumer uses a laptop computer or notebook without an electrical outlet

22  power source, the computer uses the electrical power from the laptop's built-in computer battery.

23  Accordingly, the battery life of laptops and notebooks is one of the primary factors consumers

24  consider when determining which laptop to purchase.

25          25.     As aptly stated by Ketan Pandya, head of AMD-based products at Dell,

26  "Customers expect the advertised battery life to reflect the way they really use the product." [2]

27  / / /

28  _____

[2] http://www.thedailybeast.com/newsweek/2009/06/18/hurry-up-and-type.html.

**SECOND AMENDED CLASS ACTION COMPLAINT**

**A.    MobileMark 2007**

26.    MobileMark 2007 ("MM07") is a benchmark test created in 2008 by Business Application Performance Corp. ("BAPCo") to measure battery life in laptop computers and notebooks.

27.    BAPCo is a non-profit consortium of leading computer manufacturers, semiconductor manufacturers and software publishers.  Its members include AMD, Apple, ARCintuition, Atheros Communications, CNET, Compaq, Dell, Hewlett-Packard, Intel, Lenovo, Microsoft, NVIDIA, Toshiba, VIA Technologies, VNU Business Publications Limited (UK), ZDNet, and Ziff Davis Media.

28.    When measuring a laptop computer or notebook's battery life using MM07, standard protocol requires the computer screen to be set to "60 nits." A "nit" is a unit of luminance.  A standard Liquid Crystal Display ("LCD") computer monitor has a brightness of approximately 240 to 300 nits.  Setting the computer monitor brightness to 60 nits is akin to setting the brightness to 20% to 30% of its normal level.  In some lighting conditions, setting the screen to 60 nits makes the screen barely readable.

29.    Furthermore, MM07 does not specify whether Wi-Fi, Bluetooth, and other wireless devices must be turned on during testing.  As a result, MM07 testing is performed when the computer's Wi-Fi, Bluetooth, and other wireless functions are disabled so that the computer is not drawing power from the battery to perform these functions.

30.    MM07 testing is also performed when the main processor chip is set to 5% to 7.5% of its normal capacity.  When a computer's processor is at 5% to 7.5% of its capacity the computer is essentially running in an idle state.

31.    With each of the foregoing "adjustments" in place, MM07 then tests the computer's battery life under three separate performance measures:

a.    "DVD Test" - a DVD movie is played until the battery dies (significant battery usage);

b.    "Productivity Test" - the software directs the computer to perform common office activities, including document management, data processing, file management and rich content

**SECOND AMENDED CLASS ACTION COMPLAINT**

STONEBARGER LAW
A Professional Corporation

1    creation (the middle-of-the-road scenario); and

2         c.    "Reading Test" - an automated script pretends to read a PDF document pausing

3    two minutes on each page (minimal battery usage).

4         32.    MM07 does not provide an "overall" rating; rather, the computer is given three

5    scores, one for each category (DVD, Productivity, and Reader).  The laptop manufacturer or

6    retailer may choose which score to report to consumers.

7    **B.    Criticism of the Use of MobileMark 2007**

8         33.    In March 2009, AMD, a leading computer chip manufacturer which supplies

9    processing chips, conveyed that MM07 was flawed in that the benchmark bore no resemblance

10   to the real-life and everyday uses of laptop computers and notebooks and contained several

11   loopholes which allowed laptop computer manufacturers to game the system and make

12   exaggerated battery life claims.[3]

13        34.    Patrick Moorhead, Senior Vice President and Chief Marketing Officer for AMD,

14   which was a member of BAPCo until 2011, stated in a Newsweek Magazine article on March 12,

15   2009, "The issue is we are not being entirely honest with users about what PC battery life they

16   can expect to actually experience. There's only three endings to this story.  Either the industry

17   regulates itself, or the FTC steps in and regulates us, or we get hit with a class action."[4]

18        35.    AMD has made several different proposals to BAPCo to eliminate the current

19   fraudulent and misleading reporting of battery life.  One proposal was to use the 3DMark06, a

20   still-flawed but more realistic battery life standard.  Neither the 3DMark06 proposal, or any other

21   alternative proposal, has ever been approved or adopted by BAPCo due to objections by its

22   members.  Citing confidentiality, BAPCo has refused to publish the AMD proposals and the

23   minutes of its meetings.

