UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD HERRON, individually, on behalf of himself and all others similarly situated,<br><br>          Plaintiff,<br><br>     v.<br><br>BEST BUY STORES, L.P., a Virginia limited partnership; BESTBUY.COM, LLC, a Virginia limited liability company; TOSHIBA AMERICA INFORMATION SYSTEMS, INC., a California corporation; and DOES 3-100, inclusive,<br><br>          Defendants. | No. 12-cv-02103-GEB-JFM<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS BESTBUY.COM, LLC AND BEST BUY STORES, L.P.'S MOTION TO DISMISS CLAIMS IN PLAINTIFF'S SECOND AMENDED COMPLAINT** |

Defendants BestBuy.com, LLC ("BB.com") and Buy Stores, L.P. ("BBS") move in this putative class action for dismissal of claims alleged in Plaintiff's Second Amended Complaint ("SAC"). Defendants seek dismissal of Plaintiff's claims alleged under California's Consumers Legal Remedy Act ("CLRA") and Unfair Competition Law ("UCL"). Dismissal is sought under Federal Rules of Civil Procedure ("Rules") 9(b), 12(b)(1), and 12(b)(6). Plaintiff opposes the motion. Diversity jurisdiction is the alleged basis of subject-matter jurisdiction.

### I. FACTUAL ALLEGATIONS

The following allegations in Plaintiff's SAC concern

1

the motion. "In or about January 2010," after looking at the product tags for various laptops, Plaintiff purchased a Toshiba Satellite L505 laptop from a Best Buy retail store in Folsom, California. (Not. of Removal, Second Amend. Compl. ("SAC") ¶¶ 10-12, ECF No. 1-2.) "In Best Buy's retail stores, each [l]aptop computer . . . has a Best Buy 'product tag'" that "lists the [l]aptop's battery life as being 'up to' a specified number of hours." (Id. ¶¶ 43-44.) "Best Buy represented Plaintiff's [l]aptop battery life to be 'up to 3.32 hours.'" (Id. ¶ 44.) "There is not an explanation as to how the 'up to' hours was derived on the product tag or elsewhere," and "there was no disclaimer, qualifier, or any other language on the product tag." (Id. ¶¶ 45, 14.)

Plaintiff "decided to purchase the Toshiba Satellite L505 [laptop] based substantially on his reliance on the representation." (Id. ¶ 12.) "In the years since Plaintiff purchased his laptop, he has never once achieved even close to the represented 3.32 hours of battery life." (Id. ¶ 15.)

"The 'up to' battery life representations on Best Buy's product tags . . . are not limited to [l]aptops manufactured by Toshiba; rather such representations are common and identical regardless of the manufacturer of the [l]aptop." (Id. ¶ 49.) Best Buy's "up to" battery life claims are the result of tests conducted under the MobileMark 2007 ("MM07") benchmark. (Id.) During an MM07 test, the laptop's monitor is set to a "brightness of 20% to 30% of [the] normal level," "Wi-Fi, Bluetooth, and other wireless functions are disabled," and "the main processor chip is set to 5% to 7.5% of its normal capacity." (Id. ¶¶ 28-

30.) "Best Buy's use of the results from MM07 . . . grossly overstate[s] the battery life a consumer can expect to experience." (Id. ¶ 50.)

## II. DISCUSSION

### A. Defendant BestBuy.com, LLC

BB.com argues Plaintiff has not sufficiently alleged an Article III standing injury, which is required for him to maintain a lawsuit against BB.com. Specifically, BB.com argues Plaintiff "has not [alleged he] suffered any injury which is fairly traceable" to BB.com either by "purchas[ing] anything from [BB.com]" or "rel[ying] upon any representation made by [BB.com]." (Defs.' Mot. 11:3-5.) Plaintiff rejoins with the conclusory argument that the misrepresentation he suffered "was the result of a uniform policy and practice implemented by Defendants in the California brick-and-mortar stores and the website." (Pl.'s Opp'n 11:21-22, ECF No. 31.)

