Gene J. Stonebarger, State Bar No. 209461
gstonebarger@stonebargerlaw.com
Richard D. Lambert, State Bar No. 251148
rlambert@stonebargerlaw.com
Elaine W. Yan, State Bar No. 277961
eyan@stonebargerlaw.com
STONEBARGER LAW
A Professional Corporation
75 Iron Point Circle, Ste. 145
Folsom, CA 95630
Telephone: (916) 235-7140
Facsimile: (916) 235-7141

Niall P. McCarthy, State Bar No. 160175
nmccarthy@cpmlegal.com
Anne Marie Murphy, State Bar No. 202540
amurphy@cpmlegal.com
Demetrius X. Lambrinos, State Bar No. 246027
dlambrinos@cpmlegal.com
COTCHETT, PITRE & MCCARTHY, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

*Attorneys for Plaintiff and the Class*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD HERRON, individually, on behalf of himself and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> BEST BUY STORES, LP, a Virginia limited partnership; and TOSHIBA AMERICA INFORMATION SYSTEMS, INC., a California corporation, inclusive, <br><br> Defendants. | CASE NO.: 12-CV-02103-GEB-JFM <br><br> **THIRD AMENDED CLASS ACTION COMPLAINT FOR:** <br><br> 1. **VIOLATIONS OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT; AND** <br><br> 2. **VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW.** <br><br> **DEMAND FOR A JURY TRIAL** |

STONEBARGER LAW
A Professional Corporation

---

**THIRD AMENDED CLASS ACTION COMPLAINT**

Plaintiff Chad Herron ("Plaintiff"), on behalf of himself and all others similarly situated, and demanding a jury trial, complains and alleges of Defendant Best Buy Stores, LP ("Best Buy") and Toshiba America Information Systems, Inc. ("Toshiba") inclusive (collectively "Defendants") as follows:

**I.**

**<u>INTRODUCTION</u>**

1.       This is a consumer class action against Best Buy and Toshiba on behalf of Plaintiff and all similarly situated individuals who have purchased a laptop computer or notebook, including Toshiba-brand laptop computers or notebooks, from any Best Buy retail store located in the State of California, and who were exposed to the representation that the purchased laptop or notebook would have a battery life of "up to" a specified duration when the represented duration was based on the results of testing the laptop or notebook pursuant to MobileMark 2007 (the "Laptops").

2.       The present case arises from Defendants' direct misrepresentations and material omissions with respect to the represented battery life of the Laptops made to consumers in the State of California.  Specifically, each Laptop's represented battery life is based on the results of the Laptop's testing under MobileMark 2007 ("MM07").  Pursuant to MM07's testing protocol and procedure each Laptop is tested with: (i) its screen set to 60 nits; (ii) its Wi-Fi, Bluetooth, and other wireless functions disabled; and (iii) its main processor chip set to 5% to 7.5% of its normal capacity.

3.       Using the result of MM07 testing to represent to consumers the maximum battery life is misleading, deceiving, and fraudulent as the represented "up to" maximum battery life is a number without any realistic correlation to the battery life that a consumer can reasonably expect to experience as, pursuant to MM07, the Laptops are tested under unrealistic, skewed, and unreasonable testing parameters that bear no rational relationship to a reasonable consumer's anticipated or actual use of the Laptop.

4.       A consumer can never achieve the maximum battery life represented by Defendants unless the Laptop was used under the exact circumstances under which it was tested

**THIRD AMENDED CLASS ACTION COMPLAINT**

STONEBARGER LAW
A Professional Corporation

1  pursuant to MM07's testing protocol and procedure.  However, such circumstances are not

2  remotely practical for a consumer to duplicate given that the computer is largely unusable and

3  non-functional, and thus, simply *using* the Laptops prevents consumers from ever achieving the

4  represented maximum battery life.

5       5.      In sum, the maximum battery life represented by Defendants bears no rational or

6  reasonable relationship to how an average consumer could be expected to use, or actually uses,

7  the Laptops, and consumers can never achieve the represented maximum battery life but only

8  significantly less when using the Laptops under any circumstances beyond the testing parameters

9  of MM07.

10       6.      As a result of Defendants' conduct as alleged herein, Defendants have reaped

11  significant profits, and Plaintiff and the Class have suffered actual damages in that they were

12  induced to purchase the Laptops and pay more for the Laptops than they would have had

13  Defendants not falsely represented that the Laptops had a battery life that was substantially more

14  than the Class member could reasonably expect to experience, and would actually experience,

15  when using the Laptops.

16  **II.**

17  **JURISDICTION AND VENUE**

18       7.      This action is within the original jurisdiction of this Court by virtue of 28 U.S.C.

19  section 1332(d)(2).  Plaintiffs and Defendants are citizens of different states and the amount in

20  controversy of this class action exceeds the sum of $5,000,000, exclusive of interest and costs.

21       8.      Venue is proper in the Eastern District of California under 28 U.S.C. section 1391

22  (b) and (c).  A substantial part of the events and conduct giving rise to the violations of law

23  complained of herein occurred in or emanated from the Eastern District of California.  Plaintiff is

24  domiciled in the Eastern District of California, the wrongs complained of herein originated or

25  emanated from the Eastern District of California, and Defendants conduct business with

26  consumers in the Eastern District of California.

27  / / /

28  / / /

STONEBARGER LAW
A Professional Corporation

**THIRD AMENDED CLASS ACTION COMPLAINT**

**III.**

**PARTIES**

**A.     Plaintiff Chad Herron**

9.      Plaintiff Chad Herron is an individual over the age of eighteen (18) years old and who is and was, at all times mentioned herein, a resident of Sacramento County in the State of California.

10.     In or about January 2010, Plaintiff went to a Best Buy retail store in Folsom, California to select and purchase a new laptop computer for his personal, household or family use.  While determining which brand and model of laptop to purchase, Plaintiff looked at the different laptops on display in Best Buy's retail store.  Various brands of laptops were being sold, including but not limited to Dell, Hewlett-Packard, Toshiba, Sony, and Samsung.

11.     Each laptop computer contained a Best Buy product tag which represented, among other features, the battery life for each laptop on display as being "Up To" a specific number of hours (or fraction thereof).

12.     Plaintiff looked at each product tag and decided to purchase the Toshiba Satellite L505 based substantially on his reliance on the representation that the battery life for that model was "up to 3.32 hours."

13.     Plaintiff reasonably believed that the represented battery life of "up to 3.32 hours" was reflective of how long Plaintiff could expect his laptop to operate when being powered solely by its battery.

14.     Plaintiff's belief was based largely on the fact that there was no disclaimer, qualifier, or any other language on the product tag indicating that the represented battery life was determined by testing the laptop with: (i) its screen set to 60 nits; (ii) its Wi-Fi, Bluetooth, and other wireless functions disabled; and (iii) its main processor chip set to 5% to 7.5% of its normal capacity.

15.     In the years since Plaintiff purchased his laptop, he has never once achieved even close to the represented 3.32 hours of battery life.

/ / /

**THIRD AMENDED CLASS ACTION COMPLAINT**

STONEBARGER LAW
A Professional Corporation

STONEBARGER LAW
A Professional Corporation

16. Plaintiff paid more for his laptop than he would have paid had Defendants not misrepresented the maximum battery life or had the material fact not been concealed or omitted that the battery life for his laptop was determined by testing the machine pursuant to MM07 which meant that the laptop was tested with: (i) its screen set to 60 nits; (ii) its Wi-Fi, Bluetooth, and other wireless functions disabled; and (iii) its main processor chip set to 5% to 7.5% of its normal capacity.

**B.    Defendant Best Buy Stores, LP[1]**

17. Defendant Best Buy Stores, LP is a limited partnership organized under the laws of Virginia. At all times mentioned herein, Defendant Best Buy Stores, LP sold, and continues to sell, various consumer products through its brick-and-mortar big box stores to consumers throughout the State of California, including Eastern District of California.

**C.    Defendant Toshiba America Information Systems, Inc.**

18. Defendant Toshiba America Information Systems, Inc. is a corporation organized under the laws of the State of California with its principal place of business in Irvine, California. At all times mentioned herein, Toshiba sells various consumer products both through its website and to third party retailers such as Best Buy throughout the State of California, including Eastern District of California.

**E.    Aiding and Abetting**

19. Plaintiff is informed and believes, and on that basis alleges, that all Defendants, including fictitious Doe Defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, partner and/or joint venturers and employees of all other Defendants, and on that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permissions, knowledge, consent, authorization and ratification of their Co-Defendants; however, each of these allegations are deemed "alternative" theories whenever doing so would result in a contradiction with the other allegations.

///

---

[1] Defendant Best Buy Co., Inc. was dismissed without prejudice by stipulation of the parties on March 1, 2013.

**THIRD AMENDED CLASS ACTION COMPLAINT**

STONEBARGER LAW
A Professional Corporation

# IV.

## FACTUAL ALLEGATIONS

20.     Each year, consumers purchase hundreds of thousands of laptop computers and notebooks in the United States, including the State of California.

21.     Portability is one of the key features for consumers purchasing a laptop or notebook computer, as consumers often take their laptops and notebooks to locations without electrical outlets, such as coffee shops, college classes, airplanes, commuter trains, and public parks.

22.     When a consumer uses a laptop computer or notebook without an electrical outlet power source, the computer uses the electrical power from the laptop's built-in computer battery. Accordingly, the battery life of laptops and notebooks is one of the primary factors consumers consider when determining which laptop to purchase.

23.     As aptly stated by Ketan Pandya, head of AMD-based products at Dell, "Customers expect the advertised battery life to reflect the way they really use the product."[2]

### A.     MobileMark 2007

24.     MM07 is a benchmark test created in 2008 by Business Application Performance Corp. ("BAPCo") to measure battery life in laptop computers and notebooks.

25.     BAPCo is a non-profit consortium of leading computer manufacturers, semiconductor manufacturers and software publishers. Its members include AMD, Apple, ARCintuition, Atheros Communications, CNET, Compaq, Dell, Hewlett-Packard, Intel, Lenovo, Microsoft, NVIDIA, Toshiba, VIA Technologies, VNU Business Publications Limited (UK), ZDNet, and Ziff Davis Media.

26.     When measuring a laptop computer or notebook's battery life using MM07, standard protocol requires the computer screen to be set to "60 nits." A "nit" is a unit of luminance. A standard Liquid Crystal Display ("LCD") computer monitor has a brightness of approximately 240 to 300 nits. Setting the computer monitor brightness to 60 nits is akin to setting the brightness to 20% to 30% of its normal level. In some lighting conditions, setting the

---

[2] http://www.thedailybeast.com/newsweek/2009/06/18/hurry-up-and-type.html.

**THIRD AMENDED CLASS ACTION COMPLAINT**

1   screen to 60 nits makes the screen barely readable.

2         27.     Furthermore, MM07 does not specify whether Wi-Fi, Bluetooth, and other

3   wireless devices must be turned on during testing.  As a result, MM07 testing is performed when

4   the computer's Wi-Fi, Bluetooth, and other wireless functions are disabled so that the computer

5   is not drawing power from the battery to perform these functions.

6         28.     MM07 testing is also performed when the main processor chip is set to 5% to

7   7.5% of its normal capacity.  When a computer's processor is at 5% to 7.5% of its capacity the

8   computer is essentially running in an idle state.

9         29.     With each of the foregoing "adjustments" in place, MM07 then tests the

10   computer's battery life under three separate performance measures:

11         a.     "DVD Test" - a DVD movie is played until the battery dies (significant battery

12   usage);

13         b.     "Productivity Test" - the software directs the computer to perform common office

14   activities, including document management, data processing, file management and rich content

15   creation (the middle-of-the-road scenario); and

16         c.     "Reading Test" - an automated script pretends to read a PDF document pausing

17   two minutes on each page (minimal battery usage).

18         30.     MM07 does not provide an "overall" rating; rather, the computer is given three

19   scores, one for each category (DVD, Productivity, and Reader).  The laptop manufacturer or

20   retailer may choose which score to report to consumers.

21   **B.     Criticism of the Use of MobileMark 2007**

22         31.     In March 2009, AMD, a leading computer chip manufacturer which supplies

23   processing chips, conveyed that MM07 was flawed in that the benchmark bore no resemblance

24   to the real-life and everyday uses of laptop computers and notebooks and contained several

25   loopholes which allowed laptop computer manufacturers to game the system and make

26   exaggerated battery life claims.[3]

27   / / /

28   _____

[3] http://www.thedailybeast.com/newsweek/2009/06/18/hurry-up-and-type.html.

**THIRD AMENDED CLASS ACTION COMPLAINT**

STONEBARGER LAW
A Professional Corporation

32.    Patrick Moorhead, Senior Vice President and Chief Marketing Officer for AMD, which was a member of BAPCo until 2011, stated in a Newsweek Magazine article on March 12, 2009, "The issue is we are not being entirely honest with users about what PC battery life they can expect to actually experience. There's only three endings to this story.  Either the industry regulates itself, or the FTC steps in and regulates us, or we get hit with a class action." [4]

33.    AMD has made several different proposals to BAPCo to eliminate the current fraudulent and misleading reporting of battery life.  One proposal was to use the 3DMark06, a still-flawed but more realistic battery life standard.  Neither the 3DMark06 proposal, or any other alternative proposal, has ever been approved or adopted by BAPCo due to objections by its members.  Citing confidentiality, BAPCo has refused to publish the AMD proposals and the minutes of its meetings.

34.    BAPCo has also refused to publish the results of all three tests (DVD, Productivity, and Reading) for the laptops that have been tested under the MM07 benchmark.

**C.    Toshiba's Fraudulent and Deceptive Practices**

35.    Toshiba is an international manufacturer of laptop computers and notebooks. Toshiba tests its laptops' and notebooks' battery life using MM07.

36.    When reporting the battery life of each laptop and notebook to third party retailers, such as Best Buy, Toshiba specifically conveys to the retailer the results of each Laptop's battery life based upon the Laptop's MM07 results.  Toshiba conveys the results of the Laptop's MM07 test with the intention and desire that these third party retailers will, in turn, represent to consumers these results.

37.    Toshiba's use of the results from MM07 is misleading and deceptive as the results grossly overstate the battery life the consumer can expect to experience insofar as the represented maximum battery life could never be achieved when the computer was used in normal, practical, and realistic circumstances as a consumer, when using the computer under normal, practical, and realistic circumstances would not: (i) set the computer's screens to 60 nits; (ii) disable to the computer's Wi-Fi, Bluetooth, and other wireless functions; and (iii) set the computer's main

---

[4] *Id.*

**THIRD AMENDED CLASS ACTION COMPLAINT**

STONEBARGER LAW
A Professional Corporation

1   processor chip to 5% to 7.5% of its normal capacity.

2        38.     Toshiba's use of the testing results of MM07 to represent the battery life of its

3   Laptops was, and is, likely to deceive or mislead consumers based on the fact that under MM07,

4   the Laptop is tested under unrealistic, skewed, and manipulated testing parameters that bear no

5   rational relationship to a reasonable consumer's expected use of a Laptop as MM07's testing

6   parameters are not remotely practical for a consumer to duplicate given that the computer is

7   largely unusable and non-functional.

8        39.     Toshiba knows and understands the misleading nature of the results it provides to

9   third party retailers and otherwise publicizes to consumers but continues to make false and

10  deceptive claims of battery life based upon the results of MM07 testing.  The clear intent of

11  Toshiba in choosing to represent its Laptops' battery lives in this manner is to mislead

12  consumers into believing that the Laptops have a far longer battery life than the consumer can

13  expect to actually experience.

14       40.     Toshiba engaged in a successful and illegal fraud on California consumers in

15  which it deliberately, intentionally, and fraudulently caused California consumers to believe that

16  that they would experience a much greater battery life in the Laptops than they could realistically

17  expect by representing to consumers a supposed maximum battery life duration when such a

18  duration was determined under unrealistic, skewed, and manipulated testing parameters that bear

19  no rational relationship to a reasonable consumer's expected use of the Laptop as MM07's

20  testing parameters - in which the Laptops': (i) screens are set to 60 nits; (ii) Wi-Fi, Bluetooth,

21  and other wireless functions are disabled; and (iii) main processor chips are set to 5% to 7.5% of

22  normal capacity - are not remotely practical for a consumer to duplicate given that the computer

23  is largely unusable and non-functional.

24  **D.     Best Buy's Fraudulent and Deceptive Practice**

25       41.     In Best Buy's retail stores, each Laptop computer and notebook has a Best Buy

26  "product tag" which contains the price and a brief description of the features of the Laptop or

27  notebook.  One prominent feature is "Battery."

28  / / /

STONEBARGER LAW
A Professional Corporation

**THIRD AMENDED CLASS ACTION COMPLAINT**

1   42.   After the word "Battery," the product tag lists the Laptop's battery life as being

2   "up to" a specified number of hours.  Best Buy represented Plaintiff's Laptop battery life to be

3   "up to 3.32 hours."

4   43.   There is not any explanation as to how the "up to" hours was derived on the

5   product tag or elsewhere and there is no mention of MM07 or any information with respect to

6   how the represented battery life was determined.

7   44.   The "up to" battery life representations on Best Buy's product tags are not limited

8   to Laptops manufactured by Toshiba; rather, such representations are common and identical

9   regardless of the manufacturer of the Laptop, and this common course of conduct on the part of

10  Best Buy with respect to its representations as to battery life is universally misleading, deceiving,

11  fraudulent and unlawful to the extent the Laptop was tested under MM07 and the results of such

12  testing were represented to consumers on the product tag.

13  45.   Best Buy's use of the results from MM07 is misleading and deceptive as the

14  results grossly overstate the battery life the consumer can expect to experience insofar as the

15  represented maximum battery life could never be achieved when the Laptop was used in normal,

16  practical, and realistic circumstances as a consumer, when using the computer under normal,

17  practical, and realistic circumstances would not: (i) set the computer's screens to 60 nits; (ii)

18  disable to the computer's Wi-Fi, Bluetooth, and other wireless functions; and (iii) set the

19  computer's main processor chip to 5% to 7.5% of its normal capacity.

20  46.   Best Buy's use of the testing results of MM07 to represent the battery life of its

21  Laptops was, and is, likely to deceive or mislead consumers based on the fact that under MM07,

22  the computer is tested under unrealistic, skewed, and manipulated testing parameters that bear no

23  rational relationship to a reasonable consumer's expected use of a Laptop as MM07's testing

24  parameters are not remotely practical for a consumer to duplicate given that the computer is

25  largely unusable and non-functional.

26  47.   Best Buy knows and understands the misleading nature of the results it provides

27  to consumers but continues to make false and deceptive claims of battery life based upon the

28  results of MM07 testing.  The clear intent of Best Buy in choosing to represent the Laptops'

STONEBARGER LAW
A Professional Corporation

9

**THIRD AMENDED CLASS ACTION COMPLAINT**

1   battery lives in this manner is to mislead consumers into believing that the Laptops have a far

2   longer battery life than the consumer will actually experience.

3          48.     Best Buy, at no time and by no means, disclosed to Plaintiff and the Class that the

4   representations of its Laptops' battery lives were based on a false and deceptive standard and that

5   the Laptops' actual battery lives were substantially less than that represented by Best Buy.  This

6   omission was material because a reasonable consumer would deem the representation of a

7   Laptop's battery life important in determining whether to purchase a Laptop, especially

8   considering that battery life is a primary factor consumers consider in making their purchase.

9          49.     As a result of Best Buy's failure to convey these material facts, Best Buy

10  fraudulently, unfairly, and unlawfully caused Plaintiff and the Class to believe that they would

11  experience a much greater battery life in the Laptops they purchased than they could, and would,

12  ultimately experience.

13         50.     Best Buy was under a duty to Plaintiff and the Class to disclose the material facts

14  because Best Buy made partial representations to Plaintiff and the Class that were misleading

15  and because the material facts set forth in paragraph 46 were not disclosed.

16         51.     Best Buy engaged in a successful and illegal fraud on California consumers in

17  which it deliberately, intentionally, and fraudulently caused California consumers to believe that

18  that they would experience a much greater battery life in the Laptops than they could realistically

19  expect by representing to consumers a supposed maximum battery life duration when such a

20  duration was determined under unrealistic, skewed, and manipulated testing parameters that bear

21  no rational relationship to a reasonable consumer's expected use of the Laptop as MM07's

22  testing parameters - in which the Laptops': (i) screens are set to 60 nits; (ii) Wi-Fi, Bluetooth,

23  and other wireless functions are disabled; and (iii) main processor chips are set to 5% to 7.5% of

24  normal capacity - are not remotely practical for a consumer to duplicate given that the computer

25  is largely unusable and non-functional.

26         52.     Best Buy further engaged in a successful and illegal fraud on California

27  consumers in which it deliberately, intentionally, and fraudulently caused California consumers

28  to believe that that they would experience a much greater battery life in the Laptops than they

STONEBARGER LAW
A Professional Corporation

10

**THIRD AMENDED CLASS ACTION COMPLAINT**

1    could realistically expect by failing to disclose that the potential battery life was derived while:

2    (i) the Laptops' screens are set to 60 nits; (ii) the Laptops' Wi-Fi, Bluetooth, and other wireless

3    functions are disabled; and (iii) the Laptops' main processor chip is set to 5% to 7.5% of its

4    normal capacity

5                                               **V.**

6                                    **CLASS ALLEGATIONS**

7         53.    The following Class and Subclasses may properly be maintained as a class action

8    pursuant to Rule 23 of the Federal Rules of Civil Procedure:

9         <u>Class</u>: All individuals who, in the State of California, purchased a Laptop from
          Best Buy between June 14, 2008 and continuing through the date of trial, and who
10        were exposed to any representation that the purchased Laptop would have a
          battery life of "up to" a specified number of hours (the "Class").
11
12           <u>Toshiba Subclass</u>: All individuals who, in the State of California,
             purchased a Toshiba-brand Laptop from Best Buy between June 14, 2009
13           and continuing through the date of trial, and who were exposed to any
             representation that the purchased Laptop would have a battery life of "up
             to" a specified number of hours (the "Toshiba Subclass").
14
15           <u>CLRA Subclass</u>: All individuals who, in the State of California, purchased
             for personal, family, or household purposes, a Laptop from Best Buy at
16           any time between June 14, 2009, and who were exposed to any
             representation that the purchased Laptop would have a battery life of "up
17           to" a specified number of hours (the "CLRA Subclass").[5]

18   Excluded from the Class are: Defendants, their officers, directors and employees, and any entity

19   in which either Toshiba or Best Buy has a controlling interest, the agents, affiliates, legal

20   representatives, heirs, attorneys at law, attorneys in fact or assignees thereof.

21        54.    Throughout discovery in this litigation, Plaintiff may find it appropriate and/or

22   necessary to amend the definition of the Class.  Plaintiff will formally define and designate a

23   class definition when they seek to certify the Class alleged herein.

24        55.    **Ascertainable Class:**  The Class is ascertainable in that each member can be

25   identified using information contained in Defendants' records.

26   */ / /*

27   _____

28   [5] Plaintiff is a representative, and member, of the Class, the Toshiba Subclass, and the CLRA Subclass.  Because all
     members of the Toshiba Subclass and CLRA Subclass are also members of the Class, Plaintiff will refer to the
     Class, the Toshiba Subclass, and the CLRA Subclass collectively as the "Class" unless otherwise specified.

**THIRD AMENDED CLASS ACTION COMPLAINT**

STONEBARGER LAW
A Professional Corporation

56.   **Common Questions of Law or Fact Predominate:**  There is a well-defined community of interest among the Class.  The questions of law and fact common to the Class predominate over questions which may affect individual Class members.  These questions of law and fact include, but are not limited to, the following:

a.   Whether Best Buy represented to Plaintiffs and the Class that the Laptops had a battery life of "up to" a specific number of hours (or fraction thereof);

b.   Whether Best Buy represented to Plaintiffs and the Class that the Laptops had a battery life of "up to" a specific number of hours (or fraction thereof) on the Laptops' product tags;

c.   Whether Best Buy's representation as to the Laptops' battery life to Plaintiff and the Class were based on the results of the Laptop's MM07 results;

d.   Whether Best Buy's representing the Laptops' battery lives using the results from MM07 testing was likely to deceive members of the public including Plaintiff and the Class;

e.   Whether Best Buy's representing the Laptops' battery lives using the results from MM07 testing was misleading, deceptive, and/or fraudulent;

f.   Whether Best Buy fraudulently concealed from and/or failed to disclose to Plaintiff and the Class that the represented battery life was calculated when: (i) the Laptops' screens are set to 60 nits; (ii) the Laptops' Wi-Fi, Bluetooth, and other wireless functions are disabled; and (iii) the Laptops' main processor chip is set to 5% to 7.5% of its normal capacity;

g.   Whether Best Buy fraudulently concealed from and/or failed to disclose to Plaintiff and the Class that the test results under MM07 does not accurately measure the battery life that a consumer could reasonably expect to experience;

h.   Whether Best Buy had a duty to Plaintiff and the Class to disclose that when arriving at the represented battery life the: (i) the Laptops' screens are set to 60 nits; (ii) the Laptops' Wi-Fi, Bluetooth, and other wireless functions are disabled; and (iii) the Laptops' main processor chip is set to 5% to 7.5% of its normal capacity;

/ / /

**THIRD AMENDED CLASS ACTION COMPLAINT**

1         i.      Whether the facts relating to the Laptops that were concealed and/or

2   otherwise not disclosed by Best Buy to Plaintiff and the Class were material facts;

3         j.      Whether as a result of Best Buy's concealment and/or failure to disclose

4   those material facts, Plaintiff and the Class acted to their detriment by purchasing the Laptops;

5         k.      Whether Best Buy engaged in unfair competition and/or unfair deceptive

6   acts and/or practices in violation of California's Consumer Legal Remedies Act;

7         l.      Whether Best Buy's acts or practices were fraudulent within the meaning

8   of California Business and Professions Code section 17200 *et. seq.*;

9         m.      Whether Plaintiff and the Class are entitled to compensatory damages,

10  restitution, and the amounts thereof respectively against Best Buy;

11        n.      Whether Best Buy should be ordered to disgorge, for the benefit of

12  Plaintiff and the Class, all or part of its ill-gotten profits received from the sale of the Laptops,

13  and/or to make full restitution to Plaintiff and the Class members;

14        o.      Whether Toshiba conducted testing of its Laptops' battery lives using

15  MM07;

16        p.      Whether Toshiba represented the Laptops' battery lives using the results

17  from its MM07 testing to consumers and third party retailers;

18        q.      Whether Toshiba's representing the Laptops' battery lives using the

19  results from its MM07 testing was likely to deceive members of the public including Plaintiff

20  and the Class;

21        r.      Whether Toshiba's representing the Laptops' battery lives using the

22  results from its MM07 testing was misleading, deceptive, and/or fraudulent;

23        s.      Whether as a result of Toshiba's representing the Laptops' battery lives

24  using the results from its MM07 testing, Plaintiff and the Class acted to their detriment by

25  purchasing the Laptops;

26        t.      Whether Toshiba engaged in unfair competition and/or unfair deceptive

27  acts and/or practices in violation of California's Consumer Legal Remedies Act;

28  / / /

STONEBARGER LAW
A Professional Corporation

13

**THIRD AMENDED CLASS ACTION COMPLAINT**

STONEBARGER LAW
A Professional Corporation

1           u.      Whether Plaintiff and the Class are entitled to compensatory damages,

2  restitution, and the amounts thereof respectively against Toshiba; and

3           v.      Whether Toshiba should be ordered to disgorge, for the benefit of Plaintiff

4  and the Class, all or part of its ill-gotten profits received from the sale of the Laptops, and/or to

5  make full restitution to Plaintiff and the Class members.

6        57.   **Numerosity:** The Class is so numerous that the individual joinder of all members

7  of the Class is impractical under the circumstances of this case.  While the exact number of

8  members of the Class is unknown to Plaintiff at this time, Plaintiff is informed and believes the

9  Class consists of tens of thousands of members.  Individual joinder of members of the Class is

10  also impracticable because the individual Class members are dispersed throughout the state of

11  California.

12        58.   **Typicality:** Plaintiff's claims are typical of those of the other Class members

13  because Plaintiff, like every other Class member, was exposed to virtually identical conduct.

14        59.   **Adequacy:** Plaintiff will fairly and adequately represent and protect the interests

15  of the Class in that they have no disabling conflicts of interest that would be antagonistic to those

16  of the other members of the Class.  Plaintiff seeks no relief that is antagonistic or adverse to the

17  members of the Class and the infringement of the rights and the damages they have suffered are

18  typical of all other Class members.  Plaintiff has retained competent counsel, experienced in

19  class action litigation and consumer protection law.

20        60.   **Superiority:** The nature of this action and the nature of laws available to Plaintiff

21  and the Class make the use of the class action device a particularly efficient and appropriate

22  procedure to afford relief to Plaintiff and the Class for the wrongs alleged because:

23           a.      The individual amounts of damages involved, while not insubstantial, are

24  such that individual actions or other individual remedies are impracticable and litigating

25  individual actions would be too costly;

26           b.      If each Class member was required to file an individual lawsuit,

27  Defendants would necessarily gain an unconscionable advantage since it would be able to exploit

28  and overwhelm the limited resources of each individual Class member with vastly superior

**THIRD AMENDED CLASS ACTION COMPLAINT**

1  financial and legal resources;

2          c.      The costs of individual suits could unreasonably consume the amounts that

3  would be recovered;

4          d.      Proof of a common course of conduct to which Plaintiff was exposed is

5  representative of that experienced by the Class and will establish the right of each member of the

6  Class to recover on the cause of action alleged; and

7          e.      Individual actions would create a risk of inconsistent results and would be

8  unnecessary and duplicative of this litigation.

9  61.     Plaintiff and Class have all similarly suffered irreparable harm and damages as a

10  result of Defendants' unlawful and wrongful conduct.  This action will provide substantial

11  benefits to Plaintiff, the Class and the public because, absent this action, Plaintiff and Class

12  members will continue to suffer losses, thereby allowing Defendants' violations of law to

13  proceed without remedy, and allowing Defendants to retain proceeds of its ill-gotten gains.

14

15                                **VI.**

16                      **FIRST CAUSE OF ACTION**
                  **Violations of Consumer Legal Remedies Act**
                  **California Civil Code Section 1750 *et seq.***
17          **(On Behalf of the Toshiba Subclass Against Defendant Toshiba)**

18  62.     Plaintiff and the Toshiba Subclass incorporate by reference each and every

19  preceding paragraph of this Third Amended Complaint as if fully set forth herein.

20  63.     California Civil Code section 1770(a) provides that it is unlawful to use unfair

21  methods of competition and unfair or deceptive acts or practices in a transaction intended to

22  result or which results in the sale or lease of goods or services to any consumer.

23  64.     California Civil Code section 1770(a) prohibits, among other things, one to

24  "[r]epresent[] that goods or services have sponsorship, approval, characteristics, ingredients,

25  uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval,

26  status, affiliation, or connection which he or she does not have," to "[r]epresent[] that goods or

27  services are of a particular standard, quality, or grade, or that goods are of a particular style or

28  model, if they are of another," and to "advertis[e] goods with intent not to sell them as

STONEBARGER LAW
A Professional Corporation

15
**THIRD AMENDED CLASS ACTION COMPLAINT**

1 | advertised." *See* Cal. Civ. Code section 1770(a)(5); (7); (9).

2 | 65. Toshiba violated California Civil Code sections 1770(a)(5), (7) and (9) by

3 | reporting the Laptops' battery life to third party retailers using the results from the Laptops'

4 | MM07 testing, as utilizing the testing results of MM07 to represent the battery life of its Laptops

5 | was, and is, likely to deceive or mislead consumers based on the fact that under MM07, the

6 | Laptop is tested under unrealistic, skewed, and manipulated testing parameters that bear no

7 | rational relationship to a reasonable consumer's expected use of a Laptop as MM07's testing

8 | parameters are not remotely practical for a consumer to duplicate given that the computer is

9 | largely unusable and non-functional.

10 | 66. Toshiba's deceptive practices, as alleged above, were specifically designed to,

11 | and did, induce Plaintiff and the Toshiba Subclass to purchase the Laptops.  Toshiba engaged in

12 | common scheme to misrepresent to Plaintiff and the Toshiba Subclass the material facts alleged

13 | herein regarding the Laptops' maximum battery life.

14 | 67. Plaintiff and the Toshiba Subclass reasonably and justifiably relied on Toshiba's

15 | representations.  Plaintiff and the Toshiba Subclass were induced to purchase the Laptops and

16 | pay more for the Laptops then they would have had Toshiba not falsely represented that the

17 | Laptops had a battery life that was substantially more than Plaintiff or any Toshiba Subclass

18 | member could reasonably expect to experience.

19 | 68. As a direct and proximate result of Toshiba's violations of the CLRA as alleged

20 | herein, Plaintiff and the Toshiba Subclass have been injured by, including but not limited to, the

21 | following:

22 | a. The infringement of their legal rights as a result of being subjected to the

23 | common course of conduct alleged herein;

24 | b. Plaintiff and the CLRA Subclass were induced to purchase the Laptops

25 | and pay more for the Laptops then they would have had they been fully informed of Toshiba's

26 | acts,  misrepresentations, and practices as alleged in this Third Amended Complaint, in violation

27 | of *inter alia*, the CLRA.

28 | / / /

STONEBARGER LAW
A Professional Corporation

**THIRD AMENDED CLASS ACTION COMPLAINT**

69.     Plaintiff seeks an order awarding restitution or disgorgement of Toshiba's revenues and profits from the sale of the Laptops.

70.     Prior to filing the initial Class Action Complaint, Plaintiff timely served Toshiba with notice of its violation of the CLRA by certified mail, return receipt requested.  *See* Exhibit 'A'.  Toshiba failed to provide appropriate relief for its violations of the CLRA. As such, Plaintiff has therefore complied with the 30-day notice period required by California Civil Code section 1782(a).

71.     As of the date of filing this Class Action Complaint, Plaintiff has not received responses from Toshiba that agreed to provide for the relief requested in his letter. *See* Exhibit 'B'.  As a result, Toshiba has failed to provide appropriate relief for its violations of the CLRA, and Plaintiff and the CLRA Subclass are entitled to recover actual damages, punitive damages, attorneys' fees and costs, and any other relief the Court deems proper.

WHEREFORE, Plaintiff and the Toshiba Subclass pray for relief as set forth below.

## VII.

### SECOND CAUSE OF ACTION
**Violations of Consumer Legal Remedies Act
California Civil Code Section 1750 *et seq.*
(On Behalf of the CLRA Subclass Against Defendant Best Buy)**

72.     Plaintiff and the CLRA Subclass incorporate by reference each and every preceding paragraph of this Third Amended Complaint as if fully set forth herein.

73.     California Civil Code section 1770(a) provides that it is unlawful to use unfair methods of competition and unfair or deceptive acts or practices in a transaction intended to result or which results in the sale or lease of goods or services to any consumer.

74.     California Civil Code section 1770(a) prohibits, among other things, one to "[r]epresent[] that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have," to "[r]epresent[] that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another," and to "advertis[e] goods with intent not to sell them as

STONEBARGER LAW
A Professional Corporation

17

**THIRD AMENDED CLASS ACTION COMPLAINT**

STONEBARGER LAW
A Professional Corporation

1    advertised." *See* Cal. Civ. Code section 1770(a)(5); (7); (9).

2        75.    Best Buy violated California Civil Code sections 1770(a)(5), (7) and (9) by

3    representing the Laptops' battery life to consumers using the results from the Laptops' MM07

4    testing, as utilizing the testing results of MM07 to represent the battery life of its Laptops was,

5    and is, likely to deceive or mislead consumers based on the fact that under MM07, the Laptop is

6    tested under unrealistic, skewed, and manipulated testing parameters that bear no rational

7    relationship to a reasonable consumer's expected use of a Laptop as MM07's testing parameters

8    are not remotely practical for a consumer to duplicate given that the computer is largely unusable

9    and non-functional.

10       76.    Best Buy violated California Civil Code sections 1770(a)(5), (7) and (9) when it

11   represented the battery life of the Laptops on its product tags while failing to disclose that the

12   represented battery life was derived under the following circumstances: (i) the Laptops' screens

13   are set to 60 nits; (ii) the Laptops' Wi-Fi, Bluetooth, and other wireless functions are disabled;

14   and (iii) the Laptops' main processor chip is set to 5% to 7.5% of its normal capacity; and thus,

15   do not accurately or fairly represent the battery life that a consumer can expect to actually

16   experience.

17       77.    The foregoing facts in the preceding paragraph were not disclosed to Plaintiff and

18   the CLRA Subclass by Best Buy and are material as a reasonable consumer would deem the

19   length of a Laptop's battery life important in determining whether to purchase the Laptop.

20       78.    Best Buy's deceptive practices, as alleged above, were specifically designed to,

21   and did, induce Plaintiff and the CLRA Subclass to purchase the Laptops.  Best Buy engaged in

22   common scheme to misrepresent the battery lives of the Laptops and to omit from the

23   information provided to Plaintiff and the CLRA Subclass the material facts alleged herein

24   regarding the Laptops' maximum battery life.

25       79.    Best Buy was under a duty to Plaintiff and the CLRA Subclass to disclose the

26   material facts because Best Buy made partial representations to Plaintiff and the CLRA Subclass

27   that were misleading because the material facts set forth in paragraph 76 were not disclosed.

28   / / /

**THIRD AMENDED CLASS ACTION COMPLAINT**

STONEBARGER LAW
A Professional Corporation

80.     Plaintiff and the CLRA Subclass reasonably and justifiably relied on Best Buy's representations, and were ignorant to those omissions of the aforementioned material facts. Plaintiff and the CLRA Subclass were induced to purchase the Laptops and pay more for the Laptops then they would have had Best Buy not falsely represented that the Laptops had a battery life that was substantially more than the CLRA Subclass member could reasonably expect to experience.

81.     As a direct and proximate result of Best Buy's violations of the CLRA as alleged herein, Plaintiff and the CLRA Subclass have been injured by, including but not limited to, the following:

a.     The infringement of their legal rights as a result of being subjected to the common course of conduct alleged herein;

b.     Plaintiff and the CLRA Subclass were induced to purchase the Laptops and pay more for the Laptops than they would have had they been fully informed of Best Buy's acts, omissions, misrepresentations, practices and nondisclosures as alleged in this Third Amended Complaint, in violation of *inter alia*, the CLRA.

82.     Plaintiff seeks an order awarding restitution or disgorgement of Best Buy's revenues and profits from the sale of the Laptops.

83.     On February 4, 2014, and prior to filing this Third Amended Class Action Complaint, Plaintiff served Best Buy with notice of its violation of the CLRA by certified mail, return receipt requested.  Best Buy failed to provide appropriate relief for its violations of the CLRA.  As such, Plaintiff has therefore complied with the 30-day notice period required by California Civil Code section 1782(a).  *See* Exhibit 'C'.[6]

84.     As of the date of filing this Third Amended Class Action Complaint, Plaintiff has not received any response from Best Buy. As a result, Best Buy has failed to provide appropriate relief for its violations of the CLRA, and Plaintiff and the CLRA Subclass are entitled to recover actual damages, punitive damages, attorneys' fees and costs, and any other relief the Court deems proper.

---

[6] Attached hereto as Exhibit 'D' is a venue declaration by Plaintiff Herron pursuant to Civil Code § 1780(d).

**THIRD AMENDED CLASS ACTION COMPLAINT**

WHEREFORE, Plaintiff and the CLRA Subclass pray for relief as set forth below.

## VIII.

### <u>THIRD CAUSE OF ACTION</u>
**Violations of Unfair Competition Law
California Business and Professions Code section 17200 *et seq.*
(On Behalf of the Class Against Defendant Best Buy)**

85.     Plaintiff and the Class incorporate by reference each and every preceding paragraph of this Third Amended Complaint as if fully set forth herein.

86.     Plaintiff has standing to bring this action under the UCL because he has suffered injury in fact as a result of Best Buy's conduct and has lost money through his purchase of the Laptop which he would not have done were it not for the misrepresentations and material omissions by Best Buy.

87.     Best Buy's marketing, advertising, and sales of the Laptops constitute unfair competition in violation of the UCL.  Best Buy has engaged in conduct that is fraudulent through a pattern of misrepresentations and concealment of material facts that misleads and deceives the public with respect to the Laptops' maximum battery life.

88.     The misrepresentations, omissions, and nondisclosures of Best Buy, as alleged herein, constitute fraudulent business practices within the meaning of California Business and Professions Code section 17200 *et seq.*

89.     Plaintiff and the Class are entitled to full restitution and/or disgorgement of Best Buy's revenues and profits resulting from the sales of the Laptops.

WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

## IX.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff, on behalf of himself and all other similarly situated Class members, and on behalf of the general public, requests the following relief:

A.     That an order certifying the Class, the Toshiba Subclass, and the CLRA Subclass defined herein be entered designating Plaintiff as representative of the Class, the Toshiba Subclass, and the CLRA Subclass and appointing Plaintiff's attorneys as Class Counsel;

*STONEBARGER LAW
A Professional Corporation*

**THIRD AMENDED CLASS ACTION COMPLAINT**

1    B.    For actual damages in an amount according to proof;

2    C.    For compensatory damages in an amount according to proof;

3    D.    For restitution in an amount according to proof;

4    E.    For injunctive relief against Defendants under each cause of action;

5    F.    For other equitable relief;

6    G.    For attorneys' fees as provided by law;

7    H.    For prejudgment interest as provided by law;

8    I.    For costs of suit; and

9    J.    For such other and further relief as this Court deems just and equitable.

10

11   Dated: March 10, 2014              STONEBARGER LAW, APC

12                                      COTCHETT, PITRE & MCCARTHY, LLP

13

14                                      By:  /s/ Richard D. Lambert

15                                           Richard D. Lambert
                                             rlambert@stonebargerlaw.com
16                                           Anne Marie Murphy
                                             AMurphy@cpmlegal.com

17

18

19

20

21

22

23

24

25

26

27

28

STONEBARGER LAW
A Professional Corporation

21

**THIRD AMENDED CLASS ACTION COMPLAINT**