UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD HERRON, individually, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>BEST BUY STORES, L.P., a Virginia limited partnership; TOSHIBA AMERICA INFORMATION SYSTEMS, INC., a California corporation, inclusive,<br><br>        Defendants. | No.  12-cv-02103-GEB-JFM<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFEDANT BEST BUY STORES, L.P.'S MOTION TO DISMISS CLAIMS IN PLAINTIFF'S THIRD AMENDED COMPLAINT**[1] |

        Defendant Best Buy Stores, L.P. ("Best Buy") moves in this putative class action for dismissal under Federal Rule of Civil Procedure 12(b)(6) of the California Consumer Legal Remedy Act ("CLRA") claim alleged against it in Plaintiff's Third Amended Complaint ("TAC").[2] Further, Best Buy moves in the alternative for dismissal of the damages component of Plaintiff's

---

[1] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g), and therefore the hearing scheduled on June 2, 2014 for this motion is vacated.

[2] Best Buy also seeks dismissal of Plaintiff's "UCL unlawfulness claim," arguing it is "derivative" of Plaintiff's CLRA claim. (Def.'s Mot. 5:10, ECF No. 12.) However, this referenced UCL claim is not in the TAC.

1

CLRA claim that concerns laptops Plaintiff did not purchase. Plaintiff opposes the motion.

## I. FACTUAL ALLEGATIONS

The following allegations in Plaintiff's TAC concern the motion. "In or about January 2010," after looking at the product tags for various laptops, Plaintiff purchased a Toshiba Satellite L505 laptop from a Best Buy retail store in Folsom, California. (TAC ¶¶ 10-12, ECF No. 68.) "In Best Buy's retail stores, each [l]aptop computer . . . has a Best Buy 'product tag'" that "lists the [l]aptop's battery life as being 'up to' a specified number of hours." (Id. ¶¶ 41-42.) "Best Buy represented Plaintiff's [l]aptop battery life to be 'up to 3.32 hours.'" (Id. ¶ 42.) "There is not an explanation as to how the 'up to' hours was derived on the product tag or elsewhere." (Id. ¶ 43.)

Plaintiff "decided to purchase the Toshiba Satellite L505 [laptop] based substantially on his reliance on the representation that the battery life for the model was 'up to 3.32 hours.'" (Id. ¶ 12.) "In the years since Plaintiff purchased his laptop, he has never once achieved even close to the represented 3.32 hours of battery life." (Id. ¶ 15.)

"The 'up to' battery life representations on Best Buy's product tags are not limited to [l]aptops manufactured by Toshiba; rather such representations are common and identical regardless of the manufacturer of the [l]aptop." (Id. ¶ 44.) Best Buy's "up to" battery life claims are the result of tests conducted under the MobileMark 2007 ("MM07") benchmark. (Id.) During an MM07 test, the laptop monitor's brightness is set to "20% to 30% of its normal level," "Wi-Fi, Bluetooth, and other

1  wireless functions are disabled," and "the main processor chip is
2  set to 5% to 7.5% of its normal capacity." (Id. ¶¶ 26-28.) "Best
3  Buy's use of the results from MM07 . . . grossly overstate[s] the
4  battery life a consumer can expect to experience." (Id. ¶ 45.)

## II. DISCUSSION

### 1. CLRA Statute of Limitations

Best Buy argues Plaintiff's CLRA claim is barred by the applicable statute of limitations. Specifically, Best Buy challenges the credibility of Plaintiff's Doe allegations pertinent to California's relation back doctrine for fictitiously named Defendants in Plaintiff's First Amended Complaint. Best Buy Stores made the same argument in its prior Motion to Dismiss Plaintiff's Second Amended Complaint, which was rejected in an order filed on February 4, 2013. (See Order Granting in Part and Denying in Part Defs.' Mot. to Dismiss 5:5-8:3, ECF No. 60.) That portion of the February 4, 2013 order is adopted herein, and therefore this portion of Best Buy's motion is denied.

Best Buy also states in its reply brief: "To the extent the Court deems any of the grounds of the present motion to be duplicative of those asserted before, Best Buy [Stores] requests that the Court treat the motion as one for clarification or reconsideration." (Def.'s Reply 3:17-19, ECF No. 79.) However, "[t]he district court need not consider arguments raised for the first time in a reply brief." Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007). Therefore, this request is not considered.

### 2. CLRA Notice Requirement

Best Buy argues the damages portion of Plaintiff's CLRA claim concerning laptops he did not purchase should be dismissed

since "the only make and model of laptop identified in the [CLRA] notice is the Toshiba Satellite laptop that Plaintiff actually purchased." (Def.'s Mot. 9:27-28.) Plaintiff counters: "Defendant's argument is clearly one of form over substance" since "[o]n numerous occasions throughout this case, Defendant has been fully able to fully articulate its understanding as to the scope of the putative Class." (Pl.'s Opp'n 14:13-16, ECF No. 77.)

> Concerning the referenced notice, the CLRA prescribes:
>
> Thirty days or more prior to the commencement of an action <u>for damages</u> pursuant to this title, the consumer shall do the following:
>
> (1) Notify the person alleged to have employed or committed methods, acts, or practices declared unlawful by [the CLRA] of the particular alleged violations of [the CLRA].
>
> (2) Demand that the person correct, repair, replace, or otherwise rectify the goods or services alleged to be in violation of [the CLRA].

Cal. Civ. Code § 1782(a) (emphasis added).

"The CLRA's notice requirement is not jurisdictional, but compliance with the requirement is necessary to state a claim" for damages. <u>Keilholtz v. Superior Fireplace Co.</u>, No. 08-cv-836 CW, 2009 WL 839076, at *2 (N.D. Cal. Mar. 30, 2009) (citing <u>Outboard Marine Corp. v. Sup. Ct.</u>, 52 Cal. App. 3d 30, 40-41 (1975)). "The purpose of the notice requirement . . . is to give the manufacturer or vendor sufficient notice of alleged defects to permit appropriate corrections or replacements," and this "purpose may only be accomplished by a <u>literal application</u> of the notice provisions." <u>Outboard Marine</u>, 52 Cal. App. 3d at

40-41 (emphasis added).

Plaintiff's CLRA notice only describes an alleged misstatement of the expected battery life of the Toshiba Satellite L505 laptop he purchased. (See TAC, Ex. C, ECF No. 68-3.) Since "literal application of the [CLRA] notice provisions" is required, Outboard Marine, 52 Cal. App. 3d at 41, Plaintiff's CLRA notice failed to "[n]otify" Best Buy "of the particular alleged violations" of the CLRA concerning laptops other than the Toshiba Satellite L505 Plaintiff purchased. Cal. Civ. Proc. Code § 1782(a)(1). Therefore, the damages component of Plaintiff's CLRA claim concerning the unnoticed referenced laptops is dismissed. Cf. Ang. V. Bimbo Bakeries USA, Inc., No. 13-cv-1196-WHO, 2013 WL 5407039, at *12 (N.D. Cal. Sept. 25, 2013) (dismissing "the CLRA damage claim based on the Substantially Similar Products identified in the Amended Complaint[, which plaintiffs did not purchase], as plaintiffs failed to provide adequate [CLRA] notice" concerning these products).

### III. CONCLUSION

For the stated reasons, the motion is GRANTED IN PART AND DENIED IN PART. The damages component of Plaintiff's CLRA claim is DISMISSED for laptops Plaintiff did not purchase. The remainder of the motion is DENIED.

Plaintiff is granted thirty-five (35) days from the date on which this order is filed to file an amended complaint addressing the deficiencies in the dismissed damages component of the CLRA claim for laptops Plaintiff did not purchase. Plaintiff is notified that failure to file an amended complaint within the prescribed time period could result in dismissal of the described

component of the CLRA claim with prejudice under Rule 41(b).

Dated:  May 28, 2014

GARLAND E. BURRELL, JR.
Senior United States District Judge