UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD HERRON, individually, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BEST BUY STORES, L.P., a Virginia limited partnership; TOSHIBA AMERICA INFORMATION SYSTEMS, INC., a California corporation, inclusive,<br><br>Defendants. | No. 12-cv-02103-GEB-JFM<br><br>**ORDER GRANTING DEFENDANT TOSHIBA AMERICA INFORMATION SYSTEMS' MOTION TO COMPEL ARBITRATION** |

Defendant Toshiba America Information Systems, Inc. ("Toshiba") moves in this putative class action for an order compelling "[P]laintiff to arbitrate his claim against T[oshiba]." (Mem. P. & A. in Supp. Mot. to Compel Arbitration ("Toshiba's Mot.") 1:3-4, ECF No. 74-1.) Plaintiff opposes the motion.

**I. FACTUAL BACKGROUND**

The following uncontroverted facts are germane to the motion. Contained within the box for the Toshiba laptop Plaintiff purchased at a Best Buy store was an arbitration provision, which prescribes:

Customer and Toshiba acknowledge and agree

1

>>that any claim, dispute, or controversy . . . between Customer and Toshiba arising from or relating to (i) . . . the validity of this binding arbitration provision, or (ii) the use of the Product shall be resolved **EXCLUSIVELY AND FINALLY BY BINDING ARBITRATION** . . . .
>
>. . . .
>
>>The binding arbitration provision shall be governed by the United States Federal Arbitration Act [("FAA")].

(Decl. of Don Hanson Ex. A, One (1) Year Standard Limited Warranty for Computers ("Arbitration Provision") A7, A9, ECF No. 74-3.)

Additionally, "[i]nside the box . . . the actual . . . laptop would have been completely enclosed in a plastic bag . . . sealed with a sticker," (Decl. of Don Hanson ¶ 4, ECF No. 74-2), informing Plaintiff of the referenced arbitration provision and prescribing:

>**IF YOU DO NOT ACCEPT THESE CONDITIONS, RETURN THE UNOPENED PACKAGE AND ALL OTHER ITEMS INCLUDED WITH THE [LAPTOP] TO THE PLACE OF PURCHASE AND YOUR MONEY WILL BE REFUNDED IN ACCORDANCE WITH THE APPLICABLE RETURN POLICY OF THE PLACE OF PURCHASE.**

(Decl. of Don Hanson Ex. B, ECF No. 74-4.)

## II. DISCUSSION

Toshiba argues: "Plaintiff should be compelled to arbitrate his claim against [it since] Plaintiff accepted the terms of . . . a prominently disclosed arbitration provision." (Toshiba's Mot. 1:2-4.) Toshiba contends: "That provision binds the parties to arbitrate on an individual basis any disputes relating to the use of [P]laintiff's laptop." (Id. 1:4-5.)

Plaintiff counters with arguments: 1) "no agreement to

2

arbitrate was formed between Plaintiff and T[oshiba]"; 2) "the arbitration [provision] is unconscionable, and thus unenforceable"; and 3) "T[oshiba] has waived its right to compel arbitration." (Pl.'s Opp'n 9:9-11, ECF No. 78.)

### A. Acceptance of Arbitration Provision

Plaintiff argues: "T[oshiba] has failed to show that . . . the arbitration [provision]," which Plaintiff did not encounter until after purchase, "w[as] accepted and assented to by Plaintiff." (Pl.'s Opp'n 19:22-23.)

"[C]ontracts contained in [] boxes . . . are no less enforceable than any other type of contract." Novell, Inc. v. Unicom Sales, Inc., No. 03-cv-2785 MMC, 2004 WL 1839117, at *11 (N.D. Cal. Aug. 17, 2004) (citing ProCD, Inc. v. Zeidenberg, 86 F.3d 1447, 1449 (7th Cir. 1996); see also Murphy v. DirecTV, Inc., 724 F.3d 1218, 1225 n.4 (9th Cir. 2013) (approving, in dictum, a district court's determination that "continuing to accept [defendant]'s services . . . bound [p]laintiffs to the terms of the contract"); Datel Holdings Ltd. v. Microsoft Corp., 712 F. Supp. 2d 974, 989 (N.D. Cal. 2010) ("Plaintiff argues that the Warranty could not have been discovered by consumers until the box was opened, and that therefore, a consumer could not have knowingly and voluntarily accepted it prior to purchase. The weight of authority, however, . . . is that shrinkwrap licenses are enforceable." (citation omitted)). Therefore, Plaintiff has not shown that since he was not provided the arbitration provision before the laptop purchase, he did not accept its terms.

Plaintiff also argues that case law supporting

acceptance of contracts within the boxes of consumer products via product use is inapposite since "in order to avoid being bound by the terms of the [arbitration provision], Plaintiff was required to return the [l]aptop to Best Buy pursuant to Best Buy's return policy as it then existed," which would have subjected Plaintiff to a "restocking fee of fifteen percent," i.e. "a monetary loss of approximately $84" based on Plaintiff's purchase price of $559.74. (Id. 24:1-3, 24:5, 24:10.) Plaintiff supports this argument with a document, of which he has requested judicial notice, that he contends states Best Buy's return policy in effect at the time of his laptop purchase. (See Pl.'s Req. for Judicial Notice Ex. A, ECF No. 78-13.) However, the document does not state the dates for which its provisions are in effect. Therefore, Plaintiff has not been shown that the referenced restocking fee was in effect when he purchased the laptop.

### B. Validity of Arbitration Provision

Plaintiff argues the arbitration provision is "unconscionable and unenforceable as a matter of law." (Pl.'s Opp'n 35:14.) Toshiba counters, inter alia, that "[t]he arbitration [provision] at issue here contains a delegation [clause] that requires" this unconscionability challenge "to be decided by the arbitrator, not the Court." (Toshiba's Reply 2:10-11, ECF No. 82 (quoting Arbitration Provision A7).)

The referenced arbitration provision states:

> Customer and Toshiba acknowledge and agree that any claim, dispute, or controversy . . . between Customer and Toshiba arising from or relating to . . . the <u>validity of this binding arbitration provision</u> . . . shall be resolved **EXCLUSIVELY AND FINALLY BY BINDING ARBITRATION** . . . .

4

(Arbitration Provision A7 (underlined emphasis added).)

"Parties can agree to arbitrate 'gateway' questions of 'arbitrability,'" such as whether an arbitration provision is unconscionable. Rent-A-Center, West, Inc. v. Jackson, 561 U.S. 63, 68-69 (2010) (holding since "dispute[s] relating to the [] enforceability" of the arbitration agreement had been "delegate[d] to the arbitrator," a court could only hear an unconscionability challenge to the delegation clause itself, but not an unconscionability challenge to the arbitration provision). Since the arbitration provision at issue delegates challenges to "the validity of th[e] binding arbitration provision" to the arbitrator, Plaintiff's unconscionability challenge to the arbitration provision must be decided in arbitration. (Arbitration Provision A7.)

### C. Waiver of Right to Compel Arbitration

However, Plaintiff contends "T[oshiba] has waived its right to compel arbitration." (Pl.'s Opp'n 9:9.)

"Any examination of whether the right to compel arbitration has been waived must be conducted in light of the strong federal policy favoring enforcement of arbitration agreements." Fisher v. A.G. Becker Paribas, Inc., 791 F.2d 691, 694 (9th Cir. 1986). Under the FAA, "[a] party seeking to prove waiver of a right to arbitration must demonstrate . . . prejudice to the party opposing arbitration resulting from such inconsistent acts." Id. "[W]aiver of the right to arbitration is disfavored because it is a contractual right, and thus any party arguing waiver of arbitration bears a heavy burden of proof." United States v. Park Place Assocs., Ltd., 563 F.3d 907, 921 (9th

Cir. 2009) (internal quotation marks omitted) (quoting <u>Van Ness Townhouses v. Mar Indus. Corp.</u>, 862 F.2d 754, 758 (9th Cir. 1988).

Plaintiff argues compelling arbitration would prejudice him since he "expended substantial resources, time, and effort litigating this action"; he "would have utilized a different strategy had he known that the case would or might proceed to arbitration"; and, in arbitration, "T[oshiba] [would] now [be] allowed to evade the Court's decisions [rejecting Toshiba's motions to dismiss Plaintiff's claims as a matter of law] and seek a 'second bite at the apple.'" (Pl.'s Opp'n 16:17-18, 16:14-15, 17:9-11.)

Plaintiff's prejudice arguments stemming from litigation strategy choices, the potential for Toshiba to relitigate issues addressed in previous dismissal orders, or attempt to forum shop are conclusory and therefore unpersuasive. Here, Plaintiff has not shown that "the possibility that there may be some duplication from [an arbitration] proceeding[] is prejudicial to [him]." <u>Fisher</u>, 791 F.2d at 698. Therefore, Plaintiff has not sustained his burden of showing prejudice, and has not shown Toshiba waived its right to compel arbitration.

### III. CONCLUSION

For the stated reasons, Toshiba's motion to compel arbitration is GRANTED. The action against Toshiba is stayed under 9 U.S.C. § 3 pending arbitration.

A status conference is scheduled to commence at 9:00 a.m. on July 20, 2015. A joint status report shall be filed fourteen (14) days prior to the status conference, in which

6

Plaintiff and Toshiba shall explain the status of the arbitration proceeding if arbitration is ongoing. Further, if arbitration is completed before the status report is due, a notice of completion shall be filed immediately upon determination that arbitration has been completed.

Dated: May 30, 2014

GARLAND E. BURRELL, JR.
Senior United States District Judge