Gene J. Stonebarger, State Bar No. 209461
gstonebarger@stonebargerlaw.com
Richard D. Lambert, State Bar No. 251148
rlambert@stonebargerlaw.com
Elaine W. Yan, State Bar No. 277961
eyan@stonebargerlaw.com
STONEBARGER LAW
A Professional Corporation
75 Iron Point Circle, Ste. 145
Folsom, CA 95630
Telephone: (916) 235-7140
Facsimile: (916) 235-7141

Niall P. McCarthy, State Bar No. 160175
nmccarthy@cpmlegal.com
Anne Marie Murphy, State Bar No. 202540
amurphy@cpmlegal.com
Demetrius X. Lambrinos, State Bar No. 246027
dlambrinos@cpmlegal.com
COTCHETT, PITRE & MCCARTHY, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

*Attorneys for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHAD HERRON, individually, on behalf of himself and all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>BEST BUY STORES, LP, a Virginia limited partnership,<br><br>    Defendant. | CASE NO.: 12-CV-02103-GEB-JFM<br><br>**FOURTH AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1. **VIOLATIONS OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT; AND**<br><br>2. **VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW.**<br><br>**DEMAND FOR A JURY TRIAL** |

**FOURTH AMENDED CLASS ACTION COMPLAINT**

Plaintiff Chad Herron ("Plaintiff"), on behalf of himself and all others similarly situated, and demanding a jury trial, complains and alleges of Defendant Best Buy Stores, LP ("Best Buy") as follows:

## I.

## INTRODUCTION

1. This is a consumer class action against Best Buy on behalf of Plaintiff and all similarly situated individuals who have purchased a laptop computer or notebook, including Toshiba-brand laptop computers or notebooks, from any of Best Buy's retail stores located in the State of California, and who were exposed to the representation that the purchased laptop or notebook would have a battery life of "up to" a specified duration when the represented duration was based on the results of testing the laptop or notebook pursuant to MobileMark 2007 (the "Laptops").

2. The present case arises from Best Buy's direct misrepresentations and material omissions with respect to the represented battery life of the Laptops made to consumers in the State of California. Specifically, each Laptop's represented battery life is based on the results of the Laptop's testing under MobileMark 2007 ("MM07"). Pursuant to MM07's testing protocol and procedure each Laptop is tested with: (i) its screen set to 60 nits; (ii) its Wi-Fi, Bluetooth, and other wireless functions disabled; and (iii) its main processor chip set to 5% to 7.5% of its normal capacity.

3. Using the result of MM07 testing to represent to consumers the maximum battery life is misleading, deceiving, and fraudulent as the represented "up to" maximum battery life is a number without any realistic correlation to the battery life that a consumer can reasonably expect to experience as, pursuant to MM07, the Laptops are tested under unrealistic, skewed, and unreasonable testing parameters that bear no rational relationship to a reasonable consumer's anticipated or actual use of the Laptop.

4. A consumer can never achieve the maximum battery life represented by Best Buy unless the Laptop was used under the exact circumstances under which it was tested pursuant to MM07's testing protocol and procedure. However, such circumstances are not remotely

1

**FOURTH AMENDED CLASS ACTION COMPLAINT**

practical for a consumer to duplicate given that the computer is largely unusable and non-functional, and thus, simply *using* the Laptops prevents consumers from ever achieving the represented maximum battery life.

5. In sum, the maximum battery life represented by Best Buy bears no rational or reasonable relationship to how an average consumer could be expected to use, or actually uses, the Laptops, and consumers can never achieve the represented maximum battery life but only significantly less when using the Laptops under any circumstances beyond the testing parameters of MM07.

6. As a result of Best Buy's conduct as alleged herein, Best Buy has reaped significant profits, and Plaintiff and the Class have suffered actual damages in that they were induced to purchase the Laptops and pay more for the Laptops than they would have had Best Buy not falsely represented that the Laptops had a battery life that was substantially more than the Class member could reasonably expect to experience, and would actually experience, when using the Laptops.

## II.

## **JURISDICTION AND VENUE**

7. This action is within the original jurisdiction of this Court by virtue of 28 U.S.C. section 1332(d)(2). Plaintiffs and Best Buy are citizens of different states and the amount in controversy of this class action exceeds the sum of $5,000,000, exclusive of interest and costs.

8. Venue is proper in the Eastern District of California under 28 U.S.C. section 1391 (b) and (c). A substantial part of the events and conduct giving rise to the violations of law complained of herein occurred in or emanated from the Eastern District of California. Plaintiff is domiciled in the Eastern District of California, the wrongs complained of herein originated or emanated from the Eastern District of California, and Best Buy conducts business with consumers in the Eastern District of California.

/ / /

/ / /

/ / /

# III.

# PARTIES

**A.  Plaintiff Chad Herron**

9.  Plaintiff Chad Herron is an individual over the age of eighteen (18) years old and who is and was, at all times mentioned herein, a resident of Sacramento County in the State of California.

10.  In or about January 2010, Plaintiff went to a Best Buy retail store in Folsom, California to select and purchase a new laptop computer for his personal, household or family use.  While determining which brand and model of laptop to purchase, Plaintiff looked at the different laptops on display in Best Buy's retail store.  Various brands of laptops were being sold, including but not limited to Dell, Hewlett-Packard, Toshiba, Sony, and Samsung.

11.  Each laptop computer contained a Best Buy product tag which represented, among other features, the battery life for each laptop on display as being "Up To" a specific number of hours (or fraction thereof).

12.  Plaintiff looked at each product tag and decided to purchase the Toshiba Satellite L505 based substantially on his reliance on the representation that the battery life for that model was "up to 3.32 hours."

13.  Plaintiff reasonably believed that the represented battery life of "up to 3.32 hours" was reflective of how long Plaintiff could expect his laptop to operate when being powered solely by its battery.

14.  Plaintiff's belief was based largely on the fact that there was no disclaimer, qualifier, or any other language on the product tag indicating that the represented battery life was determined by testing the laptop with: (i) its screen set to 60 nits; (ii) its Wi-Fi, Bluetooth, and other wireless functions disabled; and (iii) its main processor chip set to 5% to 7.5% of its normal capacity.

15.  In the years since Plaintiff purchased his laptop, he has never once achieved even close to the represented 3.32 hours of battery life.

/ / /

16. Plaintiff paid more for his laptop than he would have paid had Best Buy not misrepresented the maximum battery life or had the material fact not been concealed or omitted that the battery life for his laptop was determined by testing the machine pursuant to MM07 which meant that it was tested with: (i) its screen set to 60 nits; (ii) its Wi-Fi, Bluetooth, and other wireless functions disabled; and (iii) its main processor chip set to 5% to 7.5% of its normal capacity.

**B.      Defendant Best Buy Stores, LP**

17. Defendant Best Buy Stores, LP is a limited partnership organized under the laws of Virginia. At all times mentioned herein, Defendant Best Buy Stores, LP sold, and continues to sell, various consumer products through its brick-and-mortar big box stores to consumers throughout the State of California, including Eastern District of California.

## IV.

## FACTUAL ALLEGATIONS

18. Each year, consumers purchase hundreds of thousands of laptop computers and notebooks in the United States, including the State of California.

19. Portability is one of the key features for consumers purchasing a laptop or notebook computer, as consumers often take their laptops and notebooks to locations without electrical outlets, such as coffee shops, college classes, airplanes, commuter trains, and public parks.

20. When a consumer uses a laptop computer or notebook without an electrical outlet power source, the computer uses the electrical power from the laptop's built-in computer battery. Accordingly, the battery life of laptops and notebooks is one of the primary factors consumers consider when determining which laptop to purchase.

21. As aptly stated by Ketan Pandya, head of AMD-based products at Dell, "Customers expect the advertised battery life to reflect the way they really use the product."[1]

///

///

---

[1] http://www.thedailybeast.com/newsweek/2009/06/18/hurry-up-and-type.html.

4

**FOURTH AMENDED CLASS ACTION COMPLAINT**

**A.     MobileMark 2007**

22.     MM07 is a benchmark test created in 2008 by Business Application Performance Corp. ("BAPCo") to measure battery life in laptop computers and notebooks.

23.     BAPCo is a non-profit consortium of leading computer manufacturers, semiconductor manufacturers and software publishers. Its members include AMD, Apple, ARCintuition, Atheros Communications, CNET, Compaq, Dell, Hewlett-Packard, Intel, Lenovo, Microsoft, NVIDIA, Toshiba, VIA Technologies, VNU Business Publications Limited (UK), ZDNet, and Ziff Davis Media.

24.     When measuring a laptop computer or notebook's battery life using MM07, standard protocol requires the computer screen to be set to "60 nits." A "nit" is a unit of luminance. A standard Liquid Crystal Display ("LCD") computer monitor has a brightness of approximately 240 to 300 nits. Setting the computer monitor brightness to 60 nits is akin to setting the brightness to 20% to 30% of its normal level. In some lighting conditions, setting the screen to 60 nits makes the screen barely readable.

25.     Furthermore, MM07 does not specify whether Wi-Fi, Bluetooth, and other wireless devices must be turned on during testing. As a result, MM07 testing is performed when the computer's Wi-Fi, Bluetooth, and other wireless functions are disabled so that the computer is not drawing power from the battery to perform these functions.

26.     MM07 testing is also performed when the main processor chip is set to 5% to 7.5% of its normal capacity. When a computer's processor is at 5% to 7.5% of its capacity the computer is essentially running in an idle state.

27.     With each of the foregoing "adjustments" in place, MM07 then tests the computer's battery life under three separate performance measures:

    a.     "DVD Test" - a DVD movie is played until the battery dies (significant battery usage);

    b.     "Productivity Test" - the software directs the computer to perform common office activities, including document management, data processing, file management and rich content creation (the middle-of-the-road scenario); and

   c. "Reading Test" - an automated script pretends to read a PDF document pausing two minutes on each page (minimal battery usage).

28. MM07 does not provide an "overall" rating; rather, the computer is given three scores, one for each category (DVD, Productivity, and Reader).  The laptop manufacturer or retailer may choose which score to report to consumers.

**B. Criticism of the Use of MobileMark 2007**

29. In March 2009, AMD, a leading computer chip manufacturer which supplies processing chips, conveyed that MM07 was flawed in that the benchmark bore no resemblance to the real-life and everyday uses of laptop computers and notebooks and contained several loopholes which allowed laptop computer manufacturers to game the system and make exaggerated battery life claims.[2]

30. Patrick Moorhead, Senior Vice President and Chief Marketing Officer for AMD, which was a member of BAPCo until 2011, stated in a Newsweek Magazine article on March 12, 2009, "The issue is we are not being entirely honest with users about what PC battery life they can expect to actually experience. There's only three endings to this story.  Either the industry regulates itself, or the FTC steps in and regulates us, or we get hit with a class action."[3]

31. AMD has made several different proposals to BAPCo to eliminate the current fraudulent and misleading reporting of battery life.  One proposal was to use the 3DMark06, a still-flawed but more realistic battery life standard.  Neither the 3DMark06 proposal, or any other alternative proposal, has ever been approved or adopted by BAPCo due to objections by its members.  Citing confidentiality, BAPCo has refused to publish the AMD proposals and the minutes of its meetings.

32. BAPCo has also refused to publish the results of all three tests (DVD, Productivity, and Reading) for the laptops that have been tested under the MM07 benchmark.

/ / /

/ / /

---

[2] http://www.thedailybeast.com/newsweek/2009/06/18/hurry-up-and-type.html.
[3] *Id.*

6

**FOURTH AMENDED CLASS ACTION COMPLAINT**

**C.     Best Buy's Fraudulent and Deceptive Practice**

33.     In Best Buy's California retail stores, each Laptop computer and notebook has a Best Buy "product tag" which contains the price and a brief description of the features of the Laptop or notebook.  One prominent feature is "Battery."

34.     After the word "Battery," the product tag lists the Laptop's battery life as being "up to" a specified number of hours.  Best Buy represented Plaintiff's Laptop battery life to be "up to 3.32 hours."

35.     There is not any explanation as to how the "up to" hours was derived on the product tag or elsewhere and there is no mention of MM07 or any information with respect to how the represented battery life was determined.

36.     The "up to" battery life representations on Best Buy's product tags are not limited to Laptops manufactured by Toshiba; rather, such representations are common and identical regardless of the manufacturer of the Laptop, and this common course of conduct on the part of Best Buy with respect to its representations as to battery life is universally misleading, deceiving, fraudulent and unlawful to the extent the Laptop was tested under MM07 and the results of such testing were represented to consumers on the product tag.

37.     Best Buy's use of the results from MM07 is misleading and deceptive as the results grossly overstate the battery life the consumer can expect to experience insofar as the represented maximum battery life could never be achieved when the Laptop was used in normal, practical, and realistic circumstances as a consumer, when using the computer under normal, practical, and realistic circumstances would not: (i) set the computer's screens to 60 nits; (ii) disable to the computer's Wi-Fi, Bluetooth, and other wireless functions; and (iii) set the computer's main processor chip to 5% to 7.5% of its normal capacity.

38.     Best Buy's use of the testing results of MM07 to represent the battery life of its Laptops was, and is, likely to deceive or mislead consumers based on the fact that under MM07, the computer is tested under unrealistic, skewed, and manipulated testing parameters that bear no rational relationship to a reasonable consumer's expected use of a Laptop as MM07's testing parameters are not remotely practical for a consumer to duplicate given that the computer is

1 largely unusable and non-functional.

2     39.    Best Buy knows and understands the misleading nature of the results it provides to consumers but continues to make false and deceptive claims of battery life based upon the results of MM07 testing.  The clear intent of Best Buy in choosing to represent the Laptops' battery lives in this manner is to mislead consumers into believing that the Laptops have a far longer battery life than the consumer will actually experience.

7     40.    Best Buy, at no time and by no means, disclosed to Plaintiff and the Class that the representations of its Laptops' battery lives were based on a false and deceptive standard and that the Laptops' actual battery lives were substantially less than that represented by Best Buy.  This omission was material because a reasonable consumer would deem the representation of a Laptop's battery life important in determining whether to purchase a Laptop, especially considering that battery life is a primary factor consumers consider in making their purchase.

13     41.    As a result of Best Buy's failure to convey these material facts, Best Buy fraudulently, unfairly, and unlawfully caused Plaintiff and the Class to believe that they would experience a much greater battery life in the Laptops they purchased than they could, and would, ultimately experience.

17     42.    Best Buy was under a duty to Plaintiff and the Class to disclose the material facts because Best Buy made partial representations to Plaintiff and the Class that were misleading and because the material facts set forth in paragraph 46 were not disclosed.

20     43.    Best Buy engaged in a successful and illegal fraud on California consumers in which it deliberately, intentionally, and fraudulently caused California consumers to believe that that they would experience a much greater battery life in the Laptops than they could realistically expect by representing to consumers a supposed maximum battery life duration when such a duration was determined under unrealistic, skewed, and manipulated testing parameters that bear no rational relationship to a reasonable consumer's expected use of the Laptop as MM07's testing parameters - in which the Laptops': (i) screens are set to 60 nits; (ii) Wi-Fi, Bluetooth, and other wireless functions are disabled; and (iii) main processor chips are set to 5% to 7.5% of normal capacity - are not remotely practical for a consumer to duplicate given that the computer

STONEBARGER LAW
A Professional Corporation

is largely unusable and non-functional.

44. Best Buy further engaged in a successful and illegal fraud on California consumers in which it deliberately, intentionally, and fraudulently caused California consumers to believe that that they would experience a much greater battery life in the Laptops than they could realistically expect by failing to disclose that the potential battery life was derived while: (i) the Laptops' screens are set to 60 nits; (ii) the Laptops' Wi-Fi, Bluetooth, and other wireless functions are disabled; and (iii) the Laptops' main processor chip is set to 5% to 7.5% of its normal capacity

## V.

## CLASS ALLEGATIONS

45. The following Class and Subclasses may properly be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> Class: All individuals who, in the State of California, purchased a Laptop from Best Buy between June 14, 2008 and continuing through the date of trial, and who were exposed to any representation that the purchased Laptop would have a battery life of "up to" a specified number of hours (the "Class").
>
> CLRA Subclass: All individuals who, in the State of California, purchased for personal, family, or household purposes, a Laptop from Best Buy at any time between June 14, 2009, and who were exposed to any representation that the purchased Laptop would have a battery life of "up to" a specified number of hours (the "CLRA Subclass").
>
> Toshiba Satellite L505 Subclass: All individuals who, in the State of California, purchased a Toshiba Satellite L505 Laptop from Best Buy between June 14, 2009 and continuing through the date of trial, and who were exposed to any representation that the purchased Laptop would have a battery life of "up to" a specified number of hours (the "Toshiba Satellite L505 Subclass").[4]

Excluded from the Class are: Best Buy, its officers, directors and employees, and any entity in which Best Buy has a controlling interest, the agents, affiliates, legal representatives, heirs, attorneys at law, attorneys in fact or assignees thereof, and the Court.

/ / /

---

[4] Plaintiff is a representative, and member, of the Class, the CLRA Subclass, and the Toshiba Satellite L505 Subclass. Because all members of the CLRA Subclass and the Toshiba Satellite L505 are also members of the Class, Plaintiff will refer to the Class, the Toshiba Subclass, and the CLRA Subclass and the Toshiba Satellite L505 collectively as the "Class" unless otherwise specified.

9

**FOURTH AMENDED CLASS ACTION COMPLAINT**

STONEBARGER LAW
A Professional Corporation

46.     Throughout discovery in this litigation, Plaintiff may find it appropriate and/or necessary to amend the definition of the Class.  Plaintiff will formally define and designate a class definition when they seek to certify the Class alleged herein.

47.     **Ascertainable Class:**  The Class is ascertainable in that each member can be identified using information contained in Best Buy's records.

48.     **Common Questions of Law or Fact Predominate:**  There is a well-defined community of interest among the Class.  The questions of law and fact common to the Class predominate over questions which may affect individual Class members.  These questions of law and fact include, but are not limited to, the following:

    a.     Whether Best Buy represented to Plaintiffs and the Class that the Laptops had a battery life of "up to" a specific number of hours (or fraction thereof);

    b.     Whether Best Buy represented to Plaintiffs and the Class that the Laptops had a battery life of "up to" a specific number of hours (or fraction thereof) on the Laptops' product tags;

    c.     Whether Best Buy's representation as to the Laptops' battery life to Plaintiff and the Class were based on the results of the Laptop's MM07 testing;

    d.     Whether Best Buy's representing the Laptops' battery lives using the results from MM07 testing was likely to deceive members of the public including Plaintiff and the Class;

    e.     Whether Best Buy's representing the Laptops' battery lives using the results from MM07 testing was misleading, deceptive, and/or fraudulent;

    f.     Whether Best Buy fraudulently concealed from and/or failed to disclose to Plaintiff and the Class that the represented battery life was calculated when: (i) the Laptops' screens are set to 60 nits; (ii) the Laptops' Wi-Fi, Bluetooth, and other wireless functions are disabled; and (iii) the Laptops' main processor chip is set to 5% to 7.5% of its normal capacity;

    g.     Whether Best Buy fraudulently concealed from and/or failed to disclose to Plaintiff and the Class that the test results under MM07 does not accurately measure the battery life that a consumer could reasonably expect to experience;

      h.      Whether Best Buy had a duty to Plaintiff and the Class to disclose that when arriving at the represented battery life the: (i) the Laptops' screens are set to 60 nits; (ii) the Laptops' Wi-Fi, Bluetooth, and other wireless functions are disabled; and (iii) the Laptops' main processor chip is set to 5% to 7.5% of its normal capacity;

      i.      Whether the facts relating to the Laptops that were concealed and/or otherwise not disclosed by Best Buy to Plaintiff and the Class were material facts;

      j.      Whether as a result of Best Buy's concealment and/or failure to disclose those material facts, Plaintiff and the Class acted to their detriment by purchasing the Laptops;

      k.      Whether Best Buy engaged in unfair competition and/or unfair deceptive acts and/or practices in violation of California's Consumer Legal Remedies Act;

      l.      Whether Best Buy's acts or practices were fraudulent within the meaning of California Business and Professions Code section 17200 *et. seq.*;

      m.      Whether Plaintiff and the Class are entitled to compensatory damages, restitution, and the amounts thereof respectively against Best Buy;

      n.      Whether Best Buy should be ordered to disgorge, for the benefit of Plaintiff and the Class, all or part of its ill-gotten profits received from the sale of the Laptops, and/or to make full restitution to Plaintiff and the Class members;

49.    **Numerosity:** The Class is so numerous that the individual joinder of all members of the Class is impractical under the circumstances of this case.  While the exact number of members of the Class is unknown to Plaintiff at this time, Plaintiff is informed and believes the Class consists of tens of thousands of members.  Individual joinder of members of the Class is also impracticable because the individual Class members are dispersed throughout the state of California.

50.    **Typicality:** Plaintiff's claims are typical of those of the other Class members because Plaintiff, like every other Class member, was exposed to virtually identical conduct.

51.    **Adequacy:** Plaintiff will fairly and adequately represent and protect the interests of the Class in that they have no disabling conflicts of interest that would be antagonistic to those of the other members of the Class.  Plaintiff seeks no relief that is antagonistic or adverse to the

11

**FOURTH AMENDED CLASS ACTION COMPLAINT**

1  members of the Class and the infringement of the rights and the damages they have suffered are
2  typical of all other Class members.  Plaintiff has retained competent counsel, experienced in
3  class action litigation and consumer protection law.

4      52.    **Superiority:** The nature of this action and the nature of laws available to Plaintiff
5  and the Class make the use of the class action device a particularly efficient and appropriate
6  procedure to afford relief to Plaintiff and the Class for the wrongs alleged because:

7      a.    The individual amounts of damages involved, while not insubstantial, are
8  such that individual actions or other individual remedies are impracticable and litigating
9  individual actions would be too costly;

10      b.    If each Class member was required to file an individual lawsuit, Best Buy
11  would necessarily gain an unconscionable advantage since it would be able to exploit and
12  overwhelm the limited resources of each individual Class member with vastly superior financial
13  and legal resources;

14      c.    The costs of individual suits could unreasonably consume the amounts that
15  would be recovered;

16      d.    Proof of a common course of conduct to which Plaintiff was exposed is
17  representative of that experienced by the Class and will establish the right of each member of the
18  Class to recover on the cause of action alleged; and

19      e.    Individual actions would create a risk of inconsistent results and would be
20  unnecessary and duplicative of this litigation.

21      53.    Plaintiff and Class have all similarly suffered irreparable harm and damages as a
22  result of Best Buy's unlawful and wrongful conduct.  This action will provide substantial
23  benefits to Plaintiff, the Class and the public because, absent this action, Plaintiff and Class
24  members will continue to suffer losses, thereby allowing Best Buy's violations of law to proceed
25  without remedy, and allowing Best Buy to retain proceeds of its ill-gotten gains.
26  / / /
27  / / /
28  / / /

**VI.**

**FIRST CAUSE OF ACTION**
**Violations of Consumer Legal Remedies Act**
**California Civil Code Section 1750** *et seq.*
**(On Behalf of the CLRA Subclass Against Defendant Best Buy)**

54. Plaintiff and the CLRA Subclass incorporate by reference each and every preceding paragraph of this Fourth Amended Complaint as if fully set forth herein.

55. California Civil Code section 1770(a) provides that it is unlawful to use unfair methods of competition and unfair or deceptive acts or practices in a transaction intended to result or which results in the sale or lease of goods or services to any consumer.

56. California Civil Code section 1770(a) prohibits, among other things, one to "[r]epresent[] that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have," to "[r]epresent[] that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another," and to "advertis[e] goods with intent not to sell them as advertised." *See* Cal. Civ. Code section 1770(a)(5); (7); (9).

57. Best Buy violated California Civil Code sections 1770(a)(5), (7) and (9) by representing the Laptops' battery life to consumers using the results from the Laptops' MM07 testing, as utilizing the testing results of MM07 to represent the battery life of its Laptops was, and is, likely to deceive or mislead consumers based on the fact that under MM07, the Laptop is tested under unrealistic, skewed, and manipulated testing parameters that bear no rational relationship to a reasonable consumer's expected use of a Laptop as MM07's testing parameters are not remotely practical for a consumer to duplicate given that the computer is largely unusable and non-functional.

58. Best Buy violated California Civil Code sections 1770(a)(5), (7) and (9) when it represented the battery life of the Laptops on its product tags while failing to disclose that the represented battery life was derived under the following circumstances: (i) the Laptops' screens are set to 60 nits; (ii) the Laptops' Wi-Fi, Bluetooth, and other wireless functions are disabled; and (iii) the Laptops' main processor chip is set to 5% to 7.5% of its normal capacity; and thus,

13

**FOURTH AMENDED CLASS ACTION COMPLAINT**

1 do not accurately or fairly represent the battery life that a consumer can expect to actually
2 experience.

3     59. The foregoing facts in the preceding paragraph were not disclosed to Plaintiff and
4 the CLRA Subclass by Best Buy and are material as a reasonable consumer would deem the
5 length of a Laptop's battery life important in determining whether to purchase the Laptop.

6     60. Best Buy's deceptive practices, as alleged above, were specifically designed to,
7 and did, induce Plaintiff and the CLRA Subclass to purchase the Laptops. Best Buy engaged in
8 common scheme to misrepresent the battery lives of the Laptops and to omit from the
9 information provided to Plaintiff and the CLRA Subclass the material facts alleged herein
10 regarding the Laptops' maximum battery life.

11     61. Best Buy was under a duty to Plaintiff and the CLRA Subclass to disclose the
12 material facts because Best Buy made partial representations to Plaintiff and the CLRA Subclass
13 that were misleading because the material facts set forth in paragraph 58 were not disclosed.

14     62. Plaintiff and the CLRA Subclass reasonably and justifiably relied on Best Buy's
15 representations, and were ignorant to those omissions of the aforementioned material facts.
16 Plaintiff and the CLRA Subclass were induced to purchase the Laptops and pay more for the
17 Laptops then they would have had Best Buy not falsely represented that the Laptops had a
18 battery life that was substantially more than the CLRA Subclass member could reasonably
19 expect to experience.

20     63. As a direct and proximate result of Best Buy's violations of the CLRA as alleged
21 herein, Plaintiff and the CLRA Subclass have been injured by, including but not limited to, the
22 following:

23     a. The infringement of their legal rights as a result of being subjected to the
24 common course of conduct alleged herein;

25     b. Plaintiff and the CLRA Subclass were induced to purchase the Laptops
26 and pay more for the Laptops than they would have had they been fully informed of Best Buy's
27 acts, omissions, misrepresentations, practices and nondisclosures as alleged in this Fourth
28 Amended Complaint, in violation of *inter alia*, the CLRA.

**FOURTH AMENDED CLASS ACTION COMPLAINT**

STONEBARGER LAW
A Professional Corporation

64. As a result, Plaintiff and the CLRA Subclass seek an order awarding restitution or disgorgement of Best Buy's revenues and profits from the sale of the Laptops along with attorneys' fees and costs, and any other relief provided for under the CLRA and/or that the Court deems proper.

WHEREFORE, Plaintiff and the CLRA Subclass pray for relief as set forth below.

## VII.

### SECOND CAUSE OF ACTION
### Violations of Consumer Legal Remedies Act
### California Civil Code Section 1750 *et seq.*
### (On Behalf of the Toshiba Satellite L505 Subclass Against Defendant Best Buy)

65. Plaintiff and the Toshiba Satellite L505 Subclass incorporate by reference each and every preceding paragraph of this Fourth Amended Complaint as if fully set forth herein.

66. California Civil Code section 1770(a) provides that it is unlawful to use unfair methods of competition and unfair or deceptive acts or practices in a transaction intended to result or which results in the sale or lease of goods or services to any consumer.

67. California Civil Code section 1770(a) prohibits, among other things, one to "[r]epresent[] that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have," to "[r]epresent[] that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another," and to "advertis[e] goods with intent not to sell them as advertised." *See* Cal. Civ. Code section 1770(a)(5); (7); (9).

68. Best Buy violated California Civil Code sections 1770(a)(5), (7) and (9) by representing the Toshiba Satellite L505's battery life to consumers using the results from the Toshiba Satellite L505's MM07 testing, as utilizing the testing results of MM07 to represent the battery life of the Toshiba Satellite L505 was, and is, likely to deceive or mislead consumers based on the fact that under MM07, the Toshiba Satellite L505 was tested under unrealistic, skewed, and manipulated testing parameters that bear no rational relationship to a reasonable consumer's expected use of the Toshiba Satellite L505 as MM07's testing parameters are not

1 remotely practical for a consumer to duplicate given that the computer is largely unusable and
2 non-functional.

3     69. Best Buy violated California Civil Code sections 1770(a)(5), (7) and (9) when it
4 represented the battery life of the Toshiba Satellite L505 on its product tags while failing to
5 disclose that the represented battery life was derived under the following circumstances: (i) the
6 Toshiba Satellite L505's screen was set to 60 nits; (ii) the Toshiba Satellite L505's Wi-Fi,
7 Bluetooth, and other wireless functions were disabled; and (iii) the Toshiba Satellite L505's main
8 processor chip was set to 5% to 7.5% of its normal capacity; and thus, do not accurately or fairly
9 represent the battery life that a consumer can expect to actually experience.

10     70. The foregoing facts in the preceding paragraph were not disclosed to Plaintiff and
11 the Toshiba Satellite L505 Subclass by Best Buy and are material as a reasonable consumer
12 would deem the length of the Toshiba Satellite L505's battery life important in determining
13 whether to purchase the Toshiba Satellite L505.

14     71. Best Buy's deceptive practices, as alleged above, were specifically designed to,
15 and did, induce Plaintiff and the Toshiba Satellite L505 Subclass to purchase the Toshiba
16 Satellite L505. Best Buy engaged in common scheme to misrepresent the battery lives of the
17 Toshiba Satellite L505 and to omit from the information provided to Plaintiff and the Toshiba
18 Satellite L505 Subclass the material facts alleged herein regarding the Toshiba Satellite L505's
19 maximum battery life.

20     72. Best Buy was under a duty to Plaintiff and the Toshiba Satellite L505 Subclass to
21 disclose the material facts because Best Buy made partial representations to Plaintiff and the
22 Toshiba Satellite L505 Subclass that were misleading because the material facts set forth in
23 paragraph 69 were not disclosed.

24     73. Plaintiff and the Toshiba Satellite L505 Subclass reasonably and justifiably relied
25 on Best Buy's representations, and were ignorant to those omissions of the aforementioned
26 material facts. Plaintiff and the Toshiba Satellite L505 Subclass were induced to purchase the
27 Toshiba Satellite L505 and pay more for the Toshiba Satellite L505 then they would have had
28 Best Buy not falsely represented that the Toshiba Satellite L505 had a battery life that was

STONEBARGER LAW
A Professional Corporation

1 substantially more than a Toshiba Satellite L505 Subclass member could reasonably expect to
2 experience.

3     74.    As a direct and proximate result of Best Buy's violations of the CLRA as alleged
4 herein, Plaintiff and the Toshiba Satellite L505 Subclass have been injured by, including but not
5 limited to, the following:

6     a.    The infringement of their legal rights as a result of being subjected to the
7 common course of conduct alleged herein;

8     b.    Plaintiff and the Toshiba Satellite L505 Subclass were induced to purchase
9 the Toshiba Satellite L505 and pay more for the Toshiba Satellite L505 than they would have
10 had they been fully informed of Best Buy's acts, omissions, misrepresentations, practices and
11 nondisclosures as alleged in this Fourth Amended Complaint, in violation of *inter alia*, the
12 CLRA.

13     75.    Plaintiff and the Toshiba Satellite L505 Subclass seek an order awarding
14 restitution or disgorgement of Best Buy's revenues and profits from the sale of the Toshiba
15 Satellite L505.

16     76.    On February 4, 2014, and prior to filing this Fourth Amended Class Action
17 Complaint, Plaintiff served Best Buy with notice of its violation of the CLRA by certified mail,
18 return receipt requested. Best Buy failed to provide appropriate relief for its violations of the
19 CLRA. As such, Plaintiff has therefore complied with the 30-day notice period required by
20 California Civil Code section 1782(a). *See* Exhibit 'A'.[5]

21     77.    As of the date of filing this Fourth Amended Class Action Complaint, Plaintiff
22 has not received any response from Best Buy. As a result, Best Buy has failed to provide
23 appropriate relief for its violations of the CLRA, and Plaintiff and the Toshiba Satellite L505
24 Subclass are entitled to recover actual damages, punitive damages, attorneys' fees and costs, and
25 any other relief provided for under the CLRA and/or that the Court deems proper.

26     WHEREFORE, Plaintiff and the Toshiba Satellite L505 Subclass pray for relief as set
27 forth below.

28

---

[5] Attached hereto as Exhibit 'B' is a venue declaration by Plaintiff Herron pursuant to Civil Code § 1780(d).

**VIII.**

**THIRD CAUSE OF ACTION**
**Violations of Unfair Competition Law**
**California Business and Professions Code section 17200 *et seq.***
**(On Behalf of the Class Against Defendant Best Buy)**

78. Plaintiff and the Class incorporate by reference each and every preceding paragraph of this Fourth Amended Complaint as if fully set forth herein.

79. Plaintiff has standing to bring this action under the UCL because he has suffered injury in fact as a result of Best Buy's conduct and has lost money through his purchase of the Laptop which he would not have done were it not for the misrepresentations and material omissions by Best Buy.

80. Best Buy's marketing, advertising, and sales of the Laptops constitute unfair competition in violation of the UCL.  Best Buy has engaged in conduct that is unlawful and fraudulent through a pattern of misrepresentations and concealment of material facts that misleads and deceives the public with respect to the Laptops' maximum battery life.

81. The misrepresentations, omissions, and nondisclosures of Best Buy, as alleged herein, constitute unlawful and fraudulent business practices within the meaning of California Business and Professions Code section 17200 *et seq.*

82. Plaintiff and the Class are entitled to full restitution and/or disgorgement of Best Buy's revenues and profits resulting from the sales of the Laptops and any other relief provided for under the UCL and/or that the Court deems proper.

WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

**IX.**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all other similarly situated Class members, and on behalf of the general public, requests the following relief:

A. That an order certifying the Class, the CLRA Subclass, and the Toshiba Satellite L505 Subclass defined herein be entered designating Plaintiff as representative of the Class, the CLRA Subclass, and the Toshiba Satellite L505 Subclass and appointing Plaintiff's attorneys as

1 Class Counsel;

2     B.    For actual damages in an amount according to proof;

3     C.    For compensatory damages in an amount according to proof;

4     D.    For restitution in an amount according to proof;

5     E.    For injunctive relief against Best Buy under each cause of action;

6     F.    For other equitable relief;

7     G.    For attorneys' fees as provided by law;

8     H.    For prejudgment interest as provided by law;

9     I.    For costs of suit; and

10     J.    For such other and further relief as this Court deems just and equitable.

12 Dated: July 3, 2014                  STONEBARGER LAW, APC

13                                       COTCHETT, PITRE & MCCARTHY, LLP

15                                       By:  /s/ Richard D. Lambert
16                                             Richard D. Lambert
                                            rlambert@stonebargerlaw.com
17                                             Anne Marie Murphy
                                            Amurphy@cpmlegal.com

STONEBARGER LAW  
A Professional Corporation

19

**FOURTH AMENDED CLASS ACTION COMPLAINT**