UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD HERRON, individually, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BEST BUY STORES, L.P., a Virginia limited partnership,<br><br>Defendant. | No. 12-cv-02103-GEB-JFM<br><br>**ORDER GRANTING DEFENDANT BEST BUY STORES, L.P.'S MOTION TO DISMISS CLAIMS IN PLAINTIFF'S FOURTH AMENDED COMPLAINT** |

Defendant Best Buy Stores, L.P. ("Best Buy") moves under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for dismissal of the following claims in Plaintiff's Fourth Amended Complaint ("4AC"): the claim alleged under California's Consumers Legal Remedies Act ("CLRA") and the claim alleged under the "unlawfulness" portion of California's Unfair Competition Law ("UCL") that "is premised upon [the] CLRA . . . ." (Mot. 1 n.1, ECF No. 88.)

The challenged claims are purported class action claims in which Plaintiff sues on behalf of individuals in California who "purchased for personal, family, or household purposes, a Laptop from Best Buy at any time between June 14, 2009 [sic]," "and who were exposed to any representation that the purchased Laptop would have a battery life of 'up to' a specified number of

1

hours." (Id.  ¶ 45.) Best Buy argues these claims must be dismissed since Plaintiff did not comply with the applicable notice requirements in Cal. Civ. Code § 1782(a).

## I.   FACTUAL ALLEGATIONS

The following allegations in Plaintiff's 4AC concern the motion. "In or about January 2010," Plaintiff purchased a "new laptop computer" from Best Buy after "look[ing] at the various laptops on display." (4AC ¶ 10, ECF No. 87.) "Each laptop computer contained a Best Buy product tag [representing]. . . the battery life for each laptop on display as being 'up to' a specific number of hours." (Id. ¶ 11.) Plaintiff "decided to purchase the Toshiba Satellite L505 based substantially on his reliance on the representation that the battery life for that model was 'up to 3.32 hours.'" (Id. ¶ 12.) However Plaintiff "has never once achieved even close to the represented 3.32 hours of battery life." (Id. ¶ 15.)

"The 'up to' battery life representations on Best Buy's product tags are not limited to Laptops manufactured by Toshiba; rather, such representations are common and identical regardless of the manufacturer of the Laptop." (Id. ¶ 36.)

"Plaintiff and the Class have suffered actual damages in that they were induced to purchase the Laptops and pay more for the Laptops than they would have had Best Buy not falsely represented that the Laptops had a battery life that was substantially more than the Class member could reasonably expect to experience, and would actually experience, when using the Laptops." (Compl. ¶ 6.) "Plaintiff and Class have all suffered irreparable harm and damages as a result of Best Buy's . . .

conduct. This action will provide substantial benefits to Plaintiff and the Class and the public because, absent this action, Plaintiff and Class member will continue to suffer losses, thereby allowing Best Buy's violations of law to proceed without remedy, and allowing Best Buy to retain proceeds of its ill-gotten gain." (Id. ¶ 53.)

"On February 4, 2014. . . Plaintiff served Best Buy with notice of its violation of the CLRA" based on Plaintiff's purchase of a "Toshiba Satellite L505" laptop and "Best Buy failed to provide appropriate relief." (Id. ¶¶ 76-77, Compl. Ex. A, ECF No. 87-1.)

## II. DISCUSSION

### 1. CLRA Notice Requirement for "Restitution or Disgorgement"

Best Buy argues the claims must be dismissed because Plaintiff failed to satisfy notice requirements in Cal. Civ. Code § 1782(a), which Best Buy contends must be satisfied before Plaintiff is authorized to seek restitution or disgorgement. Section 1782(a) imposes a notice requirement on actions "for damages", prescribing:

> (a) Thirty days or more prior to the commencement of an action for damages pursuant to this title, the consumer shall do the following:
>
> (1) Notify the person alleged to have employed or committed methods, acts, or practices declared unlawful by Section 1770 of the particular alleged violations of Section 1770.
>
> (2) Demand that the person correct, repair, replace, or otherwise rectify the goods or services alleged to be in violation of Section 1770.

3

>     The notice shall be in writing and shall be sent by certified or registered mail, return receipt requested, to the place where the transaction occurred or to the person's principal place of business within California.

Cal. Civ. Code § 1782(a).

Best Buy argues the restitution and disgorgement relief Plaintiff seeks is governed by Cal. Civ. Code § 1782(a)'s notice requirement, which requires at least 30 days' notice be given to the person or entity that aggrieved the consumer before commencement of "an action for damages" prescribed in this provision. Best Buy contends: "[w]ithout pre-suit notice, none of the monetary relief that Plaintiff seeks is available, and the cause of action should be dismissed with prejudice." (Mot. 3:17-22.)

Plaintiff counters his claims are not subject to this notice requirement since "only the recovery for actual damages requires pre-litigation notice" and "Plaintiff is seeking injunctive relief and other equitable relief in the form of restitution and disgorgement." (Plaintiff's Opp'n ("Opp'n") 9:13-14, ECF No. 89.) Plaintiff also argues "injunctive and equitable actions under the CLRA are governed by Section 1782(d), which expressly provides that injunctive and equitable actions . . . do not have a notice requirement."[1]   (Id. 9:18-20(emphasis omitted).)

The issue is whether the "restitution" and "disgorgement" Plaintiff seeks in this case are "damages" within

---

[1]   "An action for injunctive relief brought under the specific provisions of Section 1770 may be commenced without compliance with subdivision (a)." Cal. Civ. Code § 1782(d).

4

the meaning of "an action for damages" prescribed in § 1782(a). California Civil Code Section 3281 defines "damages" as follows: "[e]very person who suffers detriment from the unlawful act or omission of another, may recover from the person in fault a compensation therefor in money, which is called damages."

When deciding what a term means in a state statute:

> federal courts are bound by decisions of the state's highest court. In the absence of such a decision, a federal court must predict how the state court would decide the issue using intermediate appellate court decisions . . . as guidance. . . . [W]here there is no convincing evidence that the state supreme court would decide differently, a federal court is obligated to follow the decisions of the state's intermediate appellate courts.

Vestar Dev. II, LLC, 249 F.3d 958, 960 (9th Cir. 2001) (quoting Lewis v. Tel. Emp. Credit Union, 87 F.3d 1537, 1545 (9th Cir. 1996)).

The California Supreme Court stated in Cortez v. Purolator Air Filtration Prods. Co., 23 Cal. 4th 163, 174 (2000): "'[d]amages,' as that term is used to describe monetary awards, may include a restitutionary element. . . ." See also Cruz v. PacifiCare Health Sys., Inc., 30 Cal. 4th 303, 317-18 (2003) (applying Cortez to a CLRA claim, stating: "[w]e concluded that damages, thus broadly defined, 'may include a restitutionary element.'").

"The remedy of restitution cannot properly be described as either 'legal' or 'equitable' in any narrowly restricted signification of those terms." Colgan v. Leatherman Tool Group, Inc., 135 Cal. App. 4th 663, 699 n.24 (2006)(quotation omitted). Therefore, "[w]hether [the] restitution [and disgorgement relief

5

Plaintiff seeks] is in the form of an equitable remedy or legal remedy, [involves determination of whether the] relief is based on a specific amount found owing." Id. at 669.

> When in law, the plaintiff recovers a sum of money to pay for some benefit the defendant had received from him, and when in equity, the plaintiff can seek in the form of a constructive trust or an equitable lien, where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession.

CarMax Auto Superstores Cal., LLC v. Superior Court, No. E059594, 2014 WL 4533445, at *3 (Sept. 15, 2014) (unpublished).[2]

Plaintiff's allegations disclose that "[t]he distinction between a claim for damages and one for restitution [or disgorgement] is illusory in this case" since it is evident Plaintiff is "simply seeking a sufficient amount of money to compensate for his losses." Id. Since Plaintiff seeks "a sum of money to pay for some benefit the defendant. . . received from him," the disgorgement and restitution relief he seeks in this case are damages subject to § 1782(a)'s notice requirements. Colgan, 135 Cal. App. 4th at 669;  (4AC. ¶ 53.)

Review of the notice Plaintiff attached to his 4AC evinces that Plaintiff only satisfied the applicable notice requirements for the Toshiba Satellite L505 laptop he purchased. Therefore, Best Buy's motion seeking dismissal of Plaintiff's purported class action CLRA claims concerning laptops other than the Toshiba Satellite L505 Plaintiff purchased is granted. (Order

---

[2] Federal courts "are not precluded from considering unpublished state court opinions" even though they are not binding. Nunez y Nunez v. City of San Diego, 114 F.3d 935, 942 n.4 (9th Cir. 1997).

Granting in Part and Denying in Part Defs. Mot. Dismiss 5:2-9, ECF No. 84) ("Plaintiff's CLRA notice only describes an alleged misstatement on the expected battery life of the Toshiba Satellite L505 laptop he purchased," which is insufficient to provide notice concerning any other purchases.)

    **2.   UCL Claim**

Best Buy argues Plaintiff's UCL "unlawfulness" claim should also be dismissed since Plaintiff "failed to satisfy the pre-suit notice requirements of the CLRA with respect to laptops he did not purchase." (Mot. 6:11-13.)

A UCL violation may be established through showing one of "three varieties of unfair competition—acts or practices which are [1] unlawful, or [2] unfair, or [3] fraudulent." Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal.4th 163, 180 (1999). "In prohibiting 'any unlawful' business practice, the UCL 'borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable.'" Levitt v. Yelp! Inc., No. 11-17676, 2014 WL 4290615, at *5 (9th Cir. Sept. 2, 2014) (qoting Cel-Tech Commc'ns, Inc., 20 Cal.4th at 180). Where all underlying claims upon which an "unlawfulness" UCL claim is predicated are dismissed, the UCL claim shall also be dismissed. Ingles v. Westwood One Broad. Servs., Inc., 129 Cal. App. 4th 1050, 1060 (2005) ("If the [underlying] claim is dismissed, then there is no 'unlawful' act upon which to base [] the derivative Unfair Competition claim.'") (second alteration in original); Krantz v. BT Visual Images, 89 Cal. App. 4th 164, 178 (2001) (a UCL claim "stand[s] or fall[s] depending on the fate of the antecedent

substantive causes of action.").

Here, Plaintiff's UCL claim is predicated on Best Buy's violation of the CLRA. (4AC ¶¶ 68-69, 74.) Therefore, Plaintiff's purported class action UCL "unlawfulness" claim concerning laptops other than the Toshiba Satellite L505 he purchased is dismissed.

Best Buy argues the dismissals should be with prejudice under Rule 41(b) based on Plaintiff's failure to comply with a prior court order that Best Buy argues required Plaintiff to address the deficiencies in the Third Amended Complaint "in the dismissed damages component of the CLRA claim for laptops Plaintiff did not purchase." (Order Granting in Part and Denying in Part Def.'s Mot. Dismiss Claims in Pl.'s Third Amended Complaint, ECF No. 84.) However, Best Buy has not addressed the relevant factors for such a dismissal. Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (discussing five factors a court must weigh before dismissing a claim under Rule 41(b) for failure to comply with a court order).

### III. CONCLUSION

For the stated reasons Best Buy's motion is GRANTED and Plaintiff is granted thirty-five (35) days from the date on which this order is filed to file an amended complaint addressing the deficiencies in the dismissed portions of his 4AC.

Dated:   October 30, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge