UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD HERRON, | No. 2:12-cv-2103 GEB CKD |
| Plaintiff, | |
| v. | ORDER |
| BEST BUY CO. INC., et al., | |
| Defendants. | |

Plaintiff's motion for protective order came on for hearing at an informal discovery conference before the undersigned on May 1, 2015. Gene Stonebarger, Richard Lambert, Anne Murphy and Shawna Madison appeared telephonically for plaintiff. Michael Geibelson and Jill Casselman appeared telephonically for defendant Best Buy Stores, LP. Kevin McCormick appeared telephonically for proposed intervenor Dell, Inc. Upon review of the letter brief and the docket in this matter, upon hearing the arguments of counsel, and good cause appearing, THE COURT FINDS AS FOLLOWS:

In this putative consumer class action, plaintiff alleges claims under the California Consumer Legal Remedies Act ("CLRA"). Plaintiff alleges that on product tags placed on merchandise, defendants misrepresented the battery life on laptop computers and notebooks. Defendant seeks to depose attorneys Stonebarger and Lambert, counsel for plaintiff in this action. Defendant contends these attorneys had knowledge of who the properly named defendant was in

1

this action (Best Buy Stores, LP) prior to the filing of the second amended complaint on March 1, 2013.  Defendant contends these attorneys had the requisite knowledge because they were plaintiff's counsel in another action, Wood v. Best Buy, Inc., in which plaintiff alleged violations of Cal. Civil Code § 1747.08, which prohibits retailers from requesting a credit card customer's personal identification information at the point-of-sale.  Because the second amended complaint in the pending action was filed after the three year statute of limitations provided under California Civil Code § 1783 had run, defendants contend the attorneys' knowledge can be imputed to plaintiff and therefore the relation-back doctrine allowed under California law cannot overcome the bar of the statute of limitations.

The statute of limitations issue has already been raised on a prior motion to dismiss, which the District Court denied.  In opposition to the motion to dismiss, both attorneys filed affidavits explaining that they were never advised prior to the filing of the second amended complaint that Best Buy Stores, L.P. was the proper defendant in this action and that in the Wood case, the attorneys were only provided information that Best Buy Stores, LP was responsible for the policy and practices at issue in that case.  See ECF Nos. 42-1, 42-3.

Plaintiff relies on Shelton v. Am. Motors Corp., 805 F.2d 1232, 1237 (8th Cir. 1987) for the proposition that because the information sought here is protected work product, the depositions cannot proceed.   Although defendant is correct that Shelton has not been adopted by the Ninth Circuit, the privileged nature of the information defendant seeks here by deposing plaintiff's attorneys must be considered in determining whether a protective order should issue. Those courts which have not found Shelton to be persuasive take a more global approach in weighing the propriety of deposing counsel, but acknowledge that one factor that should be considered is the risk of encountering privilege and work-product issues.  See, e.g. Younger Mfg. Co. v. Kaenon, Inc., 247 F.R.D. 586 588 (C.D. Cal. 2007) (court adopted reasoning of Second Circuit, concluding that multi-factor approach is appropriate in considering whether counsel should be deposed; factors include "the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted).

Here, any deposition questions will inevitably tread on the attorneys' mental impressions and investigation of the factual matters leading up to the filing of the original and amended complaints. The court notes that this action was initially filed in state court on June 28, 2012. Between August 10, 2012, the date the action was removed to federal court and March 1, 2013, the date the second amended complaint was filed, the case was actively litigated, with 20 entries on the docket. Despite the active litigation of this matter, it was not until February 28, 2013, after the statute of limitations had run, that defense counsel advised plaintiff's counsel that the proper party defendant was Best Buy Stores, LP, and not the named defendant, Best Buy Co. Inc. See ECF No. 42-6. In the absence of attributing gamemanship to defendant, the court can only conclude from the sequence of events in this litigation that the identity of the proper defendant was not readily apparent, because if it were, it would have been a simple matter for defense counsel to so inform plaintiff's counsel in the six months between the filing of the complaint and the expiration of the statute of limitations. Inquiry into the facts underlying plaintiff's counsel's decision to name Best Buy Co. Inc. as the defendant will breach protected work product. The attorneys that are the subject of the pending motion have submitted in this case affidavits on the statute of limitations issue. Further inquiry by deposition of plaintiff's attorneys is not warranted.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for protective order (ECF No. 97) is granted.

Dated: May 4, 2015

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 herron.oah