UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD HERRON, individually, and on behalf of himself and all others similarly situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>BEST BUY STORES, L.P., a Virginia limited partnership,<br><br>        Defendant. | No. 2:12-cv-02103-GEB-CKD<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION** |

Defendant Best Buy Stores L.P. requests reconsideration of an Order issued by the Magistrate Judge on May 4, 2015 (the "May 4 Order"), which granted a protective order preventing Defendant from deposing Plaintiff's counsel Richard Lambert and Gene Stonebarger.[1] (Def.'s Req. Reconsid. 1:3-11, ECF No. 112.) Defendant noticed the depositions of Lambert and Stonebarger to support its statute of limitations defense, and Plaintiff moved for a protective order arguing the information sought is

---

[1] Plaintiff objects to Defendant's reply brief and "requests that the Court formally strike or disregard" the reply, arguing that "Local Rule 303 [under which Defendant's motion is brought] does not permit or even contemplate the filing of a reply brief." (Obj. to Def.'s Submission Reply Br. 1:3-6, ECF No. 116.) However, Plaintiff has not shown that Local Rule 303 negates the portion of Local Rule 230(d) that authorizes a reply brief to be filed. Therefore, the objection is overruled.

1

protected under the attorney-work product doctrine. The Magistrate Judge granted Plaintiff's motion in the May 4 Order holding in part:

> [A]ny deposition questions [of Lambert and Stonebarger] will inevitably tread on the attorneys' mental impressions and investigation of the factual matters leading up to the filing of the original and amended complaints . . . . Inquiry into the facts underlying [P]laintiff's counsel's decision to name Best Buy Co. Inc. as the defendant will breach protected work product. The attorneys that are the subject of the pending motion have submitted in this case affidavits on the statute of limitations issue. Further inquiry by deposition of [P]laintiff's attorneys is not warranted. Accordingly, IT IS HEREBY ORDERED that [P]laintiff's motion for a protective order (ECF No. 97) is granted.

(Order, 3:1-3; 3:13-18, ECF No. 110.)

Defendant argues the May 4 Order incorrectly found that the information it seeks would invade attorney work product since it "seeks to depose counsel about knowledge they acquired before and irrespective of their representation of Plaintiff in this action . . . . [and their] failure to name Best Buy Stores, L.P. as a defendant before the expiration of the statute of limitations." (Req. Recons. 8:17-9:2, ECF No. 112.) Defendant also argues that even if the proposed depositions would tread on work product, Plaintiff's counsel waved any privilege by filing declarations in support of Plaintiff's opposition to Defendant's motion to dismiss the Second Amended Complaint. However, this waiver argument is not considered since Defendant has not shown it presented the argument to the Magistrate Judge and "[m]otions for reconsideration are . . . not the place for parties to make new arguments not raised in their original briefs." Hendon v.

2

1  Baroya, No. 1:05-cv-01247-AWI-GSA-PC, 2012 WL 995757, at *1 (E.D.
2  Cal. Mar. 23, 2012) (citing Zimmerman v. City of Oakland, 255
3  F.3d 734, 740 (9th Cir. 2001); N.W. Acceptance Corp. v. Lynwood
4  Equip., Inc., 841 F.2d 918, 925-26 (9th Cir. 1988)).

   Local Rule 303(f) states "[t]he standard that the assigned Judge shall use in [reconsideration of a Magistrate Judge's ruling] is the 'clearly erroneous or contrary to law' standard set forth in 28 U.S.C. § 636(b)(1)(A)." "A [M]agistrate [J]udge's factual findings are 'clearly erroneous' when the district court is left with the definite and firm conviction that a mistake has been committed." Mackey v. Frazier Park Pub. Util. Dist., No. 1:12-CV-00116-LJO-JLT, 2012 WL 5304758, at *2 (E.D. Cal. Oct. 25, 2012) (quoting Sec. Farms v. Int'l Bhd. of Teamsters, 124 F.3d 999, 1014 (9th Cir. 1997). "An order 'is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" Id. (quoting Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008)).

   Defendant has not shown the May 4 Order was clearly erroneous or contrary to law given the testimony Defendant seeks to elicit. Therefore, Defendant's reconsideration request is DENIED.

Dated: July 2, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge