UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD HERRON, individually, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>BEST BUY STORES, LP, a Virginia limited partnership,<br><br>        Defendant. | No. 2:12-cv-02103-GEB-CKD<br><br>**ORDER DENYING PLANITIFF'S SEALING REQUEST** |

On August 14, 2015, Plaintiff submitted for in camera consideration a Request to Seal Documents, a proposed sealing order, and the 577 pages of documents sought to be sealed. The documents requested to be sealed are referenced in a publicly filed Notice of Request to Seal Documents as follows: certain "portions of Plaintiff's Memorandum of Points and Authorities In Support of Motion for Class Certification[,]" multiple "[e]xhibits to the Declaration of Gene J. Stonebarger In Support of Plaintiff's Motion for Class Certification[,]" and certain pages of and exhibits to "the Report of William C. Sarsfield." (Pl.'s Notice Req. Seal 1:4-2:17, ECF No. 125.) Plaintiff also requests under Local Rule 140 "permission from the Court to file redacted versions of Plaintiff's Memorandum of Points and

Authorities in Support of Motion for Class Certification, the Declaration of Gene J. Stonebarger in Support [thereof] and the exhibits attached thereto, and the Report of William C. Sarsfield and the exhibits attached thereto." (Id. at 3:1-6.)

Plaintiff seeks to file the referenced documents under seal, essentially arguing he is obligated to do so since "they are documents designated by Defendant . . . as 'Confidential', or contain information designated by Defendant as 'Confidential', pursuant to the Protective Order entered on February 27, 2014 (Doc. No. 67)." (Id. at 2:18-21.) Plaintiffs further state in the Request to Seal:

> Plaintiff cannot articulate good cause for sealing the . . . foregoing documents other than that they are designated as "Confidential" or contain information designated by Defendant as "Confidential" or "Highly Confidential – Attorneys' Eyes Only". Accordingly, Plaintiff submits such documents for sealing pending good cause shown by Defendant.
>
> Defendant should submit a declaration with appropriate evidentiary support as to why the documents should be sealed, if any. If Defendant does not file its responsive declaration, the materials lodged herein should be made part of the public record.
>
> Plaintiff hereby lodges with the Court Plaintiff's Memorandum of Points and Authorities in Support of Motion for Class Certification, the Declaration of Gene J. Stonebarger in Support of Plaintiff's Motion for Class Certification and the exhibits attached thereto, the Report of William C. Sarsfield and the exhibits attached thereto. Plaintiff respectfully requests that the Court issue an Order permitting the filing under seal of these documents pending submission by Defendant establishing that the designated information is sealable.

(Pl.'s Req. Seal 2:24-3:9.)

2

No further documents have been submitted in connection with the sealing request.

"Two standards generally govern [requests] to seal documents like the one at issue here." Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 677 (9th Cir. 2010). "[J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions." Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1180 (9th Cir. 2006). "Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." Id. Whereas, "[a] 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions." Id. "The Ninth Circuit has not yet addressed whether or not, or under what circumstances, a motion for class certification is a dispositive motion for purposes of deciding what standard applies on sealing motions, and . . . [district] courts in [the Ninth Circuit] have reached different conclusions." Herskowitz v. Apple, Inc., No. 12-cv-02131-LHK, 2014 WL 3920036, at *2 (N.D. Cal. Aug. 7, 2014) (internal quotation marks, citation, and brackets omitted).

Here, Plaintiff has neither shown which sealing standard applies to his sealing request, nor demonstrated that the applicable standard has been met. Even under the lesser "good cause" standard, "'the party seeking protection bears the burden of showing specific prejudice or harm will result' if the request to seal is denied." Ross v. Bar None Enterprises, No. 2:13-cv-00234-KJM-KJN, 2014 WL 2700901, at *2 (E.D. Cal. June 13, 2014) (quoting Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.,

1  307 F.3d 1206, 1210-11 (9th Cir. 2002)); see also Herskowitz,
2  2014 WL 3920036, at *2 ("Even under the 'good cause'
3  standard . . . , a party must make a 'particularized showing'
4  with respect to any individual document in order to justify
5  sealing the relevant document." (quoting Kamakana, 447 F.3d at
6  1180)). "'Broad allegations of harm, unsubstantiated by specific
7  examples or articulated reasoning' are insufficient." Ross, 2014
8  WL 2700901, at *2 (quoting Beckman Indus., Inc. v. Int'l Ins.
9  Co., 966 F.2d 470, 476 (9th Cir. 1992)).
10      For the stated reasons, Plaintiff's sealing request is
11 DENIED. Further, since Local Rule 141(e)(1) prescribes that if a
12 sealing "[r]equest is denied in full or in part, the Clerk will
13 return to the submitting party the documents for which sealing
14 has been denied," the documents emailed to the courtroom deputy
15 clerk for judicial in camera consideration are treated as having
16 been returned to the moving party. United States v. Baez-Alcaino,
17 718 F. Supp. 1503, 1507 (M.D. Fla. 1989) (indicating that when a
18 judge denies a sealing request the party submitting the request
19 then decides how to proceed in light of the ruling).
20 Dated: August 21, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

4