UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD HERRON, individually, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BEST BUY STORES, LP, a Virginia limited partnership,<br><br>Defendant. | No. 2:12-cv-02103-GEB-CKD<br><br>**ORDER GRANTING JOINT RENEWED SEALING REQUEST** |

On September 3, 2015, the parties submitted for in camera consideration a Joint Renewed Request to Seal Documents and to File Redacted Versions, a Memorandum of Points & Authorities and two declarations in support thereof, a proposed sealing order, and the 602 pages of documents[1] sought to be sealed. The documents requested to be sealed are "identified and summarized parenthetically" in a publicly filed Notice of Joint Renewed Request to Seal Documents and File Redacted Versions ("Notice") as follows:

> Paginated Documents to Seal, pp. 17-373 and 408-411 (Best Buy Claim Indemnification Forms and Correspondence with Dell regarding Best Buy Claim Indemnification Form);

---
[1] The 602 pages include slip sheets used to identify the documents by exhibit number.

1

> Paginated Documents to Seal, pp. 374-407 (Portions of the Deposition Testimony of Best Buy employee Jason Bonfig);
>
> Paginated Documents to Seal, pp. 453-470 (Internal Best Buy employee email communications regarding laptop advertising and sales);
>
> Paginated Documents to Seal, pp. 412-422 (Portions of the Deposition Testimony of Best Buy employee Rick Sorenson);
>
> Paginated Documents to Seal, pp. 423-450 (Best Buy – Laptop Design Positioning / Naming/ Conjoint Topline Report);
>
> Paginated Documents to Seal, pp. 451-452 (Notes of internal Best Buy "Computer Council" Meeting);
>
> Paginated Documents to Seal, pp. 471-476 (List of Laptop Models Sold at Best Buy, including Units Sold and Beginning Sale Dates); . . .
>
> Paginated Documents to Seal, pp. 477-577 (Best Buy Laptop Value Equations)[;] . . .
>
> [P]ortions of Plaintiff's Memorandum of Points and Authorities in Support of the Motion for Class Certification that reflect information contained in the Subject Documents, (Paginated Documents to Seal, pp. 1-17)[;]
>
> [T]he Report of William C. Sarsfield (included in this Joint Renewed Request as Paginated Documents to Seal, pp. 578-602)[;] and
>
> [P]ortions of the Declaration of Gene J. Stonebarger in Support of Plaintiff's Motion for Class Certification, which reference the Subject Documents.

(Notice 1:25-2:25, ECF No. 128.)

The parties seek to file the referenced documents under seal, arguing:

> The Subject Documents reflect confidential and/or highly sensitive proprietary business information about [Defendant] Best Buy's

2

> internal valuation of laptop computers and brands, processes for selecting a product mix, vendor agreements, units sold, point of sale system, and internal discussions and investigations regarding laptop battery life advertisements and complaints[, t]he disclosure of [which] would be competitively harmful to Best Buy by giving its detractors, competitors and vendors valuable proprietary information about Best Buy's point of sale system, internal processes for investigating and responding to complaints, sales volumes, vendor agreements, and internal models of product valuation, which extend beyond the laptop models which are the subject of this litigation.

(Id. at 3:17-26.) The parties provide additional arguments on pages three to six of the Notice specific to the referenced groupings of documents. For example, concerning Defendant's laptop "Value Equations (Paginated Documents to Seal, pp. 477-577)[,]" the parties contend:

> these documents contain and reflect Best Buy's internal valuation of laptop computers and brands based upon the analysis of millions of transactions that are otherwise unavailable to other retailers and manufacturers. These reveal Best Buy's processes for selecting a product mix to offer to its customers. They disclose the number of computers within the product mix Best Buy intends to buy which in turn indirectly discloses the interests and mix of Best Buy's customer base. Disclosure of the Value Equations to Best Buy's competitors or the vendors from whom they buy laptops would be competitively harmful because they disclose the way Best Buy values and prices the laptops it purchases from vendors and sells to customers. On the vendor side, it would be competitively harmful because they disclose the relative strength of one brand versus another, information that has not been disclosed to those manufacturers. On the competitor side, it would be competitively harmful because they disclose the way that Best Buy has historically created and priced an assortment of laptops, and the margins Best Buy realizes on different products. Any

3

> of this information could be used by competitors to better compete with Best Buy by providing a detailed explanation of the way the company prices products that could then be used to undercut Best Buy's pricing, and would allow a competitor to focus on certain product segments and segments of the customer base.
>
> Among other things, the Value Equations rely upon and include summarized transaction level data of the type included in the List of Laptop Models Sold at Best Buy, including Units Sold and Beginning Sale Dates (Paginated Documents to Seal, pp. 471-476). This point-of-sale sales data is not publicly disclosed but its disclosure would create a competitive disadvantage because it would disclose to competitors a path to creating a successful product mix while Best Buy was required to expend great amounts of time and money to develop that mix itself. With this information, a competitor or an [Original Equipment Manufacturer] could create their own Value Equation to better compete with Best Buy. This summarized transaction level point-of-sale data is also confidential business information in and of itself that would be valuable to competitors and vendors for the same reasons the Value Equations are.

(Id. at 3:27-5:3.)

The parties also request an order "allow[ing] Plaintiff to file redacted versions of [Plaintiff's Memorandum of Points and Authorities in Support of Motion for Class Certification], the Declaration of Gene J. Stonebarger in Support [thereof], and the Report of William C. Sarsfield [o]n the public [docket] pursuant to Local Rule 140." (Id. at 7:4-8.)

## DISCUSSION

"Two standards generally govern [requests] to seal documents like the one at issue here." Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 677 (9th Cir. 2010). "[J]udicial records attached to dispositive motions [are treated] differently from

records attached to non-dispositive motions." Kamakana v. City and Cnty. of Honolulu, 447 F.3d 1172, 1180 (9th Cir. 2006) "[T]he resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events." Kamakana, 447 F.3d at 1179 (quoting Valley Broadcasting Co. v. U.S. Dist. Ct., 798 F.2d 1289, 1294 (9th Cir. 1986)). "Accordingly, a party seeking to seal a judicial record attached to a dispositive motion or one that is presented at trial must articulate 'compelling reasons' in favor of sealing." Williams v. U.S. Bank Nat'l Ass'n, 290 F.R.D. 600, 604 (E.D. Cal. 2013) (citing Kamakana, 447 F.3d at 1178). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." Kamakana, 447 F.3d at 1179 (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978)). "'[S]ources of business information that might harm a litigant's competitive standing' often warrant protection under seal." Williams, 290 F.R.D. at 604-05 (alteration in original) (quoting Nixon, 435 U.S. at 598).

In contrast, "[t]he Ninth Circuit has determined that the public's interest in non-dispositive motions is relatively lower than its interest in trial or a dispositive motion. Accordingly, a party seeking to seal a document attached to a non-dispositive motion need only demonstrate 'good cause' to

justify sealing." Williams, 290 F.R.D. at 604 (citing Pintos, 605 F.3d at 678). Even under the lesser "good cause" standard, "'the party seeking protection bears the burden of showing specific prejudice or harm will result' if the request to seal is denied." Ross v. Bar None Enters., No. 2:13-cv-00234-KJM-KJN, 2014 WL 2700901, at *2 (E.D. Cal. June 13, 2014) (quoting Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210–11 (9th Cir. 2002)).

"The Ninth Circuit has not yet addressed whether or not, or under what circumstances, a motion for class certification is a dispositive motion for purposes of deciding what standard applies on sealing motions, and . . . [district] courts in [the Ninth Circuit] have reached different conclusions." Herskowitz v. Apple, Inc., No. 12-CV-02131-LHK, 2014 WL 3920036, at *2 (N.D. Cal. Aug. 7, 2014) (internal quotation marks, citation, and brackets omitted). The parties contend the good cause standard applies to their joint sealing request, although they argue "Best Buy's showing of likely competitive harm . . . meets" the higher compelling reasons standard. (Mem. P.&A. ISO Joint Renewed Req. 3:6-19.)

The Court need not decide which standard applies to the instant request since the parties have shown "compelling reasons" to seal the referenced documents. Here, each of the documents the parties seek to file under seal comprises business information the public disclosure of which could be detrimental to Best Buy's competitive interests. Therefore, the parties' sealing request is GRANTED. The parties shall provide to the Clerk an electronic copy of the documents to be filed under seal as prescribed in

1  Local Rule 141(e)(2)(i) within seven (7) days from the date this
2  order is filed.
3        Further, the parties' request to file redacted versions
4  of certain documents on the public docket is GRANTED. Plaintiff
5  is authorized to file redacted versions of the referenced
6  documents on the public docket within seven (7) days from the
7  date this order is filed.
8  Dated:  September 10, 2015

          _____
          GARLAND E. BURRELL, JR.
          Senior United States District Judge

7