UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD HERRON, individually, on behalf of himself and all others similarly situated,<br><br>          Plaintiff,<br><br>     v.<br><br>BEST BUY STORES, LP, a Virginia limited partnership; and Dell, Inc.;<br><br>          Defendants. | No. 2:12-cv-02103-GEB-CKD<br><br>**ORDER** |

Pending are two requests to seal documents desired to be filed in opposition to Plaintiff's motion for class certification. (See Notices Req. Seal, ECF Nos. 132, 134.) Consideration of those sealing requests has caused the Court to *sua sponte* reconsider its September 10, 2015 Order Granting Joint Renewed Sealing Request. (ECF No. 129.)

Reconsideration of that order reveals that the parties did not justify the following redactions to Plaintiff's Memorandum of Points & Authorities in Support of Motion for Class Certification under either the "good cause" or "compelling reasons" sealing standards:

Page 13, line 19, starting with "(ii)" through page 13, line 22, ending with "*infra*.";

Page 14, line 5, starting with "Defendant" through page

1

14, line 10, ending with "'174-C'.";

Page 15, line 15, starting with "Defendant's" through page 15, line 22, ending with "'178.'";

Page 16, line 16, starting with "Critically" through page 16, line 18, ending with "that:";

Page 16, line 19, starting with "(ii)" through page 16, line 20, ending with "if";

Page 16, line 21, starting with "Defendant made" through page 16, line 24, ending with "with:";

Page 16, line 24, starting with "(ii)" through page 16, line 27, ending with "has:";

Page 17, line 28, starting with "(ii)" through page 17, line 5, ending with "51:01-12";

Page 17, line 21, starting with "Plaintiff" through page 17, line 25, ending with "facts.";

Page 18, line 13, starting with "Defendant" through page 18, line 18, ending with "consumer.";

Page 19, line 12, starting with "Despite" through page 19, line 13, ending with "'fact tags.'";

Page 21, line 3, starting with "Defendant" through page 21, line 7, ending with "MM07";

Page 27, line 25, starting with "Here" through page 28, line 1, ending with "satisfied.";

Page 28, footnote 10;

Page 28, line 11, starting with "As to" through page 28, line 15, ending with "of purchase.";

Page 40, line 2, starting with "(i)" through page 40, line 13, ending with "BBHER0059914."; and

2

1        Page 45, line 13, the words "one (1) million."

2        "Because of the strong presumption of access to [court] records, . . . [s]ealing orders . . . must be narrowly tailored." Perry v. City & Cnty. of S.F., No. 10-16696, 2011 WL 2419868, at *21 (9th Cir. 2011). Therefore, "any interest justifying closure must be specified with particularity, and there must be [a showing] that the [redaction requested] is narrowly confined to protect that interest." Id. (internal quotation marks, citation, and emphasis omitted). The parties have not shown that the information contained in in the above referenced reactions must be sealed to protect Best Buy's business interests under even the lesser "good cause" sealing standard.

        For the stated reasons, Plaintiff shall file a newly redacted version of its Memorandum of Points & Authorities in Support of Motion for Class Certification, which makes public the referenced sections of the document, within seven (7) days from the date this order is filed.

Dated:   September 25, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

3