1

2

3

4

5

6                      UNITED STATES DISTRICT COURT

7                      EASTERN DISTRICT OF CALIFORNIA

8

9  CHAD HERRON, individually, on      No. 2:12-cv-02103-GEB-CKD
   behalf of himself and all
10  others similarly situated,

11              Plaintiff,            **ORDER GRANTING IN PART AND**
                                      **DENYING IN PART DELL'S SEALING**
12      v.                            **REQUEST**

13  BEST BUY STORES, LP, a
   Virginia limited partnership;
14  and Dell, Inc.;

15              Defendants.

16

17          On September 18, 2015, Defendant Dell, Inc. ("Dell")

18  submitted for in camera consideration a Request to Seal Documents

19  and to File Redacted Versions, a proposed sealing order, and the

20  39 pages of documents sought to be sealed. The documents

21  requested to be sealed are identified in a publicly filed Notice

22  of Request to Seal Documents and to File Redacted Versions

23  ("Notice") as certain pages of Dell's Opposition to Plaintiff's

24  Motion for Class Certification ("Opposition") and certain pages

25  of the Report of Dr. Mohan Rao submitted in support of the

26  Opposition ("Report"). (Notice 1:4-2:1, ECF No. 134.)

27          Dell states that it "seeks to file these excerpts under

28  seal because the information at issue [was] the subject of a[n

                                    1

1 earlier] motion to seal (Doc. 128), which the Court granted (Doc.

2 129)." (Id. at 2:2-3.)

3        Dell also requests an "order permitting the filing

4 of . . . redacted versions of the Opposition and Report" under

5 Local Rule 140(b). (Id. at 2:10-11.)

6                            **DISCUSSION**

7        The September 10, 2015 Order Granting Joint Renewed

8 Sealing Request discussed the two standards that generally govern

9 sealing requests. (See Order 4:25-6:8, ECF No. 129; see also

10 Kamakana v. City and Cnty. of Honolulu, 447 F.3d 1172, 1178-80

11 (9th Cir. 2006) (discussing the "good cause" and "compelling

12 reasons" sealing standards).) Therefore, they are not repeated

13 herein.

14        The Court need not decide which sealing standard

15 applies to Dell's request since Dell has shown that certain

16 documents should be sealed and redactions permitted under the

17 heightened compelling reasons standard, and Dell has not

18 satisfied the lesser good cause standard concerning the remainder

19 of its request.

20        **A.   Request to Seal**

21        Dell has shown "compelling reasons" to seal pages 2, 6-

22 7, 10-12, and 21-22 of its Opposition, pages 2, 7, 8-14, and 16-

23 19 of its Report, and Tab B, page 2 to the Report. These

24 documents contain business information the public disclosure of

25 which could be detrimental to Best Buy's competitive interests.

26 Williams v. U.S. Bank Nat'l Ass'n, 290 F.R.D. 600, 604 (E.D. Cal.

27 2013) ("'[S]ources of business information that might harm a

28 litigant's competitive standing' often warrant protection under

2

1   seal." (quoting <u>Nixon v. Warner Commc'ns, Inc.</u>, 435 U.S. 589, 598
2   (1978))).

3         In contrast, Dell has not shown even good cause to seal
4   the remaining pages of its Opposition and Report. "Because of the
5   strong presumption of access to [court] records, . . . [s]ealing
6   orders . . . must be narrowly tailored." <u>Perry v. City & Cnty.</u>
7   <u>of S.F.</u>, No. 10-16696, 2011 WL 2419868, at *21 (9th Cir. 2011).
8   Therefore, "any interest justifying closure must be specified
9   with particularity, and there must be [a showing] that the
10  [redaction requested] is narrowly confined to protect that
11  interest." <u>Id.</u> (internal quotation marks, citation, and emphasis
12  omitted).

13        **B.    Proposed Redactions**

14        Further, Dell has shown "compelling reasons" to justify
15  its proposed redactions with the exception of the following
16  proposed redactions:

17        <u>Proposed Redactions to Opposition</u>:

18        Page 1 – all;

19        Page 2, line 1, starting with "Under" through page 2,
20  line 2, ending with "file";

21        Page 2, line 2, starting with "or circulars)," through
22  page 2, line 4, ending with "motion.";

23        Page 6, line 3, the word "Three";

24        Page 6, line 7, starting with "He" through page 6, line
25  8, ending with "First,";

26        Page 6, line 9, starting with "Second," through page 6,
27  line 18, ending with "with:";

28        Page 6, line 18, starting with "(ii)" through page 6,

3

1   line 24, ending with "created:";

2        Page 7, line 1, starting with "Plaintiff," through page
3   7, line 5, ending with "representations.";

4        Page 7, line 13 starting with "In contrast," through
5   page 8, line 9, ending with "2007.";

6        Page 8, footnote 4;

7        Page 10, line 7, starting with "II." through page 10,
8   line 9, ending with "that";

9        Page 10, line 15, starting with "Plaintiff" through
10  page 10, line 18, ending with "*supra*";

11       Page 10, line 26, starting with "It" through page 10,
12  line 27, ending with "life.";

13       Page 11, line 5, starting with "Finally," through page
14  11, line 11, ending with "improper.";

15       Page 12, line 1, starting with "Second," through page
16  12, line 5, ending with "purchase,'";

17       Page 12, line 13, starting with "Specifically," through
18  page 12, line 21, ending with "use').";

19       Page 13 – all;

20       Page 14 – all;

21       Page 15 – all;

22       Page 16 – all;

23       Page 18 – all;

24       Page 19 – all;

25       Page 20 – all;

26       Page 21, line 14, starting with "As" through page 21,
27  line 16, ending with "required.";

28       Page 21, line 19, starting with "As" through page 21,

1  line 22, ending with "12-16.";

2          Page 21, line 24, starting with "For" through page 21,

3  line 25, ending with "¶ 12."; and

4          Page 22, line 3, starting with "To" through page 22,

5  line 16, ending with "*See id.*"

6          <u>Proposed Redactions to Report</u>:

7          Page 2, headings IV (B) and (C);

8          Page 3 – all;

9          Page 6 – all;

10          Page 7, the last two paragraphs, starting with "– In

11  fact," through "outcome.";

12          Page 8, the first paragraph, starting with "Indeed, and

13  ending with "Mr. Sarsfield.";

14          Page 8, the three paragraphs following the first bullet

15  point, starting with "Plaintiff's argument" through

16  "certification in this case.";

17          Page 14, paragraph 18 and footnotes 29 and 31;

18          Page 15 – all;

19          Page 19, the two paragraphs following the bullet point,

20  starting with "Plaintiff's argument" through "Plaintiff's

21  theory";

22          Page 20, the text above the bullet point, starting with

23  "of harm" through "in this case.";

24          Tab B, page 1 – all; and

25          Tab B, page 3 – all.

26          Dell has not justified for the referenced redactions

27  even under the lesser good cause standard.

28

1                                  **CONCLUSION**

2              For   the   stated   reasons,   Dell's   sealing   request   is

3    granted in part, and denied in part.

4              Dell   shall   provide   to   the   Clerk   an   electronic   copy   of

5    the   documents   to   be   filed   under   seal   as   prescribed   in   Local   Rule

6    141(e)(2)(i)   within   seven   (7)   days   from   the   date   this   order   is

7    filed.

8              Further,   Dell   shall   file   the   authorized   redacted

9    versions   of   its   Opposition   and   Report   on   the   public   docket   within

10   seven (7) days from the date this order is filed.

11   Dated:   September 28, 2015

12

13

14                                    GARLAND E. BURRELL, JR.
                                      Senior United States District Judge
15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                         6