UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD HERRON, individually, on behalf of himself and all others similarly situated,<br><br>       Plaintiff,<br><br>   v.<br><br>BEST BUY STORES, LP, a Virginia limited partnership; and Dell, Inc.;<br><br>       Defendants. | No. 2:12-cv-02103-GEB-CKD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SEALING REQUESTS** |

On October 16, 2016, Plaintiff Chad Herron ("Plaintiff") submitted for in camera consideration two sealing requests concerning his replies to Defendants Best Buy Stores, LP ("Best Buy") and Dell Inc.'s oppositions to his class certification motion. Plaintiff submitted a sealing request, a proposed sealing order, and the documents sought to be sealed in connection with each request.

The documents requested to be sealed are identified in two publicly filed "Notice[s] of Request[s] to Seal Documents and to File Redacted Versions" ("Notices") as certain portions of Plaintiff's reply briefs and certain portions of the October 14, 2015 Report of William C. Sarsfield. (Notices, ECF Nos. 150, 153.) Plaintiff asserts the specified portions of these documents should be sealed because they "contain[], excerpt[], abstract[],

1

and/or reflect[] information . . . which this Court has already found should be properly sealed in consideration of [Plaintiff's] Motion for Class Certification [and each Defendant's opposition thereto]." (Pl.'s Reqs. to Seal 2.) Plaintiff also requests an "order permitting the filing of . . . redacted versions of" the referenced documents under Local Rule 140(b). (Id.)

## DISCUSSION

The September 10, 2015 Order Granting Joint Renewed Sealing Request discussed the two standards that generally govern sealing requests. (See Order 4:25-6:8, ECF No. 129; see also Kamakana v. City and Cnty. of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006) (discussing the "good cause" and "compelling reasons" sealing standards).) Therefore, the standards are not repeated herein.

The Court need not decide which sealing standard applies to the subject requests since Plaintiff has shown that certain portions of the referenced documents should be sealed under the heightened compelling reasons standard, and Plaintiff has not satisfied the lesser good cause standard concerning the remainder of his requests.

### A.   Dr. Sarsfield's Report

Plaintiff has shown "compelling reasons" to seal each of the specified portions of Dr. Sarsfield's report. The subject information concerns business information the public disclosure of which could be detrimental to Best Buy's competitive interests. Williams v. U.S. Bank Nat'l Ass'n, 290 F.R.D. 600, 604 (E.D. Cal. 2013) ("'[S]ources of business information that might harm a litigant's competitive standing' often warrant protection

under seal." (quoting <u>Nixon v. Warner Commc'ns, Inc.</u>, 435 U.S. 589, 598 (1978))).

**B.    Reply to Best Buy's Opposition**

Plaintiff has shown "compelling reasons" to seal the specified portions of his Reply to Best Buy's Opposition to Motion for Class Certification, with the exception of the following:

Page 22, line 5, starting with "***in***" through page 22, line 9, ending with "circulars";

Page 22, line 24 through page 22, line 28;

Page 23 – all.

Plaintiff has not shown even good cause to seal this information. "Because of the strong presumption of access to [court] records, . . . [s]ealing orders . . . must be narrowly tailored." <u>Perry v. City & Cnty. of S.F.</u>, No. 10-16696, 2011 WL 2419868, at *21 (9th Cir. 2011). Therefore, "any interest justifying closure must be specified with particularity, and there must be [a showing] that the [closure requested] is narrowly confined to protect that interest." <u>Id.</u> (internal quotation marks, citation, and emphasis omitted).

**C.    Reply to Dell, Inc.'s Opposition**

Plaintiff has shown "compelling reasons" to seal the requested portions of his Reply to Dell, Inc.'s Opposition to Motion for Class Certification, with the exception of the following:

Page 25 – all.

Plaintiff has not shown even good cause to seal this information.

3

**CONCLUSION**

For the stated reasons, Plaintiff's sealing requests are granted in part, and denied in part.

Plaintiff shall provide to the Clerk an electronic copy of the documents to be filed under seal as prescribed in Local Rule 141(e)(2)(i) within seven (7) days from the date this order is filed.

Further, Plaintiff shall file the authorized redacted versions of his reply briefs and William Sarsfield's October 14, 2015 Report on the public docket within seven (7) days from the date this order is filed.

Dated: October 28, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge