UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD HERRON, individually, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BEST BUY STORES, LP; and DELL INC.,<br><br>Defendants. | No. 2:12-cv-02103-TLN-CKD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** |

In the instant motion, Chad Herron ("Plaintiff") seeks class certification under Federal Rules of Civil Procedure ("Rules") 23(a) and 23(b)(3), for the following class:

> All persons who purchased at least one (1) Laptop from any one of Best Buy Stores, L.P.'s ["Best Buy's"] brick-and-mortar retail stores located in the State of California, during the time period stated for each Laptop as set forth in Attachment 'A', and did not subsequently return the Laptop to Best Buy . . . .

(Pl.'s Mem. of P. & A. ISO Mot. for Class Certification ("Mot.") 25:24–26, ECF No. 143.) "Excluded from the Class are: Defendant, its officers, directors and employees, and any entity in which Defendant has a controlling interest, the agents, affiliates, legal representatives, heirs, attorneys at law, attorneys in fact or assignees thereof, and the Court." (Mot. 26:1–3.) Defendants Best Buy ("Best Buy") and Dell Inc. ("Dell") oppose the motion.

Dell moves "for an order that the proposed class—which, as defined, includes Dell purchasers—cannot be certified." (Dell's Notice of Mot. & Mot. That Court Should Not Certify Class That Includes Dell Purchasers ("Dell Mot.") 1:4–6, ECF No. 126.) See Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 939 (9th Cir. 2009) ("conclud[ing] that Rule 23 does not preclude a defendant from bringing a 'preemptive' motion to deny certification").

Plaintiff asserts the following claim on behalf of the proposed class against Best Buy: violation of California's Unfair Competition Law's (UCL's) fraudulent prong, California Business and Professions Code section 17200.  (Mot. 29:25–26; Fifth Amended Complaint (FAC), ECF No. 94.)

For the reasons that follow, the Court denies Plaintiff's motion for class certification under Rule 23(b)(3) without prejudice.[1]

**I. FACTUAL BACKGROUND**

In support of the motions, Plaintiff alleges the following facts in the FAC.  "In or about January 2010, Plaintiff went to a Best Buy retail store in Folsom, California to select and purchase a new laptop computer for his personal, household or family use."  (FAC ¶ 10.)  "Each laptop computer contained a Best Buy [fact] tag which represented, among other features, the battery life for each laptop on display as being 'Up To' a specific number of hours (or fraction thereof)."  (FAC ¶ 11.)  "Plaintiff looked at each [fact] tag and decided to purchase the Toshiba Satellite L505 based substantially on his reliance on the representation that the battery life for that model was 'up to 3.32 hours.'"  (FAC ¶ 12.)  "[T]he battery life for his laptop was determined by testing the machine pursuant to [MobileMark 2007 (]MM07[),] which meant that it was tested with: (i) its screen set to 60 nits; (ii) its Wi-Fi, Bluetooth, and other wireless functions disabled; and (iii) its main processor chip set to 5% to 7.5% of its normal capacity."  (FAC ¶ 16.)  At Best Buy, "each [l]aptop's represented battery life is based on the results of the [l]aptop's testing under" MM07.  (FAC ¶ 2.)

"Plaintiff's belief [that the represented battery life of 'up to 3.32 hours' reflected how long Plaintiff could expect his laptop to operate when being powered solely by its battery] was based largely on the fact that there was no disclaimer, qualifier, or any other language on the [fact] tag indicating that the represented battery life was determined by testing the laptop with: (i) its screen set to 60 nits; (ii) its Wi-Fi, Bluetooth, and other wireless functions disabled; and (iii) its main

---

[1] Best Buy also "objects to Plaintiff's new evidence and arguments submitted for the first time in Reply." (Best Buy's Objections to & Req. to Strike or Not Consider Pl.'s New Evidence & Argument in Reply, or in Alternative, Req. for Leave to File Sur Reply Brief 2:8–11, ECF No. 172.)  The asserted "new evidence and arguments" do not change the Court's conclusions, and the Court therefore **DENIES** Plaintiff's motion as moot.

processor chip set to 5% to 7.5% of its normal capacity." (FAC ¶¶ 13–14.) Plaintiff "has never once achieved even close to the represented 3.32 hours of battery life." (FAC ¶ 15.) "The 'up to' battery life representations on Best Buy's [fact] tags are not limited to [l]aptops manufactured by Toshiba; rather, such representations are common and identical regardless of the manufacturer of the [l]aptop . . . ." (FAC ¶ 36.)

"Plaintiff and the [c]lass have suffered actual damages in that they were induced to purchase the [l]aptops and pay more for the [l]aptops than they would have had Best Buy not falsely represented that the [l]aptops had a battery life that was substantially more than the [c]lass member could reasonably expect to experience, and would actually experience, when using the [l]aptops." (FAC ¶ 6.) Specifically, "Plaintiff paid more for his laptop than he would have paid had Best Buy not misrepresented the maximum battery life or had the material fact not been concealed or omitted that the battery life for his laptop was determined by testing the machine pursuant to MM07 . . . ." (FAC ¶ 16.)

**II.     LEGAL STANDARD**

Class certification is governed by Rule 23. "Parties seeking class certification bear the burden of demonstrating that they have met each of the four requirements of [Rule] 23(a) and at least one of the requirements of Rule 23(b)." Ellis v. Costco Wholesale Corp., 657 F.3d 970, 979–80 (9th Cir. 2011) (citing Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1186 (9th Cir. 2001), amended by 273 F.3d 1266 (9th Cir. 2001)).

Under Rule 23(a), the party seeking certification must establish:

> (1) the class is so numerous that joinder of all members is impracticable [the "numerosity" requirement]; (2) there are questions of law or fact common to the class [the "commonality" requirement]; (3) the claims or defenses of representative parties are typical of the claims or defenses of the class [the "typicality" requirement]; and (4) the representative parties will fairly and adequately protect the interests of the class [the "adequacy of representation" requirement].

Fed. R. Civ. P. 23(a). "These requirements effectively limit the class claims to those fairly encompassed by the named plaintiff's claims." Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 156 (1982) (internal quotation marks omitted).

3

Plaintiff relies solely on Rule 23(b)(3) of the Rule 23(b) requirements. (Mot. 1:3.) Under Rule 23(b)(3),

> Class action may be maintained if Rule 23(a) is satisfied **and** if: . . . (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Fed. R. Civ. P. 23(b)(3) (emphasis added).

### III. ANALYSIS

#### A. Best Buy's Motion to Exclude or Strike, and Evidentiary Objections to the Testimony of Plaintiff's Experts

Best Buy moves to "exclude[e] or strik[e], and . . . objects to, certain opinions of Plaintiff's Expert Dr. Sigurd Meldal contained in the 'Report and Description of Planned Demonstrations at Deposition and Trial of Dr. Sigurd Meldal' and the August 14, 2015 Letter Report of William Sarsfield (which is based upon the assumptions contained in the 'Report and Description of Planned Demonstrations at Deposition and Trial of Dr. Sigurd Meldal')," under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), and Federal Rules of Evidence Rules 402, 602, 702, and 802. (Best Buy's Notice of Mot. & Mot. to Exclude or Strike 1–2, ECF No. 131.)[2] As explained by the district court in Tait v. BSH Home Appliances Corp., 289 F.R.D. 466, 492–93 (C.D. Cal. 2012): "At this early stage, robust gatekeeping of expert evidence is not required; rather, the court should ask only if expert evidence is 'useful in evaluating whether class certification requirements have been met.' Dukes v. Wal–Mart, Inc., 222 F.R.D. 189, 191 (N.D. Cal. 2004)."

Best Buy argues "Dr. Meldal opines, without proper bases, that the [MM07] test protocol overstates the battery life a consumer could expect to achieve on a given laptop by 35% or 41%." (Mot to Exclude 5:4–5.) However, the extent to which the MM07 test overstates battery life is a contested issue in this case, (see, e.g., Best Buy Mot. 14:19–21 (citing customer review

---

[2] The Court interprets Best Buy's motion to exclude or strike as a motion to exclude expert testimony at the class certification stage. (Mot. to Exclude 2:1–3, 4:6, 11:1–3.) "Any determination the court makes regarding the admissibility of expert testimony (other than a finding that an expert is not qualified), is not a final conclusion that will control the admissibility of the expert's testimony at trial." Cholakyan v. Mercedes-Benz, USA, LLC, 281 F.R.D. 534, 542 (C.D. Cal. 2012).

4

1  "report[ing] that the laptop performed precisely in accordance with the battery life representation
2  of which plaintiff complains")), and "Plaintiff[] [is] not required to prove the merits of [his] case-
3  in-chief at the class certification stage." In re TFT-LCD (Flat Panel) Antitrust Litig., 267 F.R.D.
4  583, 604 (N.D. Cal. 2010) amended in part, No. M 07-1827 SI, 2011 WL 3268649 (N.D. Cal.
5  July 28, 2011).  Moreover, Dr. Meldal's opinion concerning the extent to which the MM07 test
6  overstates battery life is not "useful in evaluating whether class certification requirements have
7  been met."  Dukes, 222 F.R.D. at 191.  Therefore, this portion of Best Buy's motion is denied.

8  Best Buy also argues "Sarsfield's opinions are . . . inadmissible . . . because Sarsfield
9  expressly relies upon [Dr.] Meldal's 35% and 41% as the foundation for his opinions."  (10:13–
10 15.)  Dr. Meldal's percentages, however, are not foundational to Sarsfield's opinions.  Plaintiff
11 explains:

> Sarsfield's restitution models themselves are not dependent on Dr. Meldal's conclusion that MM07's testing would render an inaccurate view of the overall power consumption. If the trier of fact were to determine that the impact on power consumption were other than 35% to 41% the restitution models would remain the same, only the outputs would change.

16 (Pl.'s Opp'n to Mot to Exclude 2:22–26.)

17 The Ninth Circuit has held that at the class certification stage, plaintiffs need only propose
18 a valid method for calculating class wide damages, not an actual calculation of damages.  Leyva
19 v. Medline Indus., Inc., 716 F.3d 510, 514 (9th Cir. 2013).  As such, Best Buy's motion to
20 exclude or strike is denied.

21      B.  New Class Definition

22 Plaintiff explains that the class definition proposed in his class certification motion differs
23 from the class definition proposed in his FAC.[3]  (Mot. 26:20–27:3.)

24 Dell challenges the new class definition, arguing "the class definition in Plaintiff's motion
25 is more expansive than the class definition in the [FAC].  As a matter of law, this is

---

[3] Plaintiff alleges the following class in his FAC: "Class: All individuals who, in the State of California, purchased a Laptop from Best Buy between June 14, 2008[,] and continuing through the date of trial, and who were exposed to any representation that the purchased Laptop would have a battery life of 'up to' a specified number of hours (the 'Class')."  (FAC ¶ 45.)

5

1 impermissible." (Dell Opp'n to Mot. ("Dell Opp'n") 10:4–6, ECF No. 144.) Dell relies, *inter alia*, on Sandoval v. County of Sonoma, No. 11-CV-05817-TEH, 2015 WL 1926269 (N.D. Cal. Apr. 27, 2015). There, the court explained: "While a party moving for class certification cannot **expand** the class definition, the party can **narrow** the definition used in the complaint." Id. at *2.

Despite Dell's argument to the contrary, Plaintiff's motion seeks to narrow the class definition to 174 types of laptops purchased during a shorter, specified time period, as set forth in Attachment A. (Attach. A, ECF No. 123-1.) Thus, the motion's class definition is narrower than the FAC's class definition which includes . . . "All individuals who, in the State of California, purchased a Laptop from Best Buy between June 14, 2008[,] and continuing through the date of trial, and who were exposed to any representation that the purchased Laptop would have a battery life of 'up to' a specified number of hours (the 'Class')." (FAC ¶ 45.) Therefore, the Court finds that the class certification motion's class definition is permissible as it seeks to "**narrow** the definition used in the [FAC]." Sandoval, 2015 WL 1926269, at *2.

### C. Standing

Best Buy argues Plaintiff lacks standing under the UCL to pursue claims on behalf of other class members for laptop models he did not purchase. Best Buy contends, *inter alia*:

> Plaintiff did not buy any laptop other than the Toshiba L505-S5990 laptop and cannot recall the other laptop models he considered. He has not established the similarity of the other laptops and cannot offer evidence that the other models did not perform as represented with respect to battery life or to customers' satisfaction.

(Def. Best Buy's Mem. of P. & A. in Opp'n to Mot. ("Best Buy Opp'n") 8:8–12 (citation omitted), ECF No. 146.)

"[T]o have standing under the UCL, as well as to serve as a class representative, a plaintiff must plead and prove that he . . . 'has suffered injury in fact and has lost money or property as a result of' a defendant's unlawful, unfair, or fraudulent business practices." Johns v. Bayer Corp., No. 09CV1935 DMS (JMA), 2010 WL 2573493, at *3 (S.D. Cal. June 24, 2010) (quoting Cal. Bus. & Prof. Code § 17204).

Judge Garland E. Burrell, Jr. previously held that "Plaintiff has standing to bring claims on behalf of purchasers of other laptops since he alleged [Best Buy] engaged in a common

1   practice of misrepresentation on 'the same kind of . . . products' (laptops) with the 'same basic

2   mislabeling practice' (utilizing the MM07 testing parameters)." Herron v. Best Buy Stores, L.P.,

3   No. 12-CV-02103-GEB-JEM, 2014 WL 465906, at *6 (E.D. Cal. Feb. 4, 2014) (alterations in

4   original) (quoting Astiana v. Dreyer's Grand Ice Cream, Inc., No. C-11-2910 EMC, 2012 WL

5   2990766, at *13 (N.D. Cal. July 20, 2012)). Dell has failed to present any persuasive argument

6   that would lead this Court to revisit this ruling. Accordingly, Best Buy's motion on standing

7   grounds is denied.

8       Dell also argues that Plaintiff "lacks the requisite standing to seek injunctive relief." (Dell

9   Mot. 12:11–12.) However, "Plaintiff does not seek injunctive relief." (Pl.'s Opp'n to Dell's Mot.

10  8:23, ECF No. 155.) Therefore, Dell's motion on standing grounds is denied.

11      D.  Rule 23(a)

12          **1. Numerosity**

13      Plaintiff argues the numerosity requirement is satisfied, since "[Best Buy]'s records

14  indicate that there are more than one (1) million [l]aptops [that] were sold during the relevant

15  time period, and thus, there are more than one (1) million members of the Class." (Mot. 27:25–

16  27.)

17      Best Buy counters: "The number of purchases does not show the number of people who

18  read only a fact tag and who were unsatisfied with their laptops' performance. The need for

19  individual trials to establish the existence of an ascertainable class precludes a finding of

20  numerosity under Rule 23(a)(1)." (Best Buy Opp'n 23:1–6.)[4]

21      To meet the numerosity requirement of Rule 23(a), a class must be "so numerous that

22  joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "Courts have routinely found

23  the numerosity requirement satisfied when the class comprises 40 or more members." Collins v.

24  Cargill Meat Sols. Corp., 274 F.R.D. 294, 300 (E.D. Cal. 2011). However, "[t]he numerosity

25  requirement includes no specific numerical threshold." Andrews Farms v. Calcot, Ltd., 258

---

[4] Dell also contends that ascertainability is a factor to consider for numerosity and argues the class lacks ascertainability since it includes unharmed members, i.e., members who were never exposed to the alleged misrepresentations because Dell-laptop fact tags had disclaimers that battery-life representations were derived from the MM07 test. (Dell Opp'n 12:9–11.) The Court addresses issues concerning disclaimers under the typicality requirement. See infra Section III.D.3.

1  F.R.D. 640, 651 (E.D. Cal. 2009) <u>order clarified on reconsideration</u>, 268 F.R.D. 380 (E.D. Cal.
2  2010). Rule 23(a)'s "requirement that the class be so numerous that joinder of all members is
3  impractical does not mean that joinder must be impossible, but rather means only that the court
4  must find that the difficulty or inconvenience of joining all members of the class makes class
5  litigation desirable." <u>In re Itel Sec. Litig.</u>, 89 F.R.D. 104, 112 (N.D. Cal. 1981) (citing <u>Harris v.
6  Palm Springs Alpine Estates, Inc.</u>, 329 F.2d 909, 913–14 (9th Cir. 1964)).

7  Plaintiff has provided evidence that more than one million people purchased the at-issue
8  laptops. (<u>See</u> Ex. 191 Redacted, ECF No. 130-20.) The proposed class would make joinder of all
9  class members impracticable, and therefore, the proposed class meets the numerosity
10 requirement.

### 2. Commonality

12  "Commonality requires the plaintiff to demonstrate that the class members have suffered
13  the same injury. This does not mean merely that they have all suffered a violation of the same
14  provision of law." <u>Wal-Mart Stores, Inc. v. Dukes</u>, 131 S. Ct. 2541, 2551 (2011) (citation and
15  internal quotation marks omitted). The "claims must depend upon a common contention . . .
16  that . . . is capable of classwide resolution—which means that determination of its truth or falsity
17  will resolve an issue that is central to the validity of each one of the claims in one stroke." <u>Id.</u> at
18  2545. "It is not necessary that [a]ll questions of fact and law . . . be common to satisfy the rule."
19  <u>Rodriguez v. Hayes</u>, 591 F.3d 1105, 1122 (9th Cir. 2010) (alterations in original) (internal
20  quotation marks omitted). "The commonality preconditions of Rule 23(a)(2) are less rigorous
21  than the companion [predominance] requirements of Rule 23(b)(3). Indeed, Rule 23(a)(2) has
22  been construed permissively." <u>Hanlon v. Chrysler Corp.</u>, 150 F.3d 1011, 1019 (9th Cir. 1998).

23  Plaintiff asserts there are questions of fact common to the class since "Plaintiff alleges a
24  common misrepresentation on the part of Defendant," namely "whether representing a [l]aptop's
25  battery life as being 'up to' a specified number of hours based on the results from the [l]aptop
26  being test[ed] under MM07 is likely to deceive members of the general public." (Mot. 35:25–
27  36:1.)
28  //

Plaintiff asserts the following common question of fact will resolve issues central to Plaintiff's and the class's claim:

> whether: (i) Defendant represented to Plaintiff and the [c]lass that each [l]aptop had a battery life of "up to" a specific number of hours (or fraction thereof) on the "fact tag" for each [l]aptop; (ii) the represented battery life of being "up to" a specific number of hours (or fraction thereof) on the "fact tag" of each [l]aptop was based on the results of the [l]aptop's MM07 testing; and (iii) Defendant's representing battery life based on the results from MM07 testing was likely to deceive members of the public including Plaintiff and the [c]lass.

(Mot. 33:6–12.)

Best Buy opposes, arguing, *inter alia*, there is no commonality since some "putative class members were never exposed to the 'up to' battery life representation on the fact tag," while others received "some kind of disclaimer" "explain[ing] the content of the fact tag." (Best Buy Opp'n 23:22–24:19.) Similarly, Dell argues, *inter alia*, "Plaintiff seeks to include a large number of consumers never exposed to the allegedly deceptive representations at issue." (Dell Opp'n 15:24–25.) However, "the individualized issues raised [by the parties] go to preponderance under Rule 23(b)(3), not to whether there are common issues under Rule 23(a)(2)," See Mazza v. Am. Honda Motor Co., 666 F.3d 581, 589 (9th Cir. 2012) ("But commonality only requires a single significant question of law or fact.  Even assuming arguendo that we were to agree with Honda's "crucial question" contention [of which buyers saw or heard the advertisements at issue], the individualized issues raised go to preponderance under Rule 23(b)(3), not to whether there are common issues under Rule 23(a)(2)."). As such, arguments as to whether class members were exposed to a battery-life representation on fact tags are relevant in assessing predominance. Here, the common question is whether Best Buy's battery-life representations on a laptop's fact tag were misleading to a reasonable consumer.  The Court finds Plaintiff's allegations sufficient to meet the commonality requirement.

//
//
//

### 3. Typicality

"The [Rule 23(a)(3)] test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." Hanon v. Dataprods. Corp., 976 F.2d 497, 508 (9th Cir. 1992) (internal quotation marks omitted). "Under the rule's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." Hanlon, 150 F.3d at 1020. However, "courts have found that the typicality requirement is not satisfied where evidence needed to prove the named plaintiff's claims is not probative of other class members' claims." Wiener v. Dannon Co., 255 F.R.D. 658, 665 (C.D. Cal. 2009) (collecting cases). Further, "class certification is inappropriate where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation." Hanon, 976 F.2d at 508.

Plaintiff contends that typicality is met since

> [t]he conduct Plaintiff complains of—Defendant's misrepresenting battery life of the [l]aptops—is not unique to Plaintiff; rather Plaintiff's claim of injury arises from the same course of conduct. Plaintiff claims the same economic injury alleged to have occurred to absent [c]lass members; that being, paying for a [l]aptop despite that the actual value of such was less than the money he parted with. Such claims are not based on conduct that is unique to Plaintiff; rather, the factual basis for the claims is that Defendant created and perpetuated uniformly deceptive advertising and marketing materials with respect to the [l]aptops.

(Mot. 37:7–15 (citations and internal quotation marks omitted).)

Best Buy counters, *inter alia*,[5] that Plaintiff cannot satisfy the typicality requirement for laptops he did not purchase since "the representations are not identical." (Best Buy Opp'n 28:14–

---

[5]  Best Buy also argues that Plaintiff is atypical of the market segments that comprise the class, and that his lack of prior experience purchasing a laptop, disregard for price, lack of pre-purchase research, laptop needs, and understanding of "up to" defeat typicality. However, Plaintiff's conduct and "motivation for buying a product does not defeat typicality." In re NJOY, Inc. Consumer Class Action Litig., No. CV1400428MMMJEMX, 2015 WL 4881091, at *29 (C.D. Cal. Aug. 14, 2015) (citing Astiana v. Kashi Co., 291 F.R.D. 493, 502 (S.D. Cal. 2013) (finding "differences in [p]laintiffs' perceptions and knowledge about Kashi products, as well as differences in their preferences and reasons for purchasing Kashi products, [did not] render them atypical of the proposed classes")). The Court rejects Best Buy's argument that Plaintiff will be subject to a unique defense based on his conduct and motivation for buying his laptop.

10

15.) Plaintiff replies that his "claims are typical because they arise from the same general course of conduct—Defendant's omissions regarding [MM07] when making representations about battery life." (Reply 33:15–17.)

The Court agrees with Defendants and finds that Plaintiff has not met his burden of showing that the typicality requirement is satisfied as to laptop purchasers who were exposed to dissimilar labels. Plaintiff put forth in evidence "the structured data file for each [l]aptop's 'fact tag' [which] is the most recent version of the 'fact tag.'" (Mot. 13:20–21; Exs. 1-A, ECF No. 130-2–174-A, ECF No. 130-19.) Some structured data files contain the following disclaimer: "Battery life tested using MobileMark 2007," and therefore, some fact tags contained the disclaimer. In other words, not all laptops were accompanied by fact tags that omitted information "regarding [MM07] when making representations about battery life." (Reply 33:15–17.) This varied labeling practice "lead[s] to a substantial divergence in the evidence required to prove the claims with regard to" laptops accompanied by fact tags with disclaimers and fact tags without disclaimers. Wiener, 255 F.R.D. at 666. Accordingly, since Plaintiff has only purchased a Toshiba Satellite L505 laptop accompanied by a fact tag with "no mention of MM07," (see FAC ¶ 35), the claims of unnamed plaintiffs who purchased laptops accompanied by a fact tag with the disclaimer, as evidenced by the corresponding structured data file, are not "fairly encompassed by the named [P]laintiff's claims." Gen. Tel. Co. of Sw., 457 U.S. at 156. Furthermore, given Best Buy's varied labeling practice, the present case is distinguishable from those cases on which Plaintiff relies where the product "bore substantially the same misrepresentation." Chavez v. Blue Sky Nat. Beverage Co., 268 F.R.D. 365, 378 (N.D. Cal. 2010) (finding typicality met where variously worded representation, "indicating that the beverages are connected to Santa Fe, New Mexico," was made on every container).

In addition, Dell argues in opposition that it "expressly instructed Best Buy to include a disclaimer with respect to any battery-life representation." (Dell Opp'n 10:17–18.) Dell explains that "the structured data files for all but two Dell [l]aptops included disclaimer language and specifically referenced MM07." (Dell Opp'n 11:6–8.) The structured data files show that the facts tags for some Dell laptops contained the disclaimer, while the facts tags for two Dell

11

1  laptops, (Ex. 37-A, ECF No. 130-5; Ex. 48-A, ECF No. 130-6), did not contain the disclaimer.

2  Thus, Plaintiff's claim is atypical as to absent class members whose laptop's structured data file

3  contains the disclaimer; correspondingly, his claim is atypical as to all but two Dell laptops.

4  Further, Best Buy argues that "some manufacturers varied the parameters for the [MM07]

5  test." (Best Buy Opp'n 24:24–26.) Specifically, Best Buy argues:

> Acer and Gateway used the BAPCo [MM07] Productivity Test with wireless turned on and the laptop associated to an access point, but not connected to the Internet. They also adjusted the brightness to around 100 nits instead of 60 nits. Both of these should result in shorter (more conservative) battery life reports and representations than under the stated parameters of the MobileMark 2007 standard.

(Best Buy Opp'n 24:27–25:6 (citing Shyu Decl. ¶¶ 3–6, ECF No. 133-5).) Plaintiff replies in part that "the alleged deviation by Acer/Gateway from the MM07 standard protocol (setting the screen luminance to 100 nits as opposed to 60 nits) still significantly overestimates the actual battery life a consumer can ultimately achieve." (Reply to Best Buy 29:1–3.)

Plaintiff alleges in his FAC that

> each [l]aptop's represented battery life is based on the results of the [l]aptop's testing under [MM07]. Pursuant to MM07's testing protocol and procedure each [l]aptop is tested with: (i) its screen set to 60 nits; (ii) its Wi-Fi, Bluetooth, and other wireless functions disabled; and (iii) its main processor chip set to 5% to 7.5% of its normal capacity.

(FAC ¶ 2.) Wason Shyu, an Acer employee responsible for battery testing, declares in pertinent part:

> During the Applicable Period, Acer contracted with original design manufacturers (ODMs) to manufacture notebook computers and brand them with the Acer and Gateway brands. Acer directed its ODMs to conduct tests on the battery life of notebook computers using a protocol established by Acer. The ODMs generally used the BAPCo [MM07] Productivity test (with wireless turned on, associated to AP[6], but not connected to the web) to determine battery life of Acer notebook computers. [Acer directed the ODMs to run the MM07 tests at half brightness (around 100 nits).] In the early stages of the Windows Vista launch, the [MM07] test was not available, so the ODMs used the "battery eater" test, not [MM07].

(Shyu Decl. ¶¶ 3–4.)

---

[6] Best Buy defines "AP" as "access point." (Best Buy Opp'n 25:1–2.)

12

The Court finds that these differences in testing create inconsistent results depending on the laptop product purchased by the consumer. Thus, Plaintiff's alleged injury stems from battery-life representations derived from the MM07 test, while Acer and Gateway laptop purchasers' alleged injury stems from a different course of conduct: battery-life representations derived from a different test (a modified MM07 test and the "battery eater" test). Therefore, Plaintiff's claim is atypical as to absent class members who purchased the Acer and Gateway laptops identified by declarant Shyu.[7]

Although, this Court does not find that Plaintiff is typical of the proposed class, that does not in itself defeat Plaintiff's cause: "Where appropriate, the district court may redefine the class . . . ." Armstrong v. Davis, 275 F.3d 849, 872 n.28 (9th Cir. 2001), abrogated on other grounds by Johnson v. California, 543 U.S. 499, 504–05 (2005). The Court therefore declines to certify the class to the extent it encompasses absent class members who purchased: (1) laptops with a corresponding structured data file that contains the disclaimer, and (2) Acer and Gateway laptops identified by declarant Shyu.

### 4. Adequacy of Representation

"The final hurdle interposed by Rule 23(a) is that 'the representative parties will fairly and adequately protect the interests of the class.'" Hanlon, 150 F.3d at 1020 (quoting Fed. R. Civ. P. 23(a)(4)). "To satisfy constitutional due process concerns, absent class members must be afforded adequate representation before entry of a judgment which binds them." Id. (citing Hansberry v. Lee, 311 U.S. 32, 42–43 (1940)). "Resolution of two questions determines legal adequacy: (1) do the named plaintiff[] and [his] counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" Id.

Dell does not oppose this portion of Plaintiff's motion. Best Buy opposes, arguing, *inter alia*,[8] Plaintiff has a "close relationship" with class counsel that "erodes the independence of the

---

[7] The corresponding structured data files are as follows for Acer laptops: Exhibits 1-A , 2-A, 3-A (ECF No. 130-2); and Gateway laptops: Exhibits 49-A, 50-A, 51-A, 52-A, 53-A, 54-A, 55-A, 56-A, 57-A, 58-A, 59-A, 60-A, 61-A, 62-A, 63-A, 64-A, and 65-A (ECF Nos. 130-6–130-8.)

[8] Best Buy also argues that Plaintiff is subject to unique defenses "that render him an inadequate class representative," based on his conduct and motivation for buying his laptop, (Best Buy Opp'n 32:12–27); the Court

13

1  putative class representative." (Best Buy Opp'n 33:1–6.) Specifically, Best Buy argues "Plaintiff
2  and [putative class counsel Richard David] Lambert have lived approximately 500 yards away
3  from each other, and for at least a substantial portion of the case (before the deposition was taken
4  in May 2015) socialized about four times per month." (Best Buy Opp'n 33:1–4.)

5  Plaintiff explains in his Deposition that he and Lambert are neighbors who "are friends
6  because [their] wives knew each other." (Ex. 207 Herron Dep. 136:17–18, 138:16–17, ECF No.
7  133-77.) Best Buy has not set forth evidence that Plaintiff and Lambert have family,
8  employment, or financial ties; therefore, "[t]his hypothetical conflict of interest is too diaphanous
9  to bar certification at this stage." In re Currency Conversion Fee Antitrust Litig., 230 F.R.D. 303,
10 309 (S.D.N.Y. 2004) modified on reconsideration, No. 03 CIV. 2843 (WHP), 2005 WL 1705285
11 (S.D.N.Y. July 22, 2005).

12 Furthermore, Plaintiff has the same interests as class members who purchased a laptop at
13 Best Buy as set forth above. See supra Section III.D.3. Plaintiff declares he understands his
14 obligations to the class and is "fully prepared to fulfill" those obligations. (Herron Decl. ¶ 6, ECF
15 No. 123-3.) Besides the asserted conflict of interest, Best Buy does not otherwise challenge
16 putative class counsel, and the record dispels any cause for concern since Plaintiff is represented
17 in part by a law firm—Stonebarger Law, APC—that has extensive experience in class action
18 litigation. (Stonebarger Decl. ¶ 195, ECF No. 130-1.) Therefore, the facts demonstrate that
19 Plaintiff and putative class counsel will fairly and adequately protect the class's interests.

20 Based on the foregoing, the Court finds Plaintiff has met his burden under Rule 23(a).
21 Thus, the Court turns to Rule 23(b).

22       E.  Predominance

23 "Implicit in the satisfaction of the predominance test is the notion that the adjudication of
24 common issues will help achieve judicial economy." Zinser, 253 F.3d at 1189. Class
25 certification under Rule 23(b)(3) is proper when common questions constitute a significant
26 portion of the case. See Hanlon, 150 F.3d at 1022. "The Rule 23(b)(3) predominance inquiry
27 tests whether proposed classes are sufficiently cohesive to warrant adjudication by

28 has addressed this argument above. See supra note 5.

representation." Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 623 (1997).

Rule 23(b)(3)'s predominance requirement also applies to questions of damages. "In this circuit, . . . damage calculations alone cannot defeat certification." Yokoyama v. Midland Nat. Life Ins. Co., 594 F.3d 1087, 1094 (9th Cir. 2010). However, "plaintiffs must be able to show that their damages stemmed from the defendant's actions that created the legal liability." Pulaski & Middleman, LLC v. Google, Inc., 802 F.3d 979, 987–88 (9th Cir. 2015) (quoting Leyva, 716 F.3d at 514). To satisfy this requirement, Plaintiff must show that "damages are capable of measurement on a classwide basis." Comcast Corp. v. Behrend, 133 S. Ct. 1426, 1433 (2013). As the Supreme Court held in Comcast, Plaintiff's method of proving damages must be tied to his theory of liability. Id.

Best Buy argues, *inter alia*, that Plaintiff's damages models are not tied to his theory of liability, since "Plaintiff's proposed restitution model . . . focuses on consumer value and ignores fair market value." (Best Buy Opp'n 4:10–12.) Best Buy explains: "Sarsfield's methodology . . . ignores . . . the prices at which Best Buy and other retailers were willing to sell the 174 different laptop models in Plaintiff's proposed class during the relevant periods." (Best Buy Opp'n 43:27–44:4.) Best Buy further argues "Plaintiff's damages models do[] not permit the court to calculate the **true market price** of each laptop model absent Best Buy's 'up to' representation and are therefore deficient under Comcast." (Best Buy Opp'n 44:15–18 (alteration in original) internal quotation marks omitted).) Dell similarly opposes on these grounds. (Dell Opp'n 21:1–22:11.)

Restitution is available to private litigants asserting a UCL claim. Colgan v. Leatherman Tool Grp., Inc., 135 Cal. App. 4th 663, 694 (2006), as modified on denial of reh'g (Jan. 31, 2006). "The proper measure of restitution in a mislabeling case is the amount necessary to compensate the purchaser for the difference between a product as labeled and the product as received." Werdebaugh v. Blue Diamond Growers, No. 12-CV-02724-LHK, 2014 WL 7148923, at *8 (N.D. Cal. Dec. 15, 2014) (citing Colgan, 135 Cal. App. 4th at 700). The restitution granted "must correspond to a measurable amount representing the money that the defendant has acquired from each class member by virtue of its unlawful conduct," Astiana v. Ben & Jerry's Homemade, Inc., No. C 10-4387 PJH, 2014 WL 60097, at *11 (N.D. Cal. Jan. 7, 2014) (citing Colgan, 135

Cal. App. 4th at 697–98), and "[r]estitution is . . . determined by taking the difference between the market price actually paid by consumers and the true market price that reflects the impact of the unlawful, unfair, or fraudulent business practices," Brazil v. Dole Packaged Foods, LLC, No. 12-CV-01831-LHK, 2014 WL 5794873, at *5 (N.D. Cal. Nov. 6, 2014).

Here, "Plaintiff and [c]lass [m]embers seek restitution as a result of [Best Buy]'s violations." (Mot. 41:19–20.) Therefore, Plaintiff must provide evidence of a damages model that can determine the price premium attributable to Best Buy's use of the allegedly misleading battery-life representations on a laptop's fact tag. E.g., In re NJOY, Inc. Consumer Class Action Litig., 2015 WL 4881091, at *41 ("[P]laintiffs must present evidence of a damages methodology that can determine the price premium attributable to [defendant] NJOY's use of the misleading advertisements and product labeling omissions.").

Plaintiff proposes three damages models, set forth in a sealed report from his expert, Sarsfield (the "Sarsfield Report"). (Sarsfield Report, ECF No. 130-21; see Order Granting Joint Renewed Sealing Req., ECF No. 129.) Sarsfield "proposes to determine the amount of restitution owed from Best Buy by calculating the difference between the value of the [l]aptop battery as advertised and the value of the laptop battery the consumer actually received." (Best Buy Opp'n 48:9–12 (emphasis omitted) (internal quotation marks omitted).)

Sarsfield's restitution models utilize Best Buy's Value Equations, which "are [Best Buy's] confidential and proprietary business information." (Bonfig Decl. at 10, ECF No. 146-1.). These figures have been filed under seal, and as such, the Court does not discuss in detail the information therein. In sum, the Court finds fault with the damages evaluation method proposed by Plaintiff because a laptop's relative value, determined using Best Buy's Value Equation, does not equal its sale price. Sarsfield does not convert his calculations, which measure a difference in a laptop's relative value, to a purchaser's out-of-pocket cost, and therefore, Plaintiff's proposed damages models do not measure "the amount necessary to compensate the purchaser for the difference between a product as labeled and the product as received." Werdebaugh, 2014 WL 7148923, at *8. Nor has Plaintiff explained how the damages model accounts for a purchaser's out-of-pocket costs. Thus, Sarsfield's proposed restitution models "do[] not permit the court to

turn the 'relative valuation . . . into an absolute valuation to be awarded as damages.'" In re NJOY, Inc. Consumer Class Action Litig., 2015 WL 4881091, at *42 (second alteration in original) (quoting Saavedra v. Eli Lilly & Co., No. 2:12-CV-9366-SVW, 2014 WL 7338930, at *4 (C.D. Cal. Dec. 18, 2014), leave to appeal denied (Mar. 25, 2015)).

For these reasons, Plaintiff has failed to present a damages model that is tied to his theory of liability, as required under Comcast. Comcast Corp., 133 S. Ct. at 1433 ("Calculations need not be exact, but at the class-certification stage, any model supporting a plaintiff's damages case must be consistent with its liability case, particularly with respect to the alleged anticompetitive effect of the violation.") (internal citations and quotations omitted); see also Saavedra v. Eli Lilly & Co., No. 2:12-CV-9366-SVW, 2014 WL 7338930, at *7 (C.D. Cal. Dec. 18, 2014), leave to appeal denied (Mar. 25, 2015) ("given the disconnect between the price paid by a given individual and that individual's valuation of the product, the Court finds that Dr. Hay's method is inadequate to calculate damages even on an individual basis"). Accordingly, individualized issues predominate since he has not demonstrated a classwide basis for calculating damages. See In re NJOY, Inc. Consumer Class Action Litig., 2015 WL 4881091, at *45. Therefore, the Court declines Plaintiff's motion to certify a damages class under Rule 23(b)(3).

### IV. CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's motion for certification of a Rule 23(b)(3) class without prejudice. If Plaintiff can address the deficiencies noted in this order, he can file an amended motion for class certification within forty (40) days of the date of this order.

IT IS SO ORDERED.

Dated: April 18, 2016

Troy L. Nunley
United States District Judge