24        36.    BAPCo has also refused to publish the results of all three tests (DVD,

25   Productivity, and Reading) for the laptops that have been tested under the MM07 benchmark.

26   / / /

27

28   ---
     [3] http://www.thedailybeast.com/newsweek/2009/06/18/hurry-up-and-type.html.
     [4] *Id.*

STONEBARGER LAW
A Professional Corporation

7

**SECOND AMENDED CLASS ACTION COMPLAINT**

**C.     Toshiba's Fraudulent and Deceptive Practices**

37.     Toshiba is an international manufacturer of laptop computers and notebooks. Toshiba tests its laptops' and notebooks' battery life using MM07.

38.     When reporting the battery life of each laptop and notebook to third party retailers, such as Best Buy, Toshiba specifically conveys to the retailer the results of each Laptop's battery life based upon the Laptop's MM07 results.  Toshiba conveys the results of the Laptop's MM07 test with the intention and desire that these third party retailers will, in turn, represent to consumers these results.

39.     Toshiba's use of the results from MM07 is misleading and deceptive as the results grossly overstate the battery life the consumer can expect to experience insofar as the represented maximum battery life could never be achieved when the computer was used in normal, practical, and realistic circumstances as a consumer, when using the computer under normal, practical, and realistic circumstances would not: (i) set the computer's screens to 60 nits; (ii) disable to the computer's Wi-Fi, Bluetooth, and other wireless functions; and (iii) set the computer's main processor chip to 5% to 7.5% of its normal capacity.

40.     Toshiba's use of the testing results of MM07 to represent the battery life of its Laptops was, and is, likely to deceive or mislead consumers based on the fact that under MM07, the Laptop is tested under unrealistic, skewed, and manipulated testing parameters that bear no rational relationship to a reasonable consumer's expected use of a Laptop as MM07's testing parameters are not remotely practical for a consumer to duplicate given that the computer is largely unusable and non-functional.

41.     Toshiba knows and understands the misleading nature of the results it provides to third party retailers and otherwise publicizes to consumers but continues to make false and deceptive claims of battery life based upon the results of MM07 testing.  The clear intent of Toshiba in choosing to represent its Laptops' battery lives in this manner is to mislead consumers into believing that the Laptops have a far longer battery life than the consumer can expect to actually experience.

/ / /

**SECOND AMENDED CLASS ACTION COMPLAINT**

STONEBARGER LAW
A Professional Corporation

42.     Toshiba engaged in a successful and illegal fraud on California consumers in which it deliberately, intentionally, and fraudulently caused California consumers to believe that that they would experience a much greater battery life in the Laptops than they could realistically expect by representing to consumers a supposed maximum battery life duration when such a duration was determined under unrealistic, skewed, and manipulated testing parameters that bear no rational relationship to a reasonable consumer's expected use of the Laptop as MM07's testing parameters - in which the Laptops': (i) screens are set to 60 nits; (ii) Wi-Fi, Bluetooth, and other wireless functions are disabled; and (iii) main processor chips are set to 5% to 7.5% of normal capacity - are not remotely practical for a consumer to duplicate given that the computer is largely unusable and non-functional.

**D.     Best Buy's Fraudulent and Deceptive Practice**

43.     In Best Buy's retail stores, each Laptop computer and notebook has a Best Buy "product tag" which contains the price and a brief description of the features of the Laptop or notebook.  One prominent feature is "Battery."

44.     After the word "Battery," the product tag lists the Laptop's battery life as being "up to" a specified number of hours.  Best Buy represented Plaintiff's Laptop battery life to be "up to 3.32 hours."

45.     There is not any explanation as to how the "up to" hours was derived on the product tag or elsewhere and there is no mention of MM07 or any information with respect to how the represented battery life was determined.

46.     Likewise on Best Buy's website, each Laptop computer is described by its "specifications" which includes, among others, processor speed, screen size, and system memory (RAM).  Also included with each laptop's "specifications" is each Laptop's battery life which is represented as being "up to" a specified number of hours (or fraction thereof).

47.     On the website, the represented battery life information is a hyperlink that when clicked upon displays the following information in a pop-up box:

Battery Life

Battery life tested using MobileMark 2007. Battery life will vary depending on the product configuration, product model, applications loaded on the product,

STONEBARGER LAW
A Professional Corporation

1   power management setting of the product, and the product features used by the
2   customer. As with all batteries, the maximum capacity of this battery will
    decrease with time and usage.

3       48.    Other than the statement that the Laptop's battery life was tested using

4   MobileMark 2007 (for which no information is provided), there is not any explanation as to how

5   the "up to" hours was calculated or any other information.

6       49.    The "up to" battery life representations on Best Buy's product tags and on its

7   website are not limited to Laptops manufactured by Toshiba; rather, such representations are

8   common and identical regardless of the manufacturer of the Laptop, and this common course of

9   conduct on the part of Best Buy with respect to its representations as to battery life is universally

10  misleading, deceiving, fraudulent and unlawful to the extent the Laptop was tested under MM07

11  and the results of such testing were represented to consumers on the product tag.

12      50.    Best Buy's use of the results from MM07 is misleading and deceptive as the

13  results grossly overstate the battery life the consumer can expect to experience insofar as the

14  represented maximum battery life could never be achieved when the Laptop was used in normal,

15  practical, and realistic circumstances as a consumer, when using the computer under normal,

16  practical, and realistic circumstances would not: (i) set the computer's screens to 60 nits; (ii)

17  disable to the computer's Wi-Fi, Bluetooth, and other wireless functions; and (iii) set the

18  computer's main processor chip to 5% to 7.5% of its normal capacity.

19      51.    Best Buy's use of the testing results of MM07 to represent the battery life of its

20  Laptops was, and is, likely to deceive or mislead consumers based on the fact that under MM07,

21  the computer is tested under unrealistic, skewed, and manipulated testing parameters that bear no

22  rational relationship to a reasonable consumer's expected use of a Laptop as MM07's testing

23  parameters are not remotely practical for a consumer to duplicate given that the computer is

24  largely unusable and non-functional.

25      52.    Best Buy knows and understands the misleading nature of the results it provides

26  to consumers but continues to make false and deceptive claims of battery life based upon the

27  results of MM07 testing.  The clear intent of Best Buy in choosing to represent the Laptops'

28  battery lives in this manner is to mislead consumers into believing that the Laptops have a far

1    longer battery life than the consumer will actually experience.

2        53.    Best Buy, at no time and by no means, disclosed to Plaintiff and the Class that the

3    representations of its Laptops' battery lives were based on a false and deceptive standard and that

4    the Laptops' actual battery lives were substantially less than that represented by Best Buy.  This

5    omission was material because a reasonable consumer would deem the representation of a

6    Laptop's battery life important in determining whether to purchase a Laptop, especially

7    considering that battery life is a primary factor consumers consider in making their purchase.

8        54.    As a result of Best Buy's failure to convey these material facts, Best Buy

9    fraudulently, unfairly, and unlawfully caused Plaintiff and the Class to believe that they would

10   experience a much greater battery life in the Laptops they purchased than they could, and would,

11   ultimately experience.

12       55.    Best Buy was under a duty to Plaintiff and the Class to disclose the material facts

13   because Best Buy made partial representations to Plaintiff and the Class that were misleading

14   and because the material facts set forth in paragraph 50 were not disclosed.

15       56.    Best Buy engaged in a successful and illegal fraud on California consumers in

16   which it deliberately, intentionally, and fraudulently caused California consumers to believe that

17   that they would experience a much greater battery life in the Laptops than they could realistically

18   expect by representing to consumers a supposed maximum battery life duration when such a

19   duration was determined under unrealistic, skewed, and manipulated testing parameters that bear

20   no rational relationship to a reasonable consumer's expected use of the Laptop as MM07's testing

21   parameters - in which the Laptops': (i) screens are set to 60 nits; (ii) Wi-Fi, Bluetooth, and other

22   wireless functions are disabled; and (iii) main processor chips are set to 5% to 7.5% of normal

23   capacity - are not remotely practical for a consumer to duplicate given that the computer is

24   largely unusable and non-functional.

25       57.    Best Buy further engaged in a successful and illegal fraud on California

26   consumers in which it deliberately, intentionally, and fraudulently caused California consumers

27   to believe that that they would experience a much greater battery life in the Laptops than they

28   could realistically expect by failing to disclose that the potential battery life was derived while:

STONEBARGER LAW
A Professional Corporation

11
**SECOND AMENDED CLASS ACTION COMPLAINT**

1 (i) the Laptops' screens are set to 60 nits; (ii) the Laptops' Wi-Fi, Bluetooth, and other wireless

2 functions are disabled; and (iii) the Laptops' main processor chip is set to 5% to 7.5% of its

3 normal capacity

**V.**

**CLASS ALLEGATIONS**

6     58.     The following Class and Subclasses may properly be maintained as a class action

7 pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> Class: All individuals who, in the State of California, purchased a Laptop from Best Buy between June 14, 2008 and continuing through the date of trial, and who were exposed to any representation that the purchased Laptop would have a battery life of "up to" a specified number of hours (the "Class").
>
> > Toshiba Subclass: All individuals who, in the State of California, purchased a Toshiba-brand Laptop from Best Buy between June 14, 2009 and continuing through the date of trial, and who were exposed to any representation that the purchased Laptop would have a battery life of "up to" a specified number of hours (the "Toshiba Subclass").
> >
> > CLRA Subclass: All individuals who, in the State of California, purchased for personal, family, or household purposes, a Laptop from Best Buy at any time between June 14, 2009, and who were exposed to any representation that the purchased Laptop would have a battery life of "up to" a specified number of hours (the "CLRA Subclass").[5]

17 Excluded from the Class are: Defendants, their officers, directors and employees, and any entity

18 in which either Toshiba or Best Buy has a controlling interest, the agents, affiliates, legal

19 representatives, heirs, attorneys at law, attorneys in fact or assignees thereof.

20     59.     Throughout discovery in this litigation, Plaintiff may find it appropriate and/or

21 necessary to amend the definition of the Class. Plaintiff will formally define and designate a

22 class definition when they seek to certify the Class alleged herein.

23     60.     **Ascertainable Class:** The Class is ascertainable in that each member can be

24 identified using information contained in Defendants' records.

25     61.     **Common Questions of Law or Fact Predominate:** There is a well-defined

26 community of interest among the Class. The questions of law and fact common to the Class

---

[5] Plaintiff is a representative, and member, of the Class, the Toshiba Subclass, and the CLRA Subclass. Because all members of the Toshiba Subclass and CLRA Subclass are also members of the Class, Plaintiff will refer to the Class, the Toshiba Subclass, and the CLRA Subclass collectively as the "Class" unless otherwise specified.

**SECOND AMENDED CLASS ACTION COMPLAINT**

STONEBARGER LAW
A Professional Corporation

predominate over questions which may affect individual Class members.  These questions of law and fact include, but are not limited to, the following:

a.      Whether Best Buy represented to Plaintiffs and the Class that the Laptops had a battery life of "up to" a specific number of hours (or fraction thereof);

b.      Whether Best Buy represented to Plaintiffs and the Class that the Laptops had a battery life of "up to" a specific number of hours (or fraction thereof) on the Laptops' product tags;

c.      Whether Best Buy's representation as to the Laptops' battery life to Plaintiff and the Class were based on the results of the Laptop's MM07 results;

d.      Whether Best Buy's representing the Laptops' battery lives using the results from MM07 testing was likely to deceive members of the public including Plaintiff and the Class;

e.      Whether Best Buy's representing the Laptops' battery lives using the results from MM07 testing was misleading, deceptive, and/or fraudulent;

f.      Whether Best Buy fraudulently concealed from and/or failed to disclose to Plaintiff and the Class that the represented battery life was calculated when: (i) the Laptops' screens are set to 60 nits; (ii) the Laptops' Wi-Fi, Bluetooth, and other wireless functions are disabled; and (iii) the Laptops' main processor chip is set to 5% to 7.5% of its normal capacity;

g.      Whether Best Buy fraudulently concealed from and/or failed to disclose to Plaintiff and the Class that the test results under MM07 does not accurately measure the battery life that a consumer could reasonably expect to experience;

h.      Whether Best Buy had a duty to Plaintiff and the Class to disclose that when arriving at the represented battery life the: (i) the Laptops' screens are set to 60 nits; (ii) the Laptops' Wi-Fi, Bluetooth, and other wireless functions are disabled; and (iii) the Laptops' main processor chip is set to 5% to 7.5% of its normal capacity;

i.      Whether the facts relating to the Laptops that were concealed and/or otherwise not disclosed by Best Buy to Plaintiff and the Class were material facts;

/ / /

---

13

**SECOND AMENDED CLASS ACTION COMPLAINT**

STONEBARGER LAW
A Professional Corporation

j.      Whether as a result of Best Buy's concealment and/or failure to disclose those material facts, Plaintiff and the Class acted to their detriment by purchasing the Laptops;

k.      Whether Best Buy engaged in unfair competition and/or unfair deceptive acts and/or practices in violation of California's Consumer Legal Remedies Act;

l.      Whether Best Buy's acts or practices were fraudulent within the meaning of California Business and Professions Code section 17200 *et. seq.*;

m.      Whether Plaintiff and the Class are entitled to compensatory damages, restitution, and the amounts thereof respectively against Best Buy;

n.      Whether Best Buy should be ordered to disgorge, for the benefit of Plaintiff and the Class, all or part of its ill-gotten profits received from the sale of the Laptops, and/or to make full restitution to Plaintiff and the Class members;

o.      Whether Toshiba conducted testing of its Laptops' battery lives using MM07;

p.      Whether Toshiba represented the Laptops' battery lives using the results from its MM07 testing to consumers and third party retailers;

q.      Whether Toshiba's representing the Laptops' battery lives using the results from its MM07 testing was likely to deceive members of the public including Plaintiff and the Class;

r.      Whether Toshiba's representing the Laptops' battery lives using the results from its MM07 testing was misleading, deceptive, and/or fraudulent;

s.      Whether as a result of Toshiba's representing the Laptops' battery lives using the results from its MM07 testing, Plaintiff and the Class acted to their detriment by purchasing the Laptops;

t.      Whether Toshiba engaged in unfair competition and/or unfair deceptive acts and/or practices in violation of California's Consumer Legal Remedies Act;

u.      Whether Plaintiff and the Class are entitled to compensatory damages, restitution, and the amounts thereof respectively against Toshiba; and

/ / /

14

**SECOND AMENDED CLASS ACTION COMPLAINT**

STONEBARGER LAW
A Professional Corporation

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

v.      Whether Toshiba should be ordered to disgorge, for the benefit of Plaintiff and the Class, all or part of its ill-gotten profits received from the sale of the Laptops, and/or to make full restitution to Plaintiff and the Class members.

62.      **Numerosity:**  The Class is so numerous that the individual joinder of all members of the Class is impractical under the circumstances of this case.  While the exact number of members of the Class is unknown to Plaintiff at this time, Plaintiff is informed and believes the Class consists of tens of thousands of members.  Individual joinder of members of the Class is also impracticable because the individual Class members are dispersed throughout the state of California.

63.      **Typicality:**  Plaintiff's claims are typical of those of the other Class members because Plaintiff, like every other Class member, was exposed to virtually identical conduct.

64.      **Adequacy:**  Plaintiff will fairly and adequately represent and protect the interests of the Class in that they have no disabling conflicts of interest that would be antagonistic to those of the other members of the Class.  Plaintiff seeks no relief that is antagonistic or adverse to the members of the Class and the infringement of the rights and the damages they have suffered are typical of all other Class members.  Plaintiff has retained competent counsel, experienced in class action litigation and consumer protection law.

65.      **Superiority:**  The nature of this action and the nature of laws available to Plaintiff and the Class make the use of the class action device a particularly efficient and appropriate procedure to afford relief to Plaintiff and the Class for the wrongs alleged because:

a.      The individual amounts of damages involved, while not insubstantial, are such that individual actions or other individual remedies are impracticable and litigating individual actions would be too costly;

b.      If each Class member was required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual Class member with vastly superior financial and legal resources;

/ / /

STONEBARGER LAW
A Professional Corporation

c.      The costs of individual suits could unreasonably consume the amounts that would be recovered;

d.      Proof of a common course of conduct to which Plaintiff was exposed is representative of that experienced by the Class and will establish the right of each member of the Class to recover on the cause of action alleged; and

e.      Individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation.

66.     Plaintiff and Class have all similarly suffered irreparable harm and damages as a result of Defendants' unlawful and wrongful conduct.  This action will provide substantial benefits to Plaintiff, the Class and the public because, absent this action, Plaintiff and Class members will continue to suffer losses, thereby allowing Defendants' violations of law to proceed without remedy, and allowing Defendants to retain proceeds of its ill-gotten gains.

## VI.

### FIRST CAUSE OF ACTION
**Violations of Consumer Legal Remedies Act**
**California Civil Code Section 1750 *et seq.***
**(On Behalf of the Toshiba Subclass Against Defendant Toshiba)**

67.     Plaintiff and the Toshiba Subclass incorporate by reference each and every preceding paragraph of this Second Amended Complaint as if fully set forth herein.

68.     California Civil Code section 1770(a) provides that it is unlawful to use unfair methods of competition and unfair or deceptive acts or practices in a transaction intended to result or which results in the sale or lease of goods or services to any consumer.

69.     California Civil Code section 1770(a) prohibits, among other things, one to "[r]epresent[] that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have," to "[r]epresent[] that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another," and to "advertis[e] goods with intent not to sell them as advertised." *See* Cal. Civ. Code section 1770(a)(5); (7); (9).

70.     Toshiba violated California Civil Code sections 1770(a)(5), (7) and (9) by reporting the Laptops' battery life to third party retailers using the results from the Laptops' MM07 testing, as utilizing the testing results of MM07 to represent the battery life of its Laptops was, and is, likely to deceive or mislead consumers based on the fact that under MM07, the Laptop is tested under unrealistic, skewed, and manipulated testing parameters that bear no rational relationship to a reasonable consumer's expected use of a Laptop as MM07's testing parameters are not remotely practical for a consumer to duplicate given that the computer is largely unusable and non-functional.

71.     Toshiba's deceptive practices, as alleged above, were specifically designed to, and did, induce Plaintiff and the Toshiba Subclass to purchase the Laptops.  Toshiba engaged in common scheme to misrepresent to Plaintiff and the Toshiba Subclass the material facts alleged herein regarding the Laptops' maximum battery life.

72.     Plaintiff and the Toshiba Subclass reasonably and justifiably relied on Toshiba's representations.  Plaintiff and the Toshiba Subclass were induced to purchase the Laptops and pay more for the Laptops then they would have had Toshiba not falsely represented that the Laptops had a battery life that was substantially more than Plaintiff or any Toshiba Subclass member could reasonably expect to experience.

73.     As a direct and proximate result of Toshiba's violations of the CLRA as alleged herein, Plaintiff and the Toshiba Subclass have been injured by, including but not limited to, the following:

a.     The infringement of their legal rights as a result of being subjected to the common course of conduct alleged herein;

b.     Plaintiff and the CLRA Subclass were induced to purchase the Laptops and pay more for the Laptops then they would have had they been fully informed of Toshiba's acts,  misrepresentations, and practices as alleged in this Second Amended Complaint, in violation of *inter alia*, the CLRA.

74.     Plaintiff seeks an order awarding restitution or disgorgement of Toshiba's revenues and profits from the sale of the Laptops.

STONEBARGER LAW
A Professional Corporation

75.     Prior to filing the initial Class Action Complaint, Plaintiff timely served Toshiba with notice of its violation of the CLRA by certified mail, return receipt requested.  Toshiba failed to provide appropriate relief for its violations of the CLRA.  As such, Plaintiff has therefore complied with the 30-day notice period required by California Civil Code section 1782(a).  *See* Exhibit 'A'.

76.     As of the date of filing this Class Action Complaint, Plaintiff has not received responses from Toshiba that agreed to provide for the relief requested in his letter. *See* Exhibit 'B'.  As a result, Toshiba has failed to provide appropriate relief for its violations of the CLRA, and Plaintiff and the CLRA Subclass are entitled to recover actual damages, punitive damages, attorneys' fees and costs, and any other relief the Court deems proper.

WHEREFORE, Plaintiff and the CLRA Subclass pray for relief as set forth below.

## VII.

### SECOND CAUSE OF ACTION
**Violations of Consumer Legal Remedies Act**
**California Civil Code Section 1750 *et seq.***
**(On Behalf of the CLRA Subclass Against Defendant Best Buy)**

77.     Plaintiff and the CLRA Subclass incorporate by reference each and every preceding paragraph of this Second Amended Complaint as if fully set forth herein.

78.     California Civil Code section 1770(a) provides that it is unlawful to use unfair methods of competition and unfair or deceptive acts or practices in a transaction intended to result or which results in the sale or lease of goods or services to any consumer.

79.     California Civil Code section 1770(a) prohibits, among other things, one to "[r]epresent[] that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have," to "[r]epresent[] that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another," and to "advertis[e] goods with intent not to sell them as advertised." *See* Cal. Civ. Code section 1770(a)(5); (7); (9).

/ / /

STONEBARGER LAW
A Professional Corporation

STONEBARGER LAW
A Professional Corporation

80.   Best Buy violated California Civil Code sections 1770(a)(5), (7) and (9) by representing the Laptops' battery life to consumers using the results from the Laptops' MM07 testing, as utilizing the testing results of MM07 to represent the battery life of its Laptops was, and is, likely to deceive or mislead consumers based on the fact that under MM07, the Laptop is tested under unrealistic, skewed, and manipulated testing parameters that bear no rational relationship to a reasonable consumer's expected use of a Laptop as MM07's testing parameters are not remotely practical for a consumer to duplicate given that the computer is largely unusable and non-functional.

81.   Best Buy violated California Civil Code sections 1770(a)(5), (7) and (9) when it represented the battery life of the Laptops on its product tags and on its website while failing to disclose that the represented battery life was derived under the following circumstances: (i) the Laptops' screens are set to 60 nits; (ii) the Laptops' Wi-Fi, Bluetooth, and other wireless functions are disabled; and (iii) the Laptops' main processor chip is set to 5% to 7.5% of its normal capacity; and thus, do not accurately or fairly represent the battery life that a consumer can expect to actually experience.

82.   The foregoing facts in the preceding paragraph were not disclosed to Plaintiff and the CLRA Subclass by Best Buy and are material as a reasonable consumer would deem the length of a Laptop's battery life important in determining whether to purchase the Laptop.

83.   Best Buy's deceptive practices, as alleged above, were specifically designed to, and did, induce Plaintiff and the CLRA Subclass to purchase the Laptops.  Best Buy engaged in common scheme to misrepresent the battery lives of the Laptops and to omit from the information provided to Plaintiff and the CLRA Subclass the material facts alleged herein regarding the Laptops' maximum battery life.

84.   Best Buy was under a duty to Plaintiff and the CLRA Subclass to disclose the material facts because Best Buy made partial representations to Plaintiff and the CLRA Subclass that were misleading because the material facts set forth in paragraph 81 were not disclosed.

85.   Plaintiff and the CLRA Subclass reasonably and justifiably relied on Best Buy's representations, and were ignorant to those omissions of the aforementioned material facts.

19

**SECOND AMENDED CLASS ACTION COMPLAINT**

1   Plaintiff and the CLRA Subclass were induced to purchase the Laptops and pay more for the

2   Laptops then they would have had Best Buy not falsely represented that the Laptops had a

3   battery life that was substantially more than the CLRA Subclass member could reasonably

4   expect to experience.

5          86.     As a direct and proximate result of Best Buy's violations of the CLRA as alleged

6   herein, Plaintiff and the CLRA Subclass have been injured by, including but not limited to, the

7   following:

8                  a.      The infringement of their legal rights as a result of being subjected to the

9   common course of conduct alleged herein;

10                 b.      Plaintiff and the CLRA Subclass were induced to purchase the Laptops

11  and pay more for the Laptops than they would have had they been fully informed of Best Buy's

12  acts, omissions, misrepresentations, practices and nondisclosures as alleged in this Second

13  Amended Complaint, in violation of *inter alia*, the CLRA.

14         87.     Plaintiff seeks an order awarding restitution or disgorgement of Best Buy's

15  revenues and profits from the sale of the Laptops.

16         88.     Prior to filing the initial Class Action Complaint, Plaintiff timely served Best Buy

17  with notice of its violation of the CLRA by certified mail, return receipt requested.  Best Buy

18  failed to provide appropriate relief for its violations of the CLRA.  As such, Plaintiff has

19  therefore complied with the 30-day notice period required by California Civil Code section

20  1782(a).  *See* Exhibit 'C'.[6]

21         89.     As of the date of filing this Class Action Complaint, Plaintiff has not received

22  responses from Best Buy that agreed to provide for the relief requested in his letter. *See* Exhibit

23  'D'  As a result, Best Buy has failed to provide appropriate relief for its violations of the CLRA,

24  and Plaintiff and the CLRA Subclass are entitled to recover actual damages, punitive damages,

25  attorneys' fees and costs, and any other relief the Court deems proper.

26         WHEREFORE, Plaintiff and the CLRA Subclass pray for relief as set forth below.

27  / / /

28
_____
[6] Attached hereto as Exhibit 'E' is a venue declaration by Plaintiff Herron pursuant to Civil Code § 1780(d).

**SECOND AMENDED CLASS ACTION COMPLAINT**

STONEBARGER LAW
A Professional Corporation

1

## VIII.

2

### THIRD CAUSE OF ACTION
**Violations of Unfair Competition Law**
**California Business and Professions Code section 17200** *et seq.*
**(On Behalf of the Class Against Defendant Best Buy)**

3

4

5

90.     Plaintiff and the Class incorporate by reference each and every preceding

6

paragraph of this Second Amended Complaint as if fully set forth herein.

7

91.     Plaintiff has standing to bring this action under the UCL because he has suffered

8

injury in fact as a result of Best Buy's conduct and has lost money through his purchase of the

9

Laptop which he would not have done were it not for the misrepresentations and material

10

omissions by Best Buy.

11

92.     Best Buy's marketing, advertising, and sales of the Laptops constitute unfair

12

competition in violation of the UCL.  Best Buy has engaged in conduct that is fraudulent through

13

a pattern of misrepresentations and concealment of material facts that misleads and deceives the

14

public with respect to the Laptops' maximum battery life.

15

93.     The misrepresentations, omissions, and nondisclosures of Best Buy, as alleged

16

herein, constitute fraudulent business practices within the meaning of California Business and

17

Professions Code section 17200 *et seq.*

18

94.     Plaintiff and the Class are entitled to full restitution and/or disgorgement of Best

19

Buy's revenues and profits resulting from the sales of the Laptops.

20

WHEREFORE, Plaintiffs and the Class pray for relief as set forth below.

21

## IX.

22

### PRAYER FOR RELIEF

23

WHEREFORE, Plaintiff, on behalf of himself and all other similarly situated Class

24

members, and on behalf of the general public, requests the following relief:

25

A.     That an order certifying the Class, the Toshiba Subclass, and the CLRA Subclass

26

defined herein be entered designating Plaintiff as representative of the Class, the Toshiba

27

Subclass, and the CLRA Subclass and appointing Plaintiff's attorneys as Class Counsel;

28

/ / /

STONEBARGER LAW
A Professional Corporation

21

**SECOND AMENDED CLASS ACTION COMPLAINT**

1

B.      For actual damages in an amount according to proof;

2

C.      For compensatory damages in an amount according to proof;

3

D.      For restitution in an amount according to proof;

4

E.      For injunctive relief against Defendants under each cause of action;

5

F.      For other equitable relief;

6

G.      For attorneys' fees as provided by law;

7

H.      For prejudgment interest as provided by law;

8

I.      For costs of suit; and

9

J.      For such other and further relief as this Court deems just and equitable.

10

11

Dated:  March 1, 2013                    STONEBARGER LAW, APC

12

13

By:  /s/ Richard D. Lambert
     Gene J. Stonebarger
     gstonebarger@stonebargerlaw.com
     Richard D. Lambert
     rlambert@stonebargerlaw.com

14

15

16

*Attorneys for the Plaintiff and the Class*

17

18

19

20

21

22

23

24

25

26

27

28

22

**SECOND AMENDED CLASS ACTION COMPLAINT**