> To satisfy Article III standing, a plaintiff must show (1) he has suffered an "injury in fact" that is concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. The plaintiff bears the burden of establishing these elements. . . . A suit brought by a plaintiff without Article III standing is not a "case or controversy," and an Article III federal court therefore lacks subject matter jurisdiction over the suit.

Braunstein v. Ariz. Dept. of Transp., 683 F.3d 1177, 1184 (9th Cir. 2012) (citations omitted). In addition, "named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other,

unidentified members of the class to which they belong and which they purport to represent.'" Simon v. E. Ky. Welfare Rights Org., 426 U.S. 26, 40 n.20 (1976) (quoting Warth v. Seldin, 422 U.S. 490, 502 (1975)).

"[T]o establish Article III standing in a class action, at least one named plaintiff must have standing in his own right to assert a claim against each named defendant before he may purport to represent a class claim against that defendant." Henry v. Circus Circus Casinos, Inc., 223 F.R.D. 541, 544 (D. Nev. 2004); see also Cady v. Anthem Blue Cross Life & Health Ins. Co, 583 F. Supp. 2d 1102, 1106 (N.D. Cal. 2008) (holding that a named plaintiff in a putative class action "may not assert claims against those [d]efendants that played no part in" his injury); Siemers v. Wells Fargo & Co., No. 05-cv-04518 WHA, 2006 WL 3041090, *5-7, (N.D. Cal. Oct. 24, 2006) (dismissing a defendant from a putative class action since the complaint did not allege the defendant "made a misrepresentation to [the named] plaintiff, that [the named] plaintiff bought or sold" a product "in reliance on that misrepresentation, or that [the named] plaintiff suffered a cognizable harm as a result" of the defendant's actions).

Plaintiff does not allege he viewed a representation on BB.com's website or purchased any product from BB.com. Therefore, Plaintiff has not alleged an "injury [that] is fairly traceable to" BB.com. Braunstein, 683 F.3d at 1184. Since Plaintiff has not sustained his burden of alleging this element of Article III standing, there is no federal subject-matter jurisdiction over this portion of the suit, and this portion of "the suit should be dismissed under Rule 12(b)(1)." Cetacean Cmty. v. Bush, 386 F.3d

1169, 1174 (9th Cir. 2004). Therefore, BB.com's motion to be dismissed as a party in this action is granted.

### B. Defendant Best Buy Stores, L.P.

#### 1. CLRA Statute of Limitations

BBS argues Plaintiff's CLRA claim is barred by the applicable statute of limitations. The applicable limitations period is prescribed as follows in California Civil Code § 1783: "Any action brought under the [CLRA] shall be commenced not more than three years from the date of the commission of such method, act, or practice." This limitations period expired in January 2013, since Plaintiff alleges he purchased his laptop "[i]n or about January 2010." (SAC ¶ 10.) Plaintiff added BBS as a defendant in his SAC, on March 1, 2013, which is after expiration of the statute of limitations period. However, Plaintiff argues he preserved the ability to add BBS as a defendant at that time, since he sued fictitious Doe defendants in his first amended complaint ("FAC"), in lieu of BBS.[1]

In a diversity case, California's fictitious name rule, in Code of Civil Procedure § 474, allows claims against certain later-added defendants to relate back to the filing date of an earlier complaint. Lindley v. Gen. Elec. Co., 780 F.2d 797, 802 (9th Cir. 1985). The statute prescribes:

> When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint . . . and such defendant may be designated in any pleading or proceeding by

---

[1] Plaintiff also contends he sued fictitious defendants in lieu of BBS in his initial complaint filed in state court. However, Plaintiff's FAC is the only complaint attached to the notice of removal filed in this action. (See ECF No. 1-2.) Since Plaintiff's initial complaint has not been filed in federal court, relation back to the initial complaint is not addressed in this order.

5

>any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly . . . .

Cal. Civ. Proc. Code § 474. Plaintiff alleged as follows, in his FAC, which was filed on June 28, 2012, within the statute of limitations period: "Plaintiff is unaware of the true names, capacities or basis for liability of Defendants Does 1 through 100, inclusive . . . ." (See Not. of Removal Ex. B, FAC ¶ 18, ECF No. 1-2.)

BBS challenges the credibility of Plaintiff's Doe allegations, arguing, "Plaintiff's counsel indisputably knew that [BBS] was the operator of the Best Buy retail stores long before the expiration of the statute of limitations." (Defs.' Mot. 20:24-25.) BBS argues this knowledge is evinced by a FAC Plaintiff's counsel filed in another topically different lawsuit on behalf of a different plaintiff on April 29, 2011, before counsel commenced action in the instant case. In the other lawsuit, captioned Wood v. Best Buy Stores, L.P., that plaintiff alleged: "Defendant [BBS] . . . operates retail stores under the name Best Buy, throughout California." (Req. Judicial Not. 10, FAC, No. 11-cv-01877-LB, 3:18-19 (N.D. Cal. Apr. 29, 2011), ECF No. 31-3.)[2] BBS contends Plaintiff's counsel's knowledge of [BBS]'s identity "is imputed to [P]laintiff," and therefore "[P]laintiff had knowledge of the identity of [BBS]," and "the addition of [BBS] as a defendant in the [SAC] . . . does not

---

[2]  Defendants have requested that judicial notice be taken of the FAC filed in Wood. This request is granted. However, the remainder of Defendants' judicial notice request is denied since Defendants have not shown that the other documents should be considered in the decision of this dismissal motion.

6

relate back" to any earlier-filed complaint. (Defs.' Mot. 22:6-7, 22:9-11.)

> Plaintiff rejoins that while the FAC in Wood prove[s] that Plaintiff's counsel knew of the identity of [BBS] at the time of filing the initial complaint and the FAC [in this case], Plaintiff's counsel was unaware of any facts that would connect [BBS] with Plaintiff's injuries; mainly, that [BBS] created the product tags that resulted in Plaintiff's injury in this action.

(Pl.'s Opp'n 20:19-22.) Plaintiff argues BBS, therefore, has not sustained its burden of proving Plaintiff was not "ignorant" of BBS within the meaning of the California fictitious name rule. Cal. Civ. Proc. Code § 474. (Pl.'s Opp'n 20:23-26.)

This rule "has been liberally construed by the courts. The words 'ignorant of the name of a defendant' are construed broadly to include other kinds of ignorance which explain the failure to name a person as a defendant until sometime later." Miller v. Thomas, 121 Cal. App. 3d 440, 444 (1981); accord Lindley, 780 F.2d at 801 ("California's policy in favor of litigating cases on their merits requires that the fictitious name statue be liberally construed."). "[I]t is now well established that even though the plaintiff knows of the existence of the defendant sued by a fictitious name . . ., the plaintiff is 'ignorant' within the meaning of the statute if he lacks knowledge of that person's connection with the case or with his injuries." Gen. Motors Corp. v. Sup. Ct., 48 Cal. App. 4th 580, 593-94 (1996). "[T]he relevant inquiry . . . is *what facts the plaintiff actually knew* at the time the [earlier] complaint was filed." Id. at 588.

7

BBS has not shown that when Plaintiff filed his FAC, he had knowledge of BBS's connection to Plaintiff's CLRA claim. Therefore, this portion of the motion is denied.

### 2. CLRA Notice Requirement

BBS also argues the damages portion of Plaintiff's CLRA claim should be dismissed with prejudice, since Plaintiff failed to provide BBS with the CLRA's mandated pre-suit notice before Plaintiff added BBS as a party in the SAC. It is undisputed that before filing his initial complaint, Plaintiff sent the CLRA's mandated pre-suit notice to BBS's parent company, Best Buy Co., Inc. Plaintiff argues he satisfied the CLRA notice provision since BBS is a Best Buy Co., Inc. subsidiary and hence cannot "claim [it] did not receive Plaintiff's notice" since it was sent to "[BBS]'s principal place of business." (Pl.'s Opp'n 14:25-27.) Plaintiff also argues BBS "waived any . . . notice deficiencies when [parent company Best Buy Co., Inc.] treated Plaintiff's letter as a notice and demand under the CLRA," (id. 15:26-27), by responding with a settlement offer that made "no reference to which entity was responding to Plaintiff's CLRA demand letter and did not disclose that Best Buy Co., Inc. was not a proper party to the case." (Id. 14:16-18.)

Concerning the referenced notice, the CLRA prescribes:

> Thirty days or more prior to the commencement of an action <u>for damages</u> pursuant to this title, the consumer shall do the following:
>
> (1) Notify the person alleged to have employed or committed methods, acts, or practices declared unlawful by [the CLRA] of the particular alleged violations of [the CLRA].
>
> (2) Demand that the person correct, repair,

8

|   |   |
|---|---|
| 1 | replace, or otherwise rectify the goods or services alleged to be in violation of [the CLRA]. |
| 2 |  |

Cal. Civ. Code § 1782(a) (emphasis added).

"The CLRA's notice requirement is not jurisdictional, but compliance with the requirement is necessary to state a claim" for damages. Keilholtz v. Superior Fireplace Co., No. 08-cv-836 CW, 2009 WL 839076, at *2 (N.D. Cal. Mar. 30, 2009) (citing Outboard Marine Corp. v. Sup. Ct., 52 Cal. App. 3d 30, 40-41 (1975)). "The purpose of the notice requirement . . . is to give the manufacturer or vendor sufficient notice of alleged defects to permit appropriate corrections or replacements," and this "purpose may only be accomplished by a literal application of the notice provisions." Outboard Marine, 52 Cal. App. 3d at 40-41.

Plaintiff has not shown that BBS, as a separate corporate entity, should not have been provided a separate CLRA pre-suit notice before it was added as a Defendant in the SAC. Therefore, when Plaintiff filed the SAC without sending a pre-suit notice to BBS, Plaintiff did not satisfy the requirement of the CLRA notice provisions.

Plaintiff argues BBS waived the CLRA notice requirement when an entity identifying itself only as "Best Buy" responded to Plaintiff's original pre-suit notice with a settlement offer. (SAC Ex. D.) However, Plaintiff has not satisfied his burden of showing that BBS, as a separate corporate entity, waived the notice provisions of the CLRA. Therefore, the damages component of Plaintiff's CLRA claim against BBS is dismissed for failure to give notice required by the CLRA.

1        Defendants argue this dismissal should be with
2   prejudice since "strict compliance with the [CLRA notice
3   provisions] is required." (Defs.' Mot. 12:14-15.) Whether
4   dismissal with prejudice is required in these circumstances is an
5   issue of California law.
6        "When interpreting state law, federal courts are bound
7   by decisions of the state's highest court. In the absence of such
8   a decision . . . a federal court is obligated to follow the
9   decisions of the state's intermediate appellate courts" as long
10  as "there is no convincing evidence that the state supreme court
11  would decide differently." Vestar Dev. II, LLC v. Gen. Dynamics
12  Corp., 249 F.3d 958, 960 (9th Cir. 2001) (quoting Lewis v. Tel.
13  Employees Credit Union, 87 F.3d 1537, 1545 (9th Cir. 1996)). The
14  California Supreme Court has not decided whether dismissal with
15  prejudice is required for failure to comply with the CLRA's
16  notice provision. However, a California appellate court squarely
17  addressed the issue in Morgan v. AT&T Wireless, Inc., by
18  explaining that the notice "requirement exists in order to allow
19  a defendant to avoid liability for damages if the defendant
20  corrects the alleged wrongs" and "[a] dismissal *with prejudice* of
21  a damages claim filed without the requisite notice is not
22  required to satisfy this purpose." 177 Cal. App. 4th 1235, 1261
23  (2009).
24       Defendants argue the California appellate court
25  decision in Outboard Marine and three federal district court
26  cases, Cattie v. Wal-Mart Stores, Inc., 504 F. Supp. 2d 939, 950
27  (S.D. Cal. 2007), Laster v. T-Mobile USA, Inc., 407 F. Supp. 2d
28  1181, 1196 (S.D. Cal. 2005), Von Grabe v. Sprint, 312 F. Supp. 2d

1285, 1304 (S.D. Cal. 2003), which Plaintiff describes as the "progeny" of Outboard Marine, demand dismissal with prejudice for a CLRA notice failure. (Defs.' Mot. 14:13-15.) Outboard Marine, however, contains no such demand. In fact, Outboard Marine did not require dismissal; rather, the court found the defendant waived CLRA notice. 52 Cal. App. 3d at 41. Further, the other judicial decisions Defendants cite are unpersuasive, were rendered before Morgan squarely addressed the issue, and do not offer "convincing evidence that the [California] [S]upreme [C]ourt would decide [the dismissal with prejudice issue] differently" from Morgan. Vestar, 249 F.3d at 960. Therefore, the Morgan decision is followed on this issue. See Wehlage v. EmpRes Healthcare, Inc., No. 10-cv-5839 CW, 2012 WL 380364, at *8 (N.D. Cal. Feb. 6, 2012) (dismissing with leave to amend for failure to comply with the CLRA notice requirement based on the reasoning in Morgan). Accordingly, Defendants' request for dismissal with prejudice is denied.

**3. CLRA and UCLA Claims as to Laptops Plaintiff Did Not Purchase**

**a. Statutory Standing**

BBS argues the CLRA and UCL do not confer on Plaintiff "standing to bring a claim" on behalf of other class members "relating to representations about any laptop computer other than the Toshiba Satellite L505" he purchased. (Defs.' Mot. 22:17-18.) Plaintiff counters that "there is no rule prohibiting a plaintiff from bringing claims against a defendant for products not purchased when the same misrepresentations are alleged." (Pl.'s Opp'n 22:26-27.)

11

1    Plaintiff alleges in the SAC that BBS engaged in a
2 uniform practice of misrepresenting laptop computer battery life
3 on product tags on multiple models. Concerning this issue, the
4 SAC includes the following allegations: "The 'up to' battery life
5 representations on Best Buy's product tags . . . are not limited
6 to [l]aptops manufactured by Toshiba; rather, such
7 representations are common and identical regardless of the
8 manufacturer of the [l]aptop" since they were "tested under MM07"
9 testing parameters. (SAC ¶ 49.)
10   A plaintiff has statutory standing to assert a claim
11 under the CLRA if he or she "suffers any damages as a result of
12 the use or employment by any person of a method, act, or practice
13 declared to be unlawful by [the CLRA]." Cal. Civ. Code § 1780(a).
14 A plaintiff has statutory standing to assert a claim under the
15 UCL if he or she "has suffered injury in fact and has lost money
16 or property as a result of the unfair competition." Cal. Bus. &
17 Prof. Code § 17204.
18    "Courts in this circuit have diverged on the question
19 of whether a named plaintiff has standing" under the CLRA and UCL
20 "to sue on behalf of purchasers of a product that he or she did
21 not purchase." Donohue v. Apple, Inc., 871 F. Supp. 2d 913, 921-
22 22 (N.D. Cal. 2012) (collecting cases). However, several district
23 courts have found "that a plaintiff may have standing to assert
24 claims for unnamed class members based on products he or she did
25 not purchase so long as the products and alleged
26 misrepresentations are substantially similar." Brown v. Hain
27 Celestial Grp., Inc., 913 F. Supp. 2d 881, 890 (N.D. Cal. 2012).
28 For example, Cardenas v. NBTY, Inc., 870 F. Supp. 2d 984, 992

1  (E.D. Cal. 2012), held that the named plaintiff's purchase of one
2  dietary supplement gave her standing to assert class CLRA and UCL
3  claims on a variety of dietary supplements, "which ostensibly
4  share[d] many similarities in ingredients" and representations.
5  The reasoning in <u>Brown</u> and <u>Cardenas</u> is persuasive and followed.

6  Here, Plaintiff has standing to bring claims on behalf
7  of purchasers of other laptops since he alleged BBS engaged in a
8  common practice of misrepresentation on "the same kind of . . .
9  products" (laptops) with the "same basic mislabeling practice"
10 (utilizing the MM07 testing parameters). <u>Astiana v. Dreyer's
11 Grand Ice Cream, Inc.</u>, No. 11-cv-2910 EMC, 11-cv-3164 EMC, 2012
12 WL 2990766, at *13 (N.D. Cal. July 20, 2012). Therefore, this
13 portion of the motion is denied.

14                    **b. Rule 9(b) Pleading Standard**

15 BBS argues Plaintiff has not satisfied "the
16 heightened requirements of Rule 9(b) [applicable] to his claims
17 regarding any computer other than the Toshiba Satellite L505
18 laptop he purchased [since] the SAC references other
19 manufacturers' laptops . . . but plaintiff does not allege any
20 representations about any of these other laptops, on which he
21 relied in deciding to purchase any of them." (Defs. Mot. 25:13-
22 18.) Plaintiff rejoins that the SAC "expressly alleges that [BBS]
23 carried out the same common course of fraudulent conduct with
24 respect to each [l]aptop." (Pl.'s Opp'n 29:6-7.)

25 Plaintiff's CLRA and UCL claims must satisfy Rule
26 9(b)'s heightened pleading standards since Plaintiff alleges
27 fraudulent conduct in these claims. "Rule 9(b)'s heightened
28 pleading standards apply to claims for violations of the CLRA and

1  UCL." Kearns v. Ford Motor Co., 567 F. 3d 1120, 1125 (9th Cir.
2  2009) (citing Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1102-
3  05 (9th Cir. 2003)). "Rule 9(b) requires a party to 'state with
4  particularity the circumstances constituting fraud or mistake,'
5  including 'the who, what when, where, and how of the misconduct
6  charged.'" Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993,
7  998 (9th Cir. 2010) (quoting Vess, 317 F.3d at 1106).

8  Plaintiff alleges in the SAC that BBS "represented the
9  battery life of the [l]aptops on its product tags . . . while
10 failing to disclose that the represented battery life was
11 derived," (SAC ¶ 81), with the monitor set to a "brightness of
12 20% to 30% of [the] normal level," the "Wi-Fi, Bluetooth, and
13 other wireless functions [] disabled," and the "main processor
14 chip [] set to 5% to 7.5% of its normal capacity." (Id. ¶¶ 28-
15 30.) Plaintiff alleges these representations "grossly overstate
16 the battery life the customer can expect to experience insofar as
17 the represented maximum battery life could never be achieved when
18 the [l]aptop was used in normal, practical, and realistic
19 circumstances." (Id. ¶ 50.) Plaintiff alleges Defendant made
20 "common and identical" battery life representations, based on the
21 same measurement standard, "regardless of the manufacturer of the
22 laptop." (SAC ¶ 49.)

23 These allegations are "sufficient[ly] detail[ed] . . .
24 to give us some assurance that [Plaintiff's] theory has a basis
25 in fact." Berson v. Applied Signal Tech., Inc., 527 F.3d 982,
26 989-90 (9th Cir. 2008). They also "give [BBS] notice of the
27 particular misconduct which is alleged . . . so that [it] can
28 defend against the charge and not just deny that [it] ha[s] not

14

done anything wrong." Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993)). Therefore, this portion of BBS's motion is denied.

### III. CONCLUSION

For the stated reasons, the motion is GRANTED IN PART AND DENIED IN PART. BB.com is DISMISSED from this action. The damages component of Plaintiff's CLRA claim is DISMISSED. The remainder of the motion is DENIED.

Plaintiff is granted thirty-five (35) days from the date on which this order is filed to file an amended complaint addressing the deficiencies in the dismissed damages component of the CLRA claim and the dismissal of BB.com. Plaintiff is notified that failure to file an amended complaint within the prescribed time period could result in dismissal with prejudice under Rule 41(b).

Dated: February 3, